# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| Valentina Sheshtawy, | § | |
| L.S. (A Minor Child) by Her Next Friend, | § | |
| Her Mother, Valentina Sheshtawy,[1] | § | |
| Don Peterson, | § | |
| Mackey Peterson, | § | |
| Lonny Peterson, | § | |
| Edward G. Rizk, | § | |
| Maxwell Rizk, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *and,* | § | **C.A. No.**_____ |
| Edward Elias Rizk, | § | **Jury Demanded** |
| Rex Robinson Rizk, | § | |
| Randell R. Rizk, | § | |
| Sylvia Rizk, | § | |
| John Doe, | § | |
| Jane Doe, | § | |
| Doe, Inc., | § | |
| *Indispensable Party Plaintiffs* pursuant | § | |
| to Federal Rule of Civil Procedure 19, | § | |
| | § | |
| *v.* | § | |
| | § | |
| Conservative Club of | § | |
| Houston, Inc., aka "C Club PAC" | § | |
| J. Cary Gray, | § | |
| The Honorable Loyd Wright,[2] | § | |
| The Honorable Ruth Ann Stiles, | § | |
| Robert MacIntyre, Jr., | § | |
| W. Cameron McCulloch, | § | |
| Christopher Burt, | § | |
| Jill Willard Young, | § | |

---

[1] Pursuant to applicable Rules regarding minors, this minor's name has been replaced with initials. Plaintiffs hereby move for leave to allow the use of initials in the place and in lieu of the minor child's name.

[2] As the elected Judge in said Court in his official capacity and also individually in his personal capacity.

MacIntyre, McCulloch, Stanfield &          §
Young, L.L.P.,                             §
Joseph Royce,                              §
Scott Funk,                                §
Gray Reed & McGraw, P.C.,                  §
Sarah Patel Pacheco,                       §
Kathleen Tanner Beduze,                    §
Crain, Caton & James, P.C.,                §
Michael Fuqua,                             §
Fuqua & Associates, P.C.,                  §
Kimberly Hightower,                        §
Silverado Senior Living, Inc.             §
LPL Financial Group, L.L.C.,               §
Carol Ann Manley,                          §
David Troy Peterson,                       §
Russ Jones,                                §
Underwood, Jones, Sherrer, P.L.L.C.,       §
Josh K. Davis,                             §
Lewis, Brisbois, Bisgaard & Smith,         §
L.L.P.,                                    §
C. Clete Hopper,                           §
Clete Hopper & Co, Inc.,                   §
Christopher Merkl, M.D., P.A.,             §
Kelly G. Cowan, M.D.,                      §
Farouk Sheshtawy,                          §
Hanya Sustache,                            §
Nader Sheshtawy,                           §
McDonald Scott Worley,                     §
McDonald Worley, P.C.,                     §
Thomas Schmidt,                            §
                                           §
              Defendants.                  §
*and*                                      §
John Doe,                                  §
Jane Doe,                                  §
Doe, Inc.                                  §
*Indispensable Party Defendants* pursuant  §
to Federal Rule of Civil Procedure 19.     §

## VERIFIED COMPLAINT

To the Honorable United States District Judges for the Texas Southern District:

COME NOW Plaintiffs before these Honorable Courts, respectfully complaining of Defendants, averring in support thereof as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act,[3] 18 United States Code[4] § 1961 *et sequitur,* thereby this pleading is enhanced and particularized pursuant to Federal Rule of Civil Procedure 9.[5] This Court has Jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964.[6] This Complaint is verified.

---

[3] Hereinafter sometimes referenced as "RICO". Federal Rule of Civil Procedure ("F.R.Civ.P.".) 9 requires in these cases particularized pleading. Please accord, ***Bell Atlantic Corp. v. Twombly,*** 550 U.S. 544, 555 (2007) and ***Ashcroft v. Iqbal,*** 556 U.S. 662, 678 (2009).

[4] Hereinafter "U.S.C.".

[5] Federal Rule of Civil Procedure ("F.R.Civ.P.".) 9.

[6] "18 USCS § 1964 " (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter [18 USCS § 1962] by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter [18 USCS § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962 [18 USCS § 1962]. The exception contained in the preceding sentence

2.      This Court has supplemental jurisdiction over any state law and common law tort claims pled for and further delineated herein below under 28 U. S. C. §1367(a), because they arise out of the same case or controversy or transaction or occurrence.

3.      Venue is proper pursuant to 18 U.S.C. § 1965(b) and 28 U.S.C. § 1391(b)(2) in that it is believed that most all Plaintiffs and Defendants are resident domiciliaries of Harris County, Texas within this District and Division, as well as, in that that all of the transactions and occurrences, which gave rise to this suit took place in Harris County, Texas, as well as, thus in the Southern District of Texas and the Houston Division.

## THE PARTIES

4.      Plaintiff Valentina Sheshtawy is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Valentina Sheshtawy[7] is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail:

---

does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

d) A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter [18 USCS §§ 1961 et seq.] shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

[7] Plaintiff Valentina Sheshtawy is the widow of the late Adel Sheshtawy and will sometimes hereinafter be referenced as the "Widow Sheshtawy".

cheathamlaw@aol.com and/or through the Court's ecf/cm system.[8] Plaintiff Valentina Sheshtawy was born in Bulgaria. English is not her native language.

5.     Plaintiff Valentina Sheshtawy migrated to the United States in January 2001. Plaintiff has had no formal training in American law or Texas jurisprudence. Plaintiff Valentina Sheshtawy relied on intentionally erroneous advice of her own lawyers, Defendant McDonald Worley and McDonald Worley, P.C., as well as, fraudulent and negligent misrepresentations by opposing counsel, a guardian *ad litem* and an attorney *ad litem* appointed in her minor child Plaintiff L.S.'s guardian and guardianship estate cases before Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles, the facts of which will be more fully herein after delineated.

6.     Plaintiff L.S. is the minor, natural biological daughter of Plaintiff Valentina Sheshtawy, who acts herein for her daughter as next friend. Plaintiff L.S. resides domiciled with her natural biological mother and legal guardian, Plaintiff Valentina Sheshtawy. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff L.S.[9] is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-

---

[8] Plaintiffs respectfully request that any interested party, Indispensable Party or Defendant also serve all pleadings, instruments, discovery and other documents upon each party's respective counsel of record.
[9] Plaintiff L.S. is the natural minor daughter of the late Adel Sheshtawy and Plaintiff Valentina Sheshtawy and will be sometimes referenced herein as the "Orphan Sheshtawy". L.S.'s name is so redacted.

8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

7.      Plaintiff Don Peterson[10] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Don Peterson is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

8.      Plaintiff Mackey Peterson[11] is an adult citizen resident domiciliary of Hays County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Mackey Peterson is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

9.      Plaintiff Lonny Peterson[12] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments,

---

[10] Or Collectively as the "Peterson Plaintiffs", Plaintiff Don Peterson, Plaintiff Mackey Peterson, and Plaintiff Lonny Peterson.
[11] Or Collectively as the "Peterson Plaintiffs", Plaintiff Don Peterson, Plaintiff Mackey Peterson, and Plaintiff Lonny Peterson.
[12] Or Collectively as the "Peterson Plaintiffs", Plaintiff Don Peterson, Plaintiff Mackey Peterson, and Plaintiff Lonny Peterson.

discovery and other documents upon Plaintiff Lonny Peterson is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system.

10.     Plaintiff Edward G. Rizk[13] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Edward G. Rizk is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system. Plaintiff Edward G. Rizk is the natural son of the late Fred E. Rizk.

11.     Plaintiff Maxwell Rizk[14] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Plaintiff Maxwell Rizk is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery as well as, specifically Plaintiff Maxwell Rizk to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500

---

[13] Or collectively the "Rizk Plaintiffs".
[14] Or collectively the "Rizk Plaintiffs".

San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713)335-8945, Telecopier

facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's

ecf/cm system. Plaintiff Maxwell Rizk is the natural biological son of Plaintiff Edward G. Rizk.

12.    Rule 19 Indispensable Party Plaintiff Randall Reed Rizk is an adult citizen

resident domiciliary of Travis County Texas and the United States of America. Service of

process of pleadings, instruments, discovery and other documents upon Indispensable Party

Plaintiff Mr. Randall Reed Rizk is effective pursuant to Federal Rules of Civil Procedure 4 by

their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record,

7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945,

Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the

Court's ecf/cm system. Service of process of pleadings, instruments, discovery and other

documents upon him also should be made at his residence, Mr. Randall Reed Rizk, 3201

Westlake Drive, Austin, Texas 78746. Indispensable Party Plaintiff Randall Reed Rizk is the

adopted son of Indispensable Party Plaintiff Sylvia Rizk and the late Fred E. Rizk.

13.    Rule 19 Indispensable Party Plaintiff Edward Elias Rizk[15] is an adult citizen

resident domiciliary of Harris County Texas and the United States of America. Service of

process of pleadings, instruments, discovery and other documents upon Mr. Les Rizk is

effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead

counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite

---

[15] "Indispensable Party Plaintiff Les Rizk".

600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system. Service of process of pleadings, instruments, discovery and other documents upon Mr. Les Rizk also should be made at his residence, Mr. Edward Elias Rizk, 5161 San Felipe Road, Suite 320, Houston, Texas 77056. Plaintiff Edward Elias Rizk is the natural biological son of Plaintiff Edward G. Rizk.

14.    Rule 19 Indispensable Party Plaintiff Rex Robinson Rizk is an adult citizen resident domiciliary of Travis County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Indispensable Party Plaintiff Mr. Randall Reed Rizk is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system. Service of process of pleadings, instruments, discovery and other documents upon him also should be made at his residence, Mr. Rex Robinson Rizk, 7316 Vista Mountain Dr., Austin, Texas 78731. Indispensable Party Plaintiff Randall Reed Rizk is the natural biological son of Indispensable Party Plaintiff Sylvia Rizk and the late Fred E. Rizk.

15.    Rule 19 Indispensable Party Plaintiff Sylvia Rizk is an adult citizen resident domiciliary of Travis County Texas and the United States of America. Service of process of

pleadings, instruments, discovery and other documents upon Indispensable Party Plaintiff Ms. Sylvia Rizk is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to Plaintiffs' lead counsel of record, Donald T. Cheatham, at his office of record, 7500 San Felipe Road, Suite 600, Houston, Texas 77063, Telephone: (713) 335-8945, Telecopier facsimile: (713) 335-8946 and e-mail: cheathamlaw@aol.com and/or through the Court's ecf/cm system. Service of process of pleadings, instruments, discovery and other documents upon her also should be made at her residence, Ms. Sylvia Rizk, 3201 Westlake Drive, Austin, Texas 78746. Indispensable Party Plaintiff Sylvia Rizk is the widow of the late Fred E. Rizk.

16.    The identity of any other Rule 19 Indispensable Party Plaintiff(s) and/or Defendant(s) John and/or Jane Doe, as well as, Doe, Inc. are unknown at this time, if any such individual actually exists. If Plaintiffs hereafter the filing of this original Complaint shall become aware of any, Plaintiffs immediately shall identify she or he or it to all parties hereto, as well as, serve each accordingly with all pleadings, papers and documents in this Court's file for this case.

17.    Defendant the Conservative Club of Houston, also known as "C Club PAC"[16] is an unincorporated nonprofit political association organization. There is no registered agent for this organization designated by this organization with the office of the Texas Secretary of State. The only designation is for its Treasurer, herein Defendant J. Cary Gray. Service of

---

[16] "C Club PAC".

process of pleadings, instruments, discovery and other documents upon Defendant C Club PAC is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices Gray, Reed & McGraw, P.C. at 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056.

18.     Defendants utilized Defendant C Club PAC to advance their civil and criminal conspiracies, as well as, their racketeering schemes.

19.     Defendant Honorable Probate Judge 1 for Harris County Loyd Wright is an active, sitting Judge for and in Harris County Texas Probate Court 1.[17] Defendant Judge Loyd Wright is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant the Honorable Loyd Wright is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his chambers at 201 Caroline Street, 6th Floor, Houston, Texas 77001.[18]

---

[17] "Defendant Judge Loyd Wright".

[18] Plaintiffs in addition to an action herein under the federal RICO statute also herein below assert a separate state law action against Defendant Judge Loyd Wright for gross negligence and against his bond of office. Texas Government Code § 25.00231 states in pertinent part: **"… (b) Before beginning the duties of office, a judge of a statutory probate court must execute a bond that is: (1) payable to the county treasurer or other person performing the duties of county treasurer; (2) in the amount of $500,000; (3) conditioned on the faithful performance of the duties of the office; and (4) approved by the commissioners court."** Texas Civil Practice and Remedies Code § 41,001 (11) **"'Gross negligence' means an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."** (Our Emphasis Added.)

20.     At various times hereto relevant Defendant Judge Loyd Wright has actively assisted other associated Defendants in committing the crimes herein after delineated and in carrying out the civil and criminal conspiracies, as well as, racketeering schemes. Defendant Judge Loyd Wright committed official oppression on multiple occasions, as will be more fully herein after delineated. Defendant Judge Loyd Wright was grossly negligent ("Consciously indifferent") in his handling in equity of several guardianship and estate cases, as will be more fully herein after delineated. Defendant Judge Loyd Wright in furthering the civil and criminal conspiracies, as well as, the multiple schemes of racketeering engaged in as an accomplice of accessory in fiduciary fraud, as well as, directly in mail fraud and wire fraud, as will be more fully herein after delineated.

21.     Defendant J. Cary Gray[19] is a licensed Texas attorney. Defendant J. Cary Gray is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Gray is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices at Defendant Gray, Reed & McGraw, P.C. at 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056.

22.     At all times relevant hereto, in addition to acting as Defendant C Club PAC's official treasurer, Defendant Gray, Reed & McGraw, P.C. (as well as, the predecessor Looper, Reed & McGraw, P.C.)'s Chief Executive Officer and registered agent, Defendant

---

[19] "Defendant Mr. Gray".

Mr. Gray has acted as the Executor of the Estate of the late Fred E. Rizk and the Trustee of both *inter vivos* and testamentary trusts settled by the late Fred E. Rizk, where Plaintiffs Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, Indispensable Party Plaintiffs Edward Elias Rizk, Randall Reed Rizk and Rex Robinson Rizk are the principle beneficiaries. As a matter of law, Defendant Mr. Gray is and was a fiduciary owing such duties to the late Fred E. Rizk, Indispensable Party Plaintiff Sylvia Rizk, Plaintiff Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, Indispensable Party Plaintiffs Edward Elias Rizk, Randall Reed Rizk and Rex Robinson Rizk.

23.    At various times hereto relevant Defendant Mr. Gray has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

24.    Defendant Joseph Royce[20] is a licensed Texas attorney. Defendant Mr. Royce is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Royce is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, at Defendant Gray, Reed & McGraw, P.C. at 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056, of which law firm Defendant Mr. Royce is believed to be an active shareholder.

---

[20] "Defendant Mr. Royce".

25.     At various times Defendant Mr. Royce has represented as an attorney the late Fred E. Rizk, the Estate of the late Fred E. Rizk, Plaintiff Edward G. Rizk, the other beneficiaries of the Estate and trusts of the late Fred E. Rizk, Defendant J. Cary Gray individually, as well as, as Executor of the Estate of the late Fred E. Rizk and as Trustee of the trusts of the late Fred E. Rizk. As a matter of law, Defendant Mr. Royce is and was a fiduciary owing such duties to the late Fred E. Rizk, Indispensable Party Plaintiff Sylvia Rizk, Plaintiff Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, Indispensable Party Plaintiffs Edward Elias Rizk, Randall Reed Rizk and Rex Robinson Rizk.

26.     At various times hereto relevant Defendant Mr. Royce has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

27.     Defendant Scott Funk[21] is a licensed Texas attorney. Defendant Mr. Funk is an adult citizen resident domiciliary of Harris County Texas, the State of Texas, and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Funk is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, at Defendant Gray, Reed & McGraw, P.C. at 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056, of which law firm Defendant Mr. Funk is believed to be an active shareholder.

---

[21] "Defendant Mr. Funk".

28.     At various times Defendant Mr. Funk has represented as an attorney the late Fred E. Rizk, the Estate of the late Fred E. Rizk, Plaintiff Edward G. Rizk, the other beneficiaries of the Estate and trusts of the late Fred E. Rizk, Defendant J. Cary Gray individually, as well as, as Executor of the Estate of the late Fred E. Rizk and as Trustee of the trusts of the late Fred E. Rizk. As a matter of law, Defendant Mr. Funk is and was a fiduciary owing such duties to the late Fred E. Rizk, Indispensable Party Plaintiff Sylvia Rizk, Plaintiff Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, Indispensable Party Plaintiffs Edward Elias Rizk, Randall Reed Rizk and Rex Robinson Rizk.

29.     At various times hereto relevant Defendant Mr. Funk has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

30.     Defendant Gray, Reed & McGraw, P.C. is a Professional Corporation founded under the laws of the State of Texas for the practice of law, and has its principal place of business at 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056. Service of process of pleadings, instruments, discovery and other documents upon Defendant Gray, Reed & McGraw, P.C. is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to

their law offices c/o J. Cary Gray, Managing Partner of Gray, Reed & McGraw, P.C., 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056.[22]

31.     At various times Defendant Gray, Reed & McGraw, P.C. has represented as a law firm the late Fred E. Rizk, the Estate of the late Fred E. Rizk, Plaintiff Edward G. Rizk, the other beneficiaries of the Estate and trusts of the late Fred E. Rizk, Defendant J. Cary Gray individually, as well as, as Executor of the Estate of the late Fred E. Rizk and as Trustee of the trusts of the late Fred E. Rizk. As a matter of law, Defendant Gray, Reed & McGraw, P.C. is and was a fiduciary owing such duties to the late Fred E. Rizk, Indispensable Party Plaintiff Sylvia Rizk, Plaintiffs Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, Indispensable Party Plaintiffs Edward Elias Rizk, Randall Reed Rizk and Rex Robinson Rizk.

32.     At various times hereto relevant Defendant Gray, Reed & McGraw, P.C. has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

33.     Where a partner or associate of Defendant Gray, Reed & McGraw, P.C. acted in a fiduciary capacity then and there was Defendant Gray, Reed & McGraw, P.C. also so acting in a fiduciary capacity.

---

[22] The predecessor of Gray, Reed & McGraw, P.C. was Looper, Reed & McGraw, P.C.

34.    Defendant Robert S. MacIntyre, Junior[23] is a licensed Texas attorney. Defendant Mr. MacIntyre is an adult citizen and resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. MacIntyre is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, MacIntyre, McCulloch, Stanfield & Young, L.L.P., 2900 Weslayan Street, Suite 150, Houston, Texas 77027, of which Limited Liability Partnership Defendant Mr. MacIntyre is a partner.

35.    At various times Defendant Mr. MacIntyre has represented as an attorney the Estate of the late Fred E. Rizk, and Defendant J. Cary Gray individually, as well as, as Executor of the Estate of the late Fred E. Rizk and as Trustee of the trusts of the late Fred E. Rizk.

36.    At various times hereto relevant Defendant Mr. MacIntyre has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

37.    Defendant W. Cameron McCulloch[24] is a licensed Texas attorney. Defendant Mr. McCulloch is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other

---

[23] "Defendant Mr. MacIntyre".
[24] "Defendant Mr. McCulloch".

documents upon Defendant Mr. McCulloch is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, MacIntyre, McCulloch, Stanfield & Young, L.L.P., 2900 Weslayan Street, Suite 150, Houston, Texas 77027, of which Limited Liability Partnership Defendant Mr. McCulloch is a partner.

38.     At various times Defendant Mr. McCulloch has represented as an attorney *ad litem* and a guardian *ad litem* the minor child Plaintiff L.S. As such, Defendant Mr. McCulloch was Plaintiff L.S.'s fiduciary as a matter of Texas law.

39.     As will be more fully delineated and pled herein below, at all times relevant hereto Defendant Mr. McCulloch acted in bad faith as regards his ward, Plaintiff L.S. in both his capacity as that minor child the Orphan Sheshtawy's attorney *ad litem*, as well as, as guardian *ad litem*, and hence is liable to Plaintiff L.S. for the damages he caused her to suffer to her property and share of her late father, Adel Sheshtawy's Estates.

40.     At various times hereto relevant Defendant Mr. McCulloch has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

41.     Defendant Judge Loyd Wright appointed Defendant Mr. McCulloch to act on one occasion as Plaintiff L.S.'s attorney *ad litem* and on another occasion as Plaintiff L.S.'s guardian *ad litem*.

42.    Defendant Christopher Burt[25] is a licensed Texas attorney. Defendant Mr. Burt is an adult citizen and resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Burt is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, MacIntyre, McCulloch, Stanfield & Young, L.L.P., 2900 Weslayan Street, Suite 150, Houston, Texas 77027, of which Limited Liability Partnership Defendant Mr. Burt is not a partner, but is an associate.

43.    At various times hereto relevant Defendant Mr. Burt has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the racketeering scheme.

44.    Defendant Jill Willard Young[26] is a licensed Texas attorney. Defendant Ms. Young is an adult citizen and resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Ms. Young is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her law offices, MacIntyre, McCulloch, Stanfield & Young, L.L.P., 2900 Weslayan Street, Suite 150, Houston, Texas 77027, of which Limited Liability Partnership Defendant Ms. Young is a partner.

---

[25] "Defendant Mr. Burt".
[26] "Defendant Ms. Young".

45.      Defendant Judge Loyd Wright appointed Defendant Ms. Young to act as guardian *ad litem* for the now deceased Ruby S. Peterson, mother to the Plaintiffs Peterson, Defendant Carol Ann Manley and Defendant David Peterson, and as such acted in bad faith untoward Decedent Ruby S. Peterson.[27] Defendant Judge Loyd Wright appointed a guardian *ad litem* over the person and property of the Decedent Ruby S. Peterson, but however never entered any other Order in any of the associated cases finding that Decedent Ruby S. Peterson was either incapacitated or incompetent, which would be legally necessary for the entry of such an Order, while Decedent Ruby S. Peterson was still living.

46.      At various times hereto relevant Defendant Ms. Young has committed several crimes hereinafter delineated and has actively assisted other associated Defendants in carrying out the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

47.      Defendant MacIntyre, McCulloch, Stanfield & Young, Limited Liability Partnership is a limited liability partnership founded under the laws of the State of Texas for the practice of law, and has as its principal place of business 2900 Weslayan Street, Suite 150, Houston, Texas 77027. Service of process of pleadings, instruments, discovery and other documents upon Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their law offices c/o Robert

---

[27] Exhibit "1" Order, which was mailed to the Peterson Plaintiffs.

S. MacIntyre, Junior, Esquire, Managing Partner, at 2900 Weslayan Street, Suite 150, Houston, Texas 77027.

48.     Members, partners and associates of Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. at various times as described herein have committed several crimes hereinafter delineated and have acted in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

49.     Where a partner or associate of Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. acted in a fiduciary capacity then and there was Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. also so acting in a fiduciary capacity.

50.     Defendant Sarah Pacheco[28] is an attorney licensed to practice law in the State of Texas. Defendant Ms. Pacheco is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Ms. Pacheco is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her law offices, Crain, Caton & James, P.C., Five Houston Center, 17th Floor, 1401 McKinney, Suite 1700, Houston, Texas 77010, of which law firm Defendant Ms. Pacheco is a shareholder.

51.     At diverse times Defendant Ms. Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C. have represented and do represent the Estate of the

---

[28] "Defendant Ms. Pacheco".

late Adel Sheshtawy, as well as, the administrators Defendant Nader Sheshtawy and Defendant Hanya Sustache.

52.    At diverse times Defendant Ms. Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C. have represented and do represent the Estate of the late Ruby S. Peterson, the Peterson Family Trust II, the Executrix of the Estate of Ruby S. Peterson, Defendant Carol Ann Manley and the Executor of the Estate of Ruby S. Peterson, Defendant David Troy Peterson.

53.    At various times Defendant Sarah Pacheco has committed several crimes hereinafter delineated and acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

54.    Defendant Kathleen Tanner Beduze[29] is a licensed Texas attorney. Defendant Ms. Beduze is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Ms. Beduze is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her law offices, Crain, Caton & James, P.C., Five Houston Center, 17th Floor, 1401 McKinney, Suite 1700, Houston, Texas 77010, of which law firm Defendant Ms. Beduze is an associate.

---

[29] "Defendant Ms. Beduze".

55.     At various times Defendant Kathleen Beduze has committed several crimes hereinafter delineated and acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

56.     Defendant Crain, Caton & James, P.C., is a Professional Corporation founded under the laws of the State of Texas for the purpose of the practice of law, and has its principal place of business at Five Houston Center, 17th Floor, 1401 McKinney, Suite 1700, Houston, Texas 77010. Service of process of pleadings, instruments, discovery and other documents upon Defendant is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their law offices c/o their registered agent, Larry D. George, Crain, Caton & James, P.C., Five Houston Center, 17th Floor, 1401 McKinney, Suite 1700, Houston, Texas 77010.

57.     Defendant Crain, Caton & James, P.C. has committed several crimes hereinafter delineated and has acted with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

58.     Where a partner or associate of Defendant Crain, Caton & James, P.C acted in a fiduciary capacity then and there was Defendant Crain, Caton & James, P.C. also so acting in a fiduciary capacity.

59.     Defendant Michael Fuqua[30] is a licensed Texas attorney. Defendant Mr. Fuqua is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Fuqua is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, Fuqua & Associates, P.C., 5005 Riverway Drive, Suite 250, Houston, Texas 77056, of which law firm Defendant Mr. Fuqua is a shareholder.

60.     Defendant Fuqua & Associates, P.C., is a Professional Corporation founded under the laws of the State of Texas for the purpose of the practice of law, and has its principal place of business at 5005 Riverway Drive Suite 250, Houston, Texas 77056. Service of process of pleadings, instruments, discovery and other documents upon Defendant Fuqua & Associates, P.C. is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their law offices c/o Michael Fuqua, Esquire, Managing Partner at 5005 Riverway Drive, Suite 250, Houston, Texas 77056.

61.     Defendant Judge Loyd Wright appointed Defendant Mr. Fuqua temporary administrator of the Estate of Adel Sheshtawy.

62.     Defendant Mr. Fuqua has committed several crimes and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

63.     Defendant Fuqua & Associates, P.C. has committed several crimes and has

---

[30] "Defendant Mr. Fuqua".

acted with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

64.    Where a partner or associate of Defendant Fuqua & Associates, P.C. acted in a fiduciary capacity then and there was Defendant Fuqua & Associates, P.C. also so acting in a fiduciary capacity.

65.    Defendant the Honorable Harris County Probate 1 Associate Judge Ruth Ann Stiles[31] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Defendant the Honorable Harris County Probate 1 Associate Judge Ruth Ann Stiles is the appointed Associate Judge for Harris County Probate Court 1. Service of process of pleadings, instruments, discovery and other documents upon Defendant Associate Judge Ms. Stiles is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her chambers at 201 Caroline Street, 6th Floor, Houston, Texas 77001.

66.    Defendant Associate Judge Ms. Stiles has committed several crimes hereinafter delineated and has acted individually, as well as, with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated. At various times hereto relevant Defendant Associate Judge Ms. Stiles has actively assisted other associated Defendants in committing the crimes herein after delineated and in carrying out the racketeering schemes. Defendant Associate Judge Ms. Stiles committed official oppression on multiple occasions, as will be more fully herein after

---

[31] "Defendant Judge Associate Ms. Stiles".

delineated. Defendant Associate Judge Ms. Stiles was grossly negligent ("Consciously indifferent") in her handling in equity of several guardianship and estate cases, as will be more fully hereinafter delineated. Defendant Associate Judge Ms. Stiles in furthering the civil and criminal conspiracies, as well as, the multiple schemes of racketeering engaged as an accomplice or accessory in fiduciary fraud, as well as, directly in mail fraud and in wire fraud, as will be more fully herein after delineated.

67.    Defendant Kimberly Hightower[32] is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Defendant Kimberly Hightower is and was at all times relevant hereto an active court coordinator for Defendant the Honorable Loyd Wright in Harris County Texas Probate Court 1. Service of process of pleadings, instruments, discovery and other documents upon Defendant Kimberly Hightower is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her office at 201 Caroline Street, 6th Floor, Houston, Texas 77001.

68.    Defendant Ms. Hightower has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the racketeering schemes. Defendant Ms. Hightower actively assisted and abetted the fraudulent takeover of the entity of Probate Court 1, as well as, the entities of the estates and trusts before that Court, the subject enterprises dealt with herein, to the fraudulent financial gain of the Defendant lawyers, guardians *ad litem* and attorneys *ad litem* herein to the financial detriment

---

[32] "Defendant Ms. Hightower".

of the herein Plaintiffs in the advancing of the civil and criminal conspiracies, as well as, the racketeering schemes, as will be more fully herein delineated.     Defendant Ms. Hightower in furthering the civil and criminal conspiracies, as well as, the multiple schemes of racketeering engaged as an accomplice or accessory in fiduciary fraud, as well as, directly in mail fraud and in wire fraud, as will be more fully herein after delineated.

69.     Defendant Farouk Sheshtawy is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Farouk Sheshtawy is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to 96227 Gold Cup Way, Houston, Texas 77065.

70.     Defendant Farouk Sheshtawy has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

71.     Defendant Nader Sheshtawy is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Nader Sheshtawy is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to 1121 Lashbrook Dr., Houston, Texas 77077.

72.     Defendant Nader Sheshtawy is the natural son of Decedent Adel Sheshtawy.

73.     Defendant Nader Sheshtawy has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

74.     Defendant Hanya Sustache is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Hanya Sheshtawy at 4203 Moss Cove Ct., Sugar Land, Texas 77479.

75.     Defendant Hanya Sustache is the natural daughter of Decedent Adel Sheshtawy.

76.     Defendant Hanya Sustache has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

77.     Defendant Carol Ann Manley is an adult citizen resident domiciliary of Fort Bend County Texas and the United States of America, and a Trustee of the Peterson Family Trust II. Service of process of pleadings, instruments, discovery and other documents upon Defendant Ms. Manley is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to her address at 7915 Veramonte Ct., Sugarland, Texas 77479-7003.

78.     Defendant Carol Ann Manley has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

79.     Defendant David Troy Peterson is an adult citizen and resident domiciliary of Harris County Texas and the United States of America, and a Trustee of the Peterson Family Trust II. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Peterson is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his address at 402 Fintona Way, Houston, Texas 77015.

80.     Defendant David Peterson has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

81.     Defendant Russ Jones[33] is a licensed Texas attorney. Defendant Mr. Jones is an adult citizen and believed to be a resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Jones is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices Underwood, Jones, & Scherrer, P.L.L.C, 5177 Richmond Ave. # 505, Houston, Texas 77056.

---

[33] "Defendant Mr. Jones".

82.     Defendant Judge Loyd Wright appointed Defendant Mr. Jones to act as attorney *ad litem* for the Decedent Ruby S. Peterson.

83.     Defendant Mr. Jones has committed several crimes hereinafter delineated and has acted individually and with other Defendants herein to advance the racketeering schemes.

84.     Defendant Underwood, Jones, & Scherrer, P.L.L.C, is a Professional Limited Liability Company founded under the laws of the State of Texas for the purpose of the practice of law, and has its principal place of business at 5177 Richmond Ave. # 505, Houston, Texas 77056. Service of process of pleadings, instruments, discovery and other documents upon Defendant Underwood, Jones, & Scherrer, P.L.L.C. is effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their law offices c/o Joseph Maloof, Esquire, registered agent for Underwood, Jones, & Scherrer, P.L.L.C, at 5177 Richmond Ave # 505, Houston, Texas 77056, of which law firm Mr. Jones is a shareholder.

85.     Defendant Underwood, Jones, & Scherrer, P.L.L.C. has committed several crimes hereinafter delineated and has acted in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

86.     Where a partner or associate of Defendant Underwood, Jones, & Scherrer, P.L.L.C. acted in a fiduciary capacity then and there was Defendant Underwood, Jones, & Scherrer, P.L.L.C. also so acting in a fiduciary capacity.

87.    Defendant Silverado Senior Living, Inc. is a Foreign For Profit Corporation doing business in Texas as Silverado Senior Living, Inc., and has its principal place of business at 27123 Calle Arroyo, San Juan Capistrano, California, 92675.[34] Service of process of pleadings, instruments, discovery and other documents upon Defendant Silverado Senior Living, Inc. is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their registered agent for service of process, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

88.     Defendant Silverado has committed several crimes hereinafter delineated and has acted in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

89.    Defendant Silverado was Decedent Ruby S. Peterson's fiduciary.

90.    Defendant LPL Financial L.L.C.[35] is a foreign limited liability company doing business in Texas as LPL Financial L.L.C., and has its principal place of business at 75 State Street, 24th Floor, Boston, Massachusetts 02109. Service of process of pleadings, instruments, discovery and other documents upon Defendant LPL Financial L.L.C. is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to its registered agent

---

[34] "Defendant Silverado".
[35] "LPL".

for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

91.     Defendant LPL has committed several crimes hereinafter delineated and has acted in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

92.     Defendant LPL was Decedent Ruby S. Peterson's fiduciary.

93.     Defendant Josh K. Davis[36] is a licensed Texas attorney. Defendant Mr. Davis is an adult citizen and resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Davis is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, Lewis, Brisbois, Bisgaard & Smith, L.L.P., 24 Greenway Plaza, Suite 1400, Houston, Texas 77046.

94.     Defendant Mr. Davis has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the racketeering schemes.

95.     Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., is a Limited Liability Partnership founded under the laws of the State of Texas for the purpose of the practice of law practicing law in Texas, and has its principal place of business at 633 W. 5th St. Ste. 4000, Los Angeles, California 90071-2074. Service of process of pleadings, instruments, discovery

---

[36] "Defendant Mr. Davis".

and other documents upon Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P. is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their law offices c/o Kent M. Adams, Esquire, managing partner for Lewis, Brisbois, Bisgaard & Smith, L.L.P., 24 Greenway Plaza, Suite 1400, Houston, Texas 77046, of which law firm Defendant Mr. Davis is a partner.

96.     Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P. has committed several crimes hereinafter delineated and has acted in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

97.     Where a partner or associate of Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P. acted in a fiduciary capacity then and there was Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P. also so acting in a fiduciary capacity.

98.     Defendant Dr. Christopher Merkl, M.D., P.A.,[37] is a medical doctor licensed to practice medicine in the State of Texas. Defendant Dr. Merkl is an adult citizen resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Dr. Merkl is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his registered agent, Christopher Merkl, at 2116 Bissonnet, Houston, Texas 77005.

---

[37] "Defendant Dr. Merkl".

99.     Defendant Dr. Merkl has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

100.     Defendant Dr. Merkl was Decedent Ruby S. Peterson's fiduciary.

101.     Defendant Thomas Schmidt[38] was the certified accountant for the late Fred E. Rizk and is currently the accountant for the Estate of Fred E. Rizk and the Executor of that Estate Defendant J. Cary Gray. Defendant Thomas Schmidt is an adult citizen and resident domiciliary of Harris County Texas and the United States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Schmidt is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his accountancy offices at 7050 Lakeview Haven Dr., Suite 138, Houston, Texas 77095.

102.     Defendant Mr. Schmidt has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

103.     Defendant McDonald Scott Worley[39] is a licensed Texas attorney. Defendant Mr. Worley is an adult citizen and resident domiciliary of Harris County Texas and the United

---

[38] "Defendant Mr. Schmidt".
[39] "Defendant Mr. Worley".

States of America. Service of process of pleadings, instruments, discovery and other documents upon Defendant Mr. Worley is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to his law offices, 1770 Saint James Place, Suite 100, Houston, Texas 77056.

104.    Defendant Mr. Worley acted as legal counsel to Plaintiff Valentina Sheshtawy and as such owed her fiduciary duties as her attorney, as a matter of law.

105.    Defendant Mr. Worley has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

106.    Defendant McDonald Worley, P.C. is a Texas professional corporation established for the practice of law.  Service of process of pleadings, instruments, discovery and other documents upon Defendant McDonald Worley, P.C. is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to their registered agent, McDonald S. Worley, 10711 Cedar Creek, Houston, Texas 77042.

107.    Defendant McDonald Worley, P.C. has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

108.    Where a partner or associate of Defendant McDonald Worley, P.C. acted in a fiduciary capacity then and there was Defendant McDonald Worley, P.C. also so acting in a fiduciary capacity.

109.    Defendant Kelly Cowan, M.D.[40] is a Texas licensed physician. Service of process of pleadings, instruments, discovery and other documents upon Defendant Dr. Cowan is currently effective pursuant to Federal Rules of Civil Procedure 4 by their delivery to 16019 Via Shavano, Suite 101, San Antonio, Texas 78249.

110.    Defendant Dr. Cowan has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

111.    Defendant Dr. Cowan was Decedent Ruby S. Peterson's fiduciary, as a matter of law.

112.    Defendant C. Clete Hopper[41] is a domiciliary of the State of Texas and citizen of the United States of America. C. Clete Hopper may be served with process under Federal Rule of Civil Procedure 4 by service to C. Clete Hopper at 1300 Rolling Brook Drive, Suite 602, Baytown, Texas 77521.

---

[40] "Defendant Dr. Cowan".
[41] "Defendant Mr. Hopper".

113.    Defendant Mr. Hopper has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the civil and criminal conspiracies, as well as, the racketeering schemes, more fully herein after delineated.

114.    Defendant C. Clete Hopper & Company, Inc.[42] is a corporation founded under the laws of the State of Texas and may be served with process under Federal Rule of Civil Procedure 4 by delivery to its registered agent, C. Clete Hopper at 1300 Rolling Brook Drive, Suite 602, Baytown, Texas 77521.

115.    Defendant Hopper Inc. has committed several crimes hereinafter delineated and has acted individually and in concert with other Defendants herein to advance the racketeering schemes.

## INTRODUCTION

116.    Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 115, as well as, those hereinafter pled as though herein originally pled.

117.    All of Defendants' target herein as an enterprise, which they wished to take over and did take over, as well as, did corrupt in their civil and criminal conspiracies, as well as, racketeering schemes was and is Probate Court 1 for Harris County Texas, as Plaintiffs

---

[42] "Defendant Hopper Inc.".

will conclusively hereinafter show.[43]

118.    The Harris County Texas Clerk's office did not receive electronic or e-filing until such commenced on January 1, 2014. Mail and messenger service were the media by which papers were filed in that office prior to the referenced date, as Plaintiffs will more fully herein after delineate. Many were filed through telecopier facsimile.

119.    The Defendant lawyers herein filed papers with the Harris County Clerk before and after the referenced date.

120.    The Defendant lawyers herein all committed mail and wire fraud through their various filings before and after the referenced date, as Plaintiffs will more fully herein after delineate. Stamped envelopes sent by all the Defendant attorneys in each of the Plaintiffs' cases exist.

121.    All of Defendants use and have used essentially in the past interstate wire, airwaves and mail in the course of each of their advancements of the criminal enterprise of the takeover and control of Probate Court 1 for Harris County Texas in their pursuit of their civil and criminal conspiracies, as well as, racketeering schemes. They have each also used and use the internet, where many of them maintain a permanent website.

---

[43] "the existence of an enterprise at all times remains a separate element which must be proved by the [plaintiff]." Id. Faithful to these excerpts from Turkette, we have identified three characteristics possessed by all RICO enterprises: (1) a common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering. See *Atlas Pile Driving Co. v. DiCon Fin. Co*., 886 F.2d 986, 995 (8th Cir. 1989).

122.    The multiple predicate acts, which each Defendant criminally committed or participated in are also violations of §18 U.S.C. § 1341 (Mail Fraud)[44] and/or § 1343 (Wire, Radio or Television Fraud).[45] The underlying fraudulent acts in civil and criminal conspiracies, as well as, the racketeering schemes each Defendant committed are also all violations of various Texas criminal statutes, which Plaintiffs more fully herein after shall delineate.

123.    Defendant C Club PAC is an unincorporated nonprofit political association organization, formed, operated and conducted largely in support of the National and Local Republican/Grand Old Party, whose *raison d'etre* is the identification and promotion of individuals whom C Club PAC deems to be suitable for specific and particular political office for the advancement of so called "conservative" principles of governance. C Club PAC's support of such candidates is largely through endorsements, advertisements and cash contributions.

124.    Defendant C Club PAC uses and has used essentially in the past interstate wire, airwaves, television and mail in the course of providing such support. C Club PAC has also used and uses the internet, where it maintains a permanent website. C Club PAC has

---

[44] The federal mail fraud statute prohibits use of postal services in the furtherance of fraudulent schemes, whether or not prohibited by state law. ***Parr v. United States,*** 363 U.S. 370, 80 S. Ct. 1171, 4 L. Ed. 2d 1277 (1960); ***Badders v. United States,*** 240 U.S. 391, 36 S. Ct. 367, 60 L. Ed. 706 (1916); ***United States v. Williams***, 545 F.2d 47 (8th Cir. 1976).

[45] Racketeering activity includes "any act which is indictable under . . . title 18 United States Code §1343 (relating to wire fraud)."***Id*** § 1961(1); ***Brown v. Cassens Transp. Co.,*** 546 F.3d 347, 352 (6th Cir. 2008). To prove a defendant committed wire fraud, the plaintiff must show "(1) a scheme or artifice to defraud; (2) use of interstate wire communications in furtherance of the scheme; and (3) intent to deprive a victim of money or property." ***United States v. Daniel***, 329 F.3d 480, 485 (6th Cir. 2003); 18 U.S.C. § 1343.

also utilized the National banking system through wire and mail to conduct its financial operations. Membership in C Club PAC is exclusively by invitation only.

125.    Defendant Judge Loyd Wright was and is such an individual whom Defendant C Club PAC in 2011 and in 2015 endorsed and promoted for election to the bench of Harris County Texas Probate Court 1.

126.    Defendant Judge Loyd Wright is well acquainted with the following lawyers herein Defendants, as well as, their law firms, all of whom *inter alios* contributed to his election and reelection as Harris County Probate Judge 1: Defendant J. Cary Gray, Defendant Gray Reed & McGraw, P.C., Defendant Robert MacIntyre, Junior, Defendant W. Cameron McCulloch, Defendant Ms. Jill Willard Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P, Defendant Ms. Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Michael Fuqua, Defendant Fuqua & Associates, P.C., Defendant Russ Jones and Defendant Underwood, Jones, Sherrer, P.L.L.C. Defendant Judge Loyd Wright committed official oppression in violation of Texas Penal Code § 39.30.[46]

127.    Defendant Judge Loyd Wright and the Defendants named herein also violated and committed serially criminal fraud (Fiduciary Fraud)[47] in violation of Texas Penal Code §

---

[46] "(a) A public servant acting under color of his office or employment commits an offense if he:…(2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful; … (b) For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity."

**[47] "Title 7 Offenses Against Property Chapter 32 _Fraud_ § 32.45. Misapplication of Fiduciary Property or Property of Financial Institution:**

1.01, *et sequitur* and § 32.45. The Defendants named herein also serially violated Texas

Penal Code § Sec. 32.43.[48]

---

(a) For purposes of this section:

    (1) "**Fiduciary" includes**:

        **(A) a trustee, guardian, administrator, executor, conservator, and receiver;**

        **(B) an attorney in fact or agent appointed under a durable power of attorney as provided by Chapter XII, Texas Probate Code;**

        **(C) any other person acting in a fiduciary capacity, but not a commercial bailee unless the commercial bailee is a party in a motor fuel sales agreement with a distributor or supplier, as those terms are defined by Section 162.001, Tax Code; and**

        **(D) an officer, manager, employee, or agent carrying on fiduciary functions on behalf of a fiduciary.**

    (2) "**Misapply" means deal with property contrary to:**

    **(A) an agreement under which the fiduciary holds the property; or**

    **(B) a law prescribing the custody or disposition of the property.**

**(b) A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.**

**(c) An offense under this section is:**

    **(1) a Class C misdemeanor if the value of the property misapplied is less than $100;**

    **(2) a Class B misdemeanor if the value of the property misapplied is $100 or more but less than $750;**

    **(3) a Class A misdemeanor if the value of the property misapplied is $750 or more but less than $2,500;**

    **(4) a state jail felony if the value of the property misapplied is $2,500 or more but less than $30,000;**

    **(5) a felony of the third degree if the value of the property misapplied is $30,000 or more but less than $150,000;**

    **(6) a felony of the second degree if the value of the property misapplied is $150,000 or more but less than $300,000; or**

    **(7) a felony of the first degree if the value of the property misapplied is $300,000 or more..."**     **(Our Own Emphases Added.)**

**(d) An offense described for purposes of punishment by Subsections (c)(1)—(6) is increased to the next higher category of offense if it is shown on the trial of the offense that the offense was committed against an elderly individual as defined by Section 22.04..." (Our Emphasis).**

Please also see: ***Texas v. Vasilas***, 187 S.W.3d 486, 490 (Tex. Crim. App. 2006): "...Both this Court and the lower courts of appeals have construed "including" as a term of enlargement in accordance with the legislature's intention…"

128.    Under Texas law there no longer is the common law distinctions for and between criminal offenses of and for a principal, accessory, and/or accomplice of a given crime.[49]

---

[48] "Commercial Bribery
(a) For purposes of this section:
(1) "Beneficiary" means a person for whom a fiduciary is acting.
(2) "Fiduciary" means:
(A) an agent or employee;
(B) a trustee, guardian, custodian, administrator, executor, conservator, receiver, or similar fiduciary;
(C) a lawyer, physician, accountant, appraiser, or other professional advisor; or
(D) an officer, director, partner, manager, or other participant in the direction of the affairs of a corporation or association.
(b) A person who is a fiduciary commits an offense if, without the consent of his beneficiary, he intentionally or knowingly solicits, accepts, or agrees to accept any benefit from another person on agreement or understanding that the benefit will influence the conduct of the fiduciary in relation to the affairs of his beneficiary.
(c) A person commits an offense if he offers, confers, or agrees to confer any benefit the acceptance of which is an offense under Subsection (b).
(d) An offense under this section is a state jail felony.
(e) In lieu of a fine that is authorized by Subsection (d), and in addition to the imprisonment that is authorized by that subsection, if the court finds that an individual who is a fiduciary gained a benefit through the commission of an offense under Subsection (b), the court may sentence the individual to pay a fine in an amount fixed by the court, not to exceed double the value of the benefit gained. This subsection does not affect the application of Section 12.51(c) to an offense under this section committed by a corporation or association."

[49] Texas Penal Code § 7.01 reads: "(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. (b) Each party to an offense may be charged with commission of the offense. (c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."
Texas Penal Code §7.02 reads: "(a) A person is criminally responsible for an offense committed by the conduct of another if: (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense; (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or (3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense. (b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually

129.    The other Defendants herein *inter alios* acted in concert with one another in the course of committing their several crimes and towards their various civil and criminal conspiracies, as well as, racketeering schemes in league with one another and with Defendant Judge Loyd Wright in a conspiracy to achieve and fulfill their joint civil and criminal conspiracies, as well as, racketeering schemes, as Plaintiffs will more fully herein after delineate.

130.    Attached hereto marked as Exhibit "2", which through this reference Plaintiffs hereby incorporate herein its entireties, is the Record from the Harris County Texas Clerk of the reported campaign contributions for the election of Defendant Judge Loyd Wright as Harris County Probate Judge 1, which reflect that most of the lawyer Defendants herein contributed to the election of Defendant Judge Loyd Wright as Harris County Probate 1 Judge.[50] There is thereby a financial connection with those Defendants and Defendant Judge Loyd Wright.

131.    The Defendants herein formed illegal and unlawful conspiratorial combinations between themselves, civilly and criminally, for the purpose of takeover and corrupting of the entity and enterprise known as Probate Court 1 for Harris County Texas, for the purpose of unlawfully enriching themselves through the misused, malused and nonused offices,

---

committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

[50] Attached hereto marked as Exhibit "2", which through this reference Plaintiffs hereby incorporate herein its entireties, is the Record from the Harris County Texas Clerk of the reported campaign contributions for the election of Defendant Judge Loyd Wright as Harris County Probate Judge 1.

chambers and proceedings of and before Defendant Judge Lloyd Wright and Defendant Associate Judge Ruth Ann Stiles, as well as, through his and her intentional malfeasance, nonfeasance and misfeasance to the financial, property and business detriment, damage and loss of and to Plaintiffs, in violation of 18 U.S.C. § 1961, *et sequitur*.

132.    Defendant Hanya Sustache, Defendant Nader Sheshtawy, Defendant Farouk Sheshtawy, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James P.C.,[51] Defendant W. Cameron McCulloch, Defendant Macintyre, McCulloch, Stanfield and Young, L.L.P., Defendant Michael Fuqua, Defendant Fuqua & Associates, P.C., and Defendant Mr. Worley, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles targeted the Estate of the late Adel Sheshtawy as an enterprise to take over and corrupt, which they have accomplished through the misused, malused and nonused offices, chambers and proceedings of and before Defendant Judge Lloyd Wright and Defendant Associate Judge Ruth Ann Stiles, both of whom committed several acts of official oppression, as well as, through his and her intentional malfeasance, nonfeasance and misfeasance to the financial, property and business detriment, damage and loss of Plaintiff Valentina Sheshtawy and Plaintiff L.S.[52]

133.    The Sheshtawy Defendants unjustly enriched themselves through money had and received, conversions of personalty, fiduciary frauds, as well as, theft of the proceeds of

---

[51] Hereinafter sometimes referenced as "Sheshtawy Defendants".
[52] Hereinafter sometimes referenced as "Sheshtawy Plaintiffs".

unlawful real estate sales, directly from entities owned by the Estate of Adel Sheshtawy and the estate directly at the expense and to the damage of each of the Sheshtawy Plaintiffs, their respective property, financial and business interests.

134.   Defendant W. Cameron McCulloch, Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P., Defendant Michael Fuqua, and Defendant Fuqua & Associates, P.C. unjustly enriched themselves through money had and received through unnecessary and unreasonable, as well as, unjust and inequitable attorney's fees awarded and approved by Defendant Judge Loyd Wright against the Estate of Adel Sheshtawy, to the financial, property and business detriment, damage and loss of and to Plaintiff Valentina Sheshtawy and Plaintiff L.S.'s property and business interests.

135.   Defendant David Peterson, Defendant Carol Ann Manley, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P., Defendant Russ Jones, Defendant Underwood, Jones, Sherrer, P.L.L.C., Defendant Josh K. Davis, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Christopher Merkl, M.D., P.A., Defendant LPL, and Defendant Silverado,[53] as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles targeted the Estate of the late Ruby S. Peterson and the Peterson Family Trust II as the enterprises to take over and corrupt, which they have accomplished through the misused, malused and nonused offices, chambers and

---

[53] Hereinafter sometimes the "Peterson Defendants".

proceedings of and before Defendant Judge Lloyd Wright and Defendant Associate Judge Ruth Ann Stiles, both of whom committed several acts of official oppression, as well as, through his and her intentional malfeasance, nonfeasance and misfeasance to the financial, property and business detriment, damage and loss of and to Plaintiff Mackey Peterson, Plaintiff Don Peterson and Plaintiff Lonny Peterson's property and business interests.

136.    The Peterson Defendants unjustly enriched themselves through money had and received, as well as, conversion of personalty and the proceeds of unlawful real estate sales at the expense and to the damage of each of the Plaintiffs, their respective property and financial interests.

137.    Defendant Hanya Sustache, Defendant Nader Sheshtawy, Defendant Farouk Sheshtawy, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James P.C., Defendant W. Cameron McCulloch, Defendant Macintyre, McCulloch, Stanfield and Young, L.L.P., Defendant Michael Fuqua, Defendant Fuqua & Associates, P.C., and Defendant Mr. Worley unjustly enriched themselves through money had and received, through several commissions of criminal fiduciary fraud, through unnecessary and unreasonable, as well as unjust and inequitable attorney's fees Defendant Judge Loyd Wright awarded and approved against the Estate of Adel Sheshtawy, to the financial, property and business detriment, damage and loss of Plaintiff Valentina Sheshtawy and Plaintiff L.S.

138.    Defendant J. Cary Gray, Defendant Gray, Reed & McGraw, P.C., Defendant Mr. Royce, Defendant Mr. Funk, Defendant Robert S. MacIntyre, Junior and Defendant

MacIntyre, McCulloch, Stanfield and Young, L.L.P.,[54] as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles targeted the *Inter Vivos* and Testamentary Trusts, as well as, Estate of the late Fred E. Rizk as the enterprises to take over and corrupt, which they have accomplished through the misused, malused and nonused offices, chambers and proceedings of and before Defendant Judge Lloyd Wright and Defendant Associate Judge Ruth Ann Stiles, both of whom committed several acts of official oppression, as well as, through his and her intentional malfeasance, nonfeasance and misfeasance to the financial, property and business detriment, damage and loss of Plaintiff Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, of Indispensable Party Plaintiffs Edward Elias Rizk, Rex Robinson Rizk, Randell R. Rizk and Sylvia Rizk.

139.    The Rizk Defendants unjustly enriched themselves through money had and received, several commissions of fiduciary fraud, as well as, conversion of personalty and the theft of the proceeds of unlawful real estate sales at the expense and to the damage of each of the Plaintiffs and the Rizk Indispensable Party Plaintiffs, their respective property, financial and business interests.

140.    Defendant J. Cary Gray, Defendant Gray, Reed & McGraw, P.C., Defendant Mr. Royce, Defendant Mr. Funk, Defendant Robert S. MacIntyre, Junior and Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P. unjustly enriched themselves through money had and received through unnecessary and unreasonable, as well as, unjust and

---

[54] Hereinafter sometimes the "Rizk Defendants".

inequitable attorney's fees awarded and approved by Defendant Judge Loyd Wright against the *Inter Vivos* and Testamentary Trusts, as well as, Estate of Fred E. Rizk,[55] to the financial, property and business detriment, damage and loss of and to Plaintiff Edward G. Rizk and Plaintiff Maxwell Rizk, as well as, potentially of Indispensable Party Plaintiffs Edward Elias Rizk, Rex Robinson Rizk, Randell R. Rizk and Sylvia Rizk's financial and property interests.

141.   All of the Defendants herein committed other crimes against the laws and dignity of the United States of America and the State of Texas, as Plaintiffs shall more fully herein after delineate.

## FACTS AS TO THE ORPHAN L.S. AND THE WIDOW SHESHTAWY

142.   Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 141, as well as, those hereinafter pled as though herein originally pled.

143.   This case involves *inter alios* the Guardianship of L.S. and the Guardianship Estate of L.S., a minor child, and the rights of her natural biological mother, Plaintiff Valentina Sheshtawy, and the rights of L.S., as well as, the rights of the Estate of the Decedent Adel Sheshtawy and the rights of the Guardianship Estate of L.S., all matters which were before and which Defendant Judge Loyd Wright adjudicated.

---

[55] Some of the attorneys' fees paid to the attorneys involved in the Rizk matters were not approved by Defendant Judge Loyd Wright, as Defendant J. Cary Gray, Defendant Gray, Reed & McGraw, P.C., as well as, Defendant Robert S. MacIntyre, Junior and MacIntyre, McCulloch, Stanfield & Young, L.L.P. never applied for approval for those fees from Harris County Texas Probate Court I as is statutorily required.

144.    Adel Sheshtawy died intestate on August 8, 2011, leaving a widow, Plaintiff Valentina Sheshtawy, two adult children of another marriage, Defendant Nader Sheshtawy and Defendant Hanya Sustache, as well as, a minor child, Plaintiff L.S., as Decedent Adel Sheshtawy's heirs.

145.    Other issues now before this Court in this case relate to the marriage of Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy, matters relating to how the Estate of Adel Sheshtawy were judicially handled, as well as, the administration of the Decedent Adel Sheshtawy's intestate estate before and in the statutory Probate Court 1 for Harris County, Texas, where Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles presided and preside, as judicial officers in Harris County Texas.[56] Please accord Clerk cases No. 407499, 407499-401, 407499-402, 407499-403, 407499-404, 407499-405, 407499-406, 407499-407, and 425238 *In re: Estate of Adel Sheshtawy Deceased*. Issues so raised are tied to the breaches of fiduciary duties, commissions of fiduciary fraud and theft by several Defendants named herein, as the Sheshtawy Plaintiffs shall particularly herein set out, as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles and Defendant Ms. Hightower's several commissions of official oppression, where there were civil and criminal conspiracies, as well as, racketeering

---

[56] Plaintiff Valentina Sheshtawy does hereby incorporate herein their entireties Harris County Court files for cases No. 407499, 407499-401, 407499-402, 407499-403, 407499-404, 407499-405, 407499-406, 407499-407 and 425238.

schemes furthered by all of these Defendants, where all Defendants utilized the mails, wire and the internet in violation of 18 U.S.C. § 1961, *et sequitur*.

146.    Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles conducted several hearings involving the intestate Estate of Adel Sheshtawy, as well as, as related to the Guardianship of L.S. and L.S.'s Guardianship Estate, as well as, rendered several Orders, which have been destructive of the assets of the Estates of Adel Sheshtawy and L.S.'s Guardianship Estate, as well as, to both these Sheshtawy Plaintiffs, who each have suffered injury to their property, business and financial interests. The Orders referenced are ascertainable from the records of the Probate Court 1 cases online at the Harris County Clerk's website and are hereby incorporated herein their entireties for all purposes. Copies of all orders referenced were entered in advancement of the civil and criminal conspiracies, as well as, the racketeering schemes herein delineated and were mailed on the entry dates to Plaintiff Sheshtawy when she was acting *pro se* or transmitted by facsimile telecopier to her attorneys of record by copies, constituting acts of mail and wire fraud over a period in excess of five years, at the direction of Defendant Ms. Hightower, Defendant Judge Loyd Wight and/or Defendant Associate Judge Ruth Ann Stiles.

147.  In addition Defendants Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Mr. Worley, Defendant Farouk Sheshtawy, Defendant Nader Sheshtawy, Defendant Hanya Sustache, Defendant Michael Fuqua, Defendant Fuqua &

Associates, Defendant W. Cameron McCulloch, as well as, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P.[57] illegally and unlawfully deprived Plaintiff Valentina Sheshtawy of her rights as the widow of intestate Decedent Adel Sheshtawy under the Constitution of the State of Texas and the Texas Estate Code (and its predecessor Texas Probate Code), through, including but not limited to, conspiracy, fraud, fiduciary fraud, negligent misrepresentation, breach of fiduciary duties, conversion, unjust enrichment-money had and received, collusion, conspiracy, undue influence, coercion and duress, as well as, official oppression, as the Sheshtawy Plaintiffs shall more fully herein after delineate.

148.   Almost immediately after Decedent Adel Sheshtawy's death without any legal authority and totally outside the legal system Defendant Farouk Sheshtawy, Defendant Nader Sheshtawy, and Defendant Hanya Sustache began sacking the Decedent Adel Sheshtawy's offices and places of business, removing and converting much personal property belonging to Decedent Adel Sheshtawy and business entities, which the decedent owned outright.

149.   At all times relevant hereto, Defendant Judge Loyd Wright and Defendant Associate Probate Judge Ruth Ann Stiles intentionally entered into a civil and criminal conspiracy with Defendant Conservative Club of Houston, and the treasurer of its PAC, Defendant herein J. Cary Gray, as well as, with Defendant Kimberly Hightower, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant W. Cameron McCulloch, Defendant, MacIntyre, McCulloch, Stanfield & Young,

---

[57] Herein collectively sometimes referenced as the "Sheshtawy Defendants".

L.L.P., Defendant Mr. Fuqua, Defendant Fuqua & Associates, Defendant Nader Sheshtawy, Defendant Hanya Sustache and Defendant Mr. Worley to further the financial and other interests of Defendant Nader Sheshtawy and Defendant Hanya Sustache, as well as, for the financial and other benefit of Defendant Farouk Sheshtawy, Defendant Hanya Sustache, Defendant Nader Sheshtawy, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant W. Cameron McCulloch, Defendant, MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Fuqua, Defendant Fuqua & Associates, P.C. and Defendant Mr. Worley at the expense of and to the financial damages and detriment to property belonging to Plaintiff Valentina Sheshtawy, the Estate of the intestate Decedent Adel Sheshtawy, L.S.'s Guardianship Estate and L.S., a minor, fruits of aforesaid civil and criminal conspiracy represented and resulted each from numerous (more than two (2)) predicate acts under the Civil RICO statute and thus constituted racketeering in corrupt organization(s), for which Plaintiff Valentina Sheshtawy and L.S. herein sue. All of these Defendants utilized instrumentalities of interstate commerce in furtherance of their civil and criminal conspiracies, as well as, their racketeering enterprises throughout the course of engaging in interstate racketeering, and so also committed mail and wire fraud.[58]

---

[58] "The mail- and wire-fraud statutes criminalize the use of the mails or wires in furtherance of 'any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.' 18 U.S.C. § 1341 (mail fraud); § 1343 (wire fraud). The honest-services statute, § 1346, defines "the term 'scheme or artifice to defraud' 'in these provisions to include 'a scheme or artifice to deprive another of the intangible right of honest services.' *Please see United States v. Fastow*, 292 F. Supp. 2d 914, 918 (SD Tex. 2003); Order in *United States v. Hirko*, No. 4:03-cr-00093 (SD Tex., Nov. 24,

150.    As the Probate 1 Court's Coordinator, Defendant Kimberly Hightower acted as the conduit of *ex parte* communications at diverse times between the Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles and the attorneys involved, to wit: Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant W. Cameron McCulloch, Defendant, MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Fuqua, Defendant Fuqua & Associates P.C., Defendant Mr. Worley and Defendant McDonald Worley, P.C. in furtherance of the civil and criminal conspiracies, as well as, the racketeering schemes.

151.    The common law marriage between Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy began on 26 September 2005,[59] when Plaintiff Valentina Sheshtawy

---

2004), Record, Doc. 484, p. 6. These rulings were made by two other judges of the same District..." ***United States v. Skilling***, 561 U.S. 358, 464 130 S. Ct. 2896 177 L. Ed. 2d 619 2010 U.S. LEXIS 5259 (U.S. 2010).

[59] Decedent Adel Sheshtawy proposed marriage to Plaintiff Valentina Sheshtawy on 3 July 2005 and at that time he gifted Plaintiff Valentina Sheshtawy with a wedding ring, from which date both Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy forward they both wore their wedding rings, until much later when a divorce proceeding was initiated. Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy always held themselves out to the world, i.s., family members, business associates, friends and acquaintances, as husband and wife. Please accord: Texas Family Code § 2.401(a)(2), to wit: "(a) In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that: ... (2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." Please see, ***Grigsby v. Reib***, 105 Tex. 597, 607 153 S.W. 1124, 1913 Tex. LEXIS 62, Am. Ann. Cas. 1915 C1011, L.R.A. (n.s.) 1915E1 "...Marriage is not a contract, but a status created by mutual consent of one man and one woman. The method by which it is solemnized, or entered into, may be by proceedings prescribed by statute, or by mutual agreement with cohabitation, but, however contracted, having the same elements and producing the status of husband and wife. The sole difference which can legally exist is in the method of expressing consent, and the only particular in which a marriage as at common law can differ from the statutory method is the absence of license and the ceremony. The cohabitation must be professedly as husband and wife, and public, so that by their conduct towards each other they may be known as husband and wife. Such marriages may be

and her minor son N.T., (born on 7 March 1996) came to live with Decedent Adel Sheshtawy at 17706 Highgrove Drive, Houston, Texas 77077 and when on that date Decedent Adel Sheshtawy and Plaintiff Valentina (maiden name "Spassova") Sheshtawy commenced their mutual cohabitation together.

152.    Decedent Adel Sheshtawy bought the residence at 12206 Cabo Blanco Court, Houston, Texas 77041 in December of 2007. The married couple, Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy continued their cohabitation there, when they moved there as husband and wife in January 2008.

153.    Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy became L.S.'s natural biological parents, when Plaintiff Valentina Sheshtawy gave birth to that child on 18 April 2008.[60]

154.    Nonetheless, Defendant Judge Loyd Wright on January 5, 2012 in case No. 407,499 without any legal justification or rationale ordered paternity testing for L.S.[61] The DNA report for that testing found that Plaintiff Valentina Sheshtawy was L.S.'s natural biological

---

equally the consummation of a mutual affection which will produce a home and family that will contribute to good society, to free and just government and to the support of Christianity -- to the common weal.... Affirmed.

[60] Attached hereto marked as Exhibit "3" is a copy of L.S.'s redacted birth certificate, which Plaintiff Valentina Sheshtawy does hereby incorporate herein its entireties through this reference for all purposes. Aforesaid Birth Certificate names Decedent Adel Sheshtawy as the natural biological father of L.S. and Plaintiff Valentina, as the natural biological mother of L.S., which establishes conclusively that natural biological parent child relationship, as a matter of Texas law. Decedent Adel Sheshtawy acknowledged L.S. as his natural biological daughter when she was born, which is conclusive under Texas Law of and for establishing paternity.

[61] Exhibit "4" Date Order 01-05-12, which clerks in Probate Court 1 facsimile telecopied to the parties' counsel of record, which the Sheshtawy Plaintiffs do hereby incorporate herein its entireties for all purposes.

mother and that there was a ninety-nine and thirteen hundred percent (99.13%) probability that Decedent Adel Sheshtawy was L.S.'s natural biological father, the latter which percentage is conclusive under Texas law that Decedent Adel Sheshtawy was L.S.'s natural biological father.

155.    At the time of his death, 8 August, 2011, Decedent Adel Sheshtawy and Plaintiff Valentina Sheshtawy were in the process of a divorce, Cause No. 2010-48274, 247th Judicial District Court, ***In The Matter of the Marriage of Sheshtawy***.[62] The divorce case commenced at the beginning of August 2010.[63]

156.    The 247th Texas Family District Court determined on a Motion for Summary Judgment that the relationship between Plaintiff Valentina and Decedent Adel Sheshtawy was in fact and *de jure*, as well, is a valid recognizable informal marriage.[64] ("...Valentina and Adel entered into informal marriage on September 26, 2005 and lived together thereafter as a married couple in the State of Texas.")

157.    Texas 247th Family District Court issued injunctions[65] on 11 October 2010,

---

[62] Plaintiff Valentina Sheshtawy does hereby incorporate herein its entireties the file in Cause No. 2010-48274 for all purposes.

[63] Plaintiff Valentina Sheshtawy and Plaintiff L.S. does hereby incorporate herein the entireties aforesaid DNA Report for all purposes, a redacted copy of which is hereto marked as Exhibit "5".

[64] Attached hereto marked as Exhibit "6" is a copy of 247th Texas Family District Court's Motion for Summary Judgment and the Summary Judgment Order, dated 10 March, 2011, which Plaintiff Valentina Sheshtawy does hereby incorporate herein its entireties through this reference for all purposes. That Order finds that L.S. is the natural biological child of Decedent Adel Sheshtawy and Valentina Sheshtawy.

[65] Attached hereto marked as Exhibit "7" is a copy of 247th Texas Family District Court's 11 October 2010 Injunction, which Plaintiff Valentina Sheshtawy does hereby incorporates herein its entireties through this reference for all purposes.

which prohibited Decedent Adel Sheshtawy from transferring assets and withdrawing money from his accounts.

158.   Decedent Adel Sheshtawy purportedly fraudulently nonetheless transferred assets to his brother Defendant Farouk Sheshtawy despite the Family District Court injunctions.

159.   In September 2011, Defendant Hanya Sustache and Defendant Nader Sheshtawy through their joint counsel Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C. initiated a probate proceeding and the Harris County Clerk assigned that case to Probate Court 1, Harris County, Texas, Cause No. 407,499 *In the Estate of Adel Sheshtawy, Deceased*.

160.   Defendant Judge Loyd Wright appointed Defendant Mr. Fuqua of Fuqua & Associates, P.C. as Temporary Administrator on October 13, 2011, Cause No. 407,499.[66] By and because of Defendant Judge Loyd Wright's appointment, Defendant Mr. Fuqua became Plaintiff Valentina Sheshtawy and Plaintiff L.S., as well as, Defendant Nader Sheshtawy and Defendant Hanya Sustache's fiduciary, as well as, as heirs Defendant Nader Sheshtawy and Defendant Hanya Sustache were also fiduciaries of the Sheshtawy Plaintiffs, as a matter of law.[67]

---

[66] Attached hereto marked as Exhibit "8" is a copy of 247th Texas Family District Court's 13 October 2011 Appointment, which Plaintiff Valentina Sheshtawy does hereby incorporates herein its entireties through this reference for all purposes.
[67] *Texas Bank and Trust Company v. A. E. Moore*, 595 S.W.2d 502 (Tex. 1980).

161.   Defendant Mr. Fuqua on 17 October 2011 initially posted a bond for $50,000.00USD. Defendant Probate Judge Loyd Wright increased the bond requirement to $250,000.00USD on 27 June 2012.[68]

162.   On 23 February 2012 Defendant M. Fuqua filed an Inventory, Appraisement and List of Claims for the Estate of Adel Sheshtawy as the temporary administrator of the decedent Adel Sheshtawy's intestate Estate.[69]

163.   Defendant Mr. Fuqua and Defendant Fuqua & Associates, P.C. filed an improper and incomplete inventory, which included exempt assets, such as the homesteaded residence and personal belongings, but excluding other valuable assets. Defendant Mr. Fuqua listed most of the assets with undetermined value, initially, as well as, in subsequent years.[70]

164.   Defendant Mr. Fuqua and Defendant Fuqua & Associates, P.C. filed an improper and incomplete Accountings. Defendant Mr. Fuqua listed most of the assets with undetermined value, initially, as well as, in subsequent years. Defendant Mr. Fuqua and Defendant Judge Loyd Wright are in violation of the statutory requirements for a proper, accurate and complete Inventory, Appraisement and List of Claims.

---

[68] US Specialty Insurance Company: bond penalty not to exceed $ 3,000,000.00. Expired on July 3, 2015.
[69] Attached hereto marked as Exhibit "9" is a copy of 23 February 2012 Inventory, Appraisement and List of Claims, which Plaintiff Valentina Sheshtawy does hereby incorporates herein its entireties through this reference for all purposes.
[70] NOTE: Appraisement of estate is a statutory requirement, Texas Estate Code § 309.051(b) and it should be done within 91 days after the administrator qualifies.

165.    Once filed with the Harris County Clerk, the Inventory, Appraisement and List of Claims for the Estate of Adel Sheshtawy became a government document under Texas Penal Code § 37.01.[71] Under Penal Code § 37.10 tampering with a governmental record pursuant to Tex. Penal Code § 37.10 is stated as: "(a) A person commits an offense if he: … (5) makes, presents, or uses a governmental record with knowledge of its falsity…"[72] Defendant Mr. Fuqua knew the document was false, as did Defendant Fuqua & Associates, P.C., Defendant Nader Sheshtawy, Defendant Hanya Sustache, Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C.

166.    On 7 March 2012 Defendant Judge Loyd Wright approved the Inventory of the Estate of Adel Sheshtawy which still did not include any Appraisement of Assets. No one requested the appointment of appraiser(s) and the Court did not do so on its own initiative, as statutorily required.[73]

167.    On 7 May 2015 Defendant Judge Loyd Wright appointed Defendant Nader Sheshtawy and Defendant Hanya Sustache as Independent Co-Administrators of the Decedent Adel Sheshtawy's intestate Estate. By and because of this appointment by Defendant Judge Loyd Wright of Defendant Nader Sheshtawy and Defendant Hanya Sustache as Co-Administrators of the Estate of Adel Sheshtawy, Defendant Nader

---

[71] One definition of a governmental record is "anything belonging to, received by, or kept by government for information, including a court record." Tex. Penal Code Ann. § 37.01(2)(A)(Vernon Supp. 2004-2005).
[72] **State v. Vasilas, Supra**. A pleading filed for a Court is a governmental record.
[73] Texas Estate Code § 309.001.

Sheshtawy and Defendant Hanya Sustache's fiduciary relationship with Plaintiff Valentina Sheshtawy and Plaintiff L.S. was enhanced, as a matter of Texas law.

168. In October 2011, Defendant Nader Sheshtawy, afterwards and now a Co-Administrator of the Estate of Decedent Adel Sheshtawy, sold the house at 6623 Ivy Heath, Houston, Texas 77041, where Decedent Adel Sheshtawy was living during the pending divorce. Defendant Nader Sheshtawy deposited the proceeds of this sale into his own Bank of America account, which constitutes blatant commingling and is a serious breach of his fiduciary duties. At the time Defendant Nader Sheshtawy sold this property, he was not Co-Administrator of Decedent Adel Sheshtawy's Estate, rather Defendant Mr. Fuqua, who Defendant Judge Wright had appointed Temporary Administrator was supposedly handling Decedent Adel Sheshtawy's probate Estate. Defendant Mr. Fuqua knew that Defendant Nader Sheshtawy had sold the house. (Decedent Adel Sheshtawy was found dead in that same house and the vehicle Decedent Adel Sheshtawy had been driving, an Acura MDX, mysteriously was moved to the business address at 6324 Cunningham Road, Houston, Texas 77041 and in following then this vehicle completely disappeared from the business property and from the estate of Adel Sheshtawy without a trace). Also this property was part of AJZ Investments, an investment company owned by Decedent Adel Sheshtawy. Defendant Nader Sheshtawy has claimed he was the president and Defendant Farouk Sheshtawy, brother to Decedent Adel Sheshtawy claimed he was the owner. There is and was no documentary evidence for these claims. Defendant Nader Sheshtawy's unjust enrichment and money had

and received for the real estate sale proceeds is and was in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

169.    No one ever sought permission or approval from Probate Court 1 as was and is statutorily required for Defendant Nader Sheshtawy's to sell the real estate referenced nor the Acura automobile. This sale was never reported to Probate Court 1 in any way, as was and is statutorily required. There was no report to Probate Court 1 as to who sold the property, for how much and to whom the proceeds were paid, as was and is statutorily required. These acts represent in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

170.    Defendant Nader Sheshtawy admitted in a 23 November, 2011 Deposition[74] that he had sold the property. In the same deposition Defendant Nader admitted that Plaintiff Valentina Sheshtawy was Decedent Adel Sheshtawy's wife. Also Defendant Mr. Fuqua personally examined Defendant Nader Sheshtawy regarding the sale of the house, but did not report to the Probate Court 1 regarding the sale and did not make any effort to recover the money ($153,000.00USD) for the Estate of Adel Sheshtawy. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts are also RICO predicate acts.

171.    No one ever reported to Probate Court 1 that the house had been sold, as was and is statutorily required.

---

[74] A Transcript of this deposition is available.

172.    Decedent Adel Sheshtawy's personal pre-demise financial statement states that he alone owned AJZ Investments.[75] This ownership of AJZ Investments Defendant Mr. Fuqua and Defendant Fuqua & Associates, P.C., as well as, Defendant Nader Sheshtawy and Defendant Hanya Sustache all knew. None of these Defendants ever informed Probate Court 1 of these facts. These acts represent in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

173.    In August 2014, Defendant Nader Sheshtawy sold the house at 12207 Cabo Blanco Court, Houston, Texas, which is and was across the street from where the property in which Plaintiff Valentina Sheshtawy with her son and her minor child L.S. now reside together, in fact also where the Decedent Adel Sheshtawy had resided with his common law wife, Plaintiff, Valentina Sheshtawy since the beginning of January 2008. AJZ Investments also owned 12207 Cabo Blanco Court at the time of Decedent Adel Sheshtawy's death. Defendant Nader Sheshtawy failed to seek permission or approval from Probate Court 1 as well for this sale, as was statutorily required and mandated. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts are also RICO predicate acts.

---

[75] A copy of Decedent Adel Sheshtawy's referenced financial statement is hereto attached marked as Exhibit "10", which Plaintiff Valentina Sheshtawy and Plaintiff L.S. do hereby incorporate herein for all purposes.

174.    Nonetheless somehow Defendant Farouk Sheshtawy "assigned" AJZ Investments to Defendant Nader Sheshtawy in a 2 December 2013 settlement agreement entered of record in Probate Court 1 case 407,499-402 and incorporated in case 407,499.[76] These acts represent in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. They also constitute tampering with a governmental record, a violation of Texas Penal Code § 37.02(a)(5).

175.    Defendant Judge Loyd Wright entered an Order on 10 January 2013 in Probate Case No. 407,499-401, which stated that Aaron Pool and Misty McDonald on Plaintiff Valentina Sheshtawy's behalf had non-suited her claims without prejudice,[77] because Defendant Farouk Sheshtawy was not a necessary party, as he was not Decedent Adel Sheshtawy's heir.[78]

---

[76] Exhibit "11", which Sheshtawy Plaintiffs do hereby incorporate herein it entireties for all purposes.
[77] Exhibit "12", which Sheshtawy Plaintiffs do hereby incorporate herein it entireties for all purposes, which the heading on the Order states with prejudice but in the body of the Order it states without prejudice.
[78] Please note that Farouk Sheshtawy executed stock powers to transfer other assets to Defendant Nader Sheshtawy and the Estate of Adel Sheshtawy as follows: 1) AJZ Inv. To Defendant Nader Sheshtawy; 2) Drilling Tools Inc.: 65% to the estate of Decedent Adel Sheshtawy and 35% to Defendant Nader Sheshtawy, as well as, authorized Defendant Michael Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, to transfer the stock on the books of the Corporation; 3) Defendant Farouk Sheshtawy transferred Drill Bit Inds. (DBI) Inc. to the Estate of Adel Sheshtawy, authorizing Defendant Michael Fuqua to transfer the stock on the books of the Corporation; 4) Defendant Farouk Sheshtawy transferred TRI-MAX Inc. to the Estate of Adel Sheshtawy authorizing Defendant Michael Fuqua to transfer the stock on the books of the Corporation. Also please give special attention to the page where Defendant W. Cameron McCulloch signed on L.S.'s behalf Defendant W. Cameron McCulloch's signature was notarized by James Stilwell, attorney for Defendant Farouk Sheshtawy with Martin & Stilwell, LLP, 1400 Woodlock Forest Drive, Suite 590, Houston, Texas 77380. Also Defendant W. Cameron McCulloch has never been appointed to represent L.S. in Probate Case No. 407,499-402 matter (McCulloch was appointed Attorney *ad litem* for L.S. on 28 February 2013 in which the Order was file-stamped on 7 March 2013 for Probate Case No. 407,499-401 and on 25 October 2013 for Probate Case No. 407,499 in relation to Application for Determination and Declaration of Heirship.).

176.    Defendant Nader Sheshtawy then took possession of AJZ Investment, despite the fact that Defendant Farouk Sheshtawy could not assign an asset which he did not own. If Decedent Adel Sheshtawy transferred AJZ Investments to Defendant Farouk Sheshtawy during the divorce, that transfer is a direct violation of the 247th Texas Family District Court injunctions that were in full force and effect at that time.

177.    Per the Texas Estate Code in effect at the time of Decedent Adel Sheshtawy's demise, his minor child L.S. had a definable and ascertainable interest in that Estate as did Plaintiff Valentina Sheshtawy.[79]

178. On 28 February 2013 Defendant Judge Loyd Wright appointed Defendant W. Cameron McCulloch, Esquire of the law firm Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. to act as the minor child L.S.'s attorney *ad litem* and only in Probate Court 1 Case 407,499-401.[80]

---

Exhibit "12" is a copy of the 25 October 2013 Order, and Exhibit "13" is a copy of the 7 March 2013 Motion and Order, which Plaintiffs hereby do incorporate herein their entireties for all purposes.

[79] Texas Estate Code § 201.002 provides, as did the predecessor Probate Code §, that: " Intestate Separate Estate: (a) If a person who dies intestate leaves a surviving spouse, the estate, other than a community estate, to which the person had title descends and passes as provided by this section. (b) If the person has one or more children or a descendant of a child: (1) the surviving spouse takes one-third of the personal estate; (2) two-thirds of the personal estate descends to the person's child or children, and the descendants of a child or children; and (3) the surviving spouse is entitled to a life estate in one-third of the person's land, with the remainder descending to the person's child or children and the descendants of a child or children.

[80] Attached hereto marked as Exhibit "14" is a copy of 28 February 2013 Assignment of Defendant W. Cameron McCulloch, Esquire as attorney *ad litem*, which Plaintiff Valentina Sheshtawy does hereby incorporate herein its entireties through this reference for all purposes. This Order was file-stamped on 7 March 2013.

179.    On behalf of the minor child L.S., Defendant W. Cameron McCulloch signed and agreed to the agreement and assignment of AJZ Investments hereinabove referenced on Plaintiff L.S.'s behalf. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

180.    Plaintiff Valentina Sheshtawy retained John Elliott, Esquire as her attorney, when she discovered that Defendant McDonald Worley and Defendant W. Cameron McCulloch were deceiving her. At this point in time Plaintiff Valentina Sheshtawy discovered that there was a company called AJZ Investment, without the "s" at the end. Defendant Nader Sheshtawy nonetheless was claiming he at that point owned AJZ Investments.

181.    Decedent Adel Sheshtawy had paid cash for the house at 12207 Cabo Blanco Court, Houston, Texas 77041 and he was receiving rent in the amount of $4,400USD monthly from this rental property prior to his death, after that the whereabouts of the rent payment is unknown. Defendant Nader Sheshtawy then sold the rental house. Defendant Nader Sheshtawy also sold the house at 11706 Highgrove Fr., Houston, Texas 77077 and then deposited the proceeds in the court registry, until Defendant Mr. Fuqua and Defendant Fuqua & Associates, P.C. requested to withdraw the money ($137,555.14USD). These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.    These acts are also RICO predicate acts.

182.    On 12 July 2012 Defendant Mr. Fuqua and Fuqua & Associates P.C. entered into an Equipment Lease agreement with Defendant Nader Sheshtawy with the approval of

Defendant Judge Loyd Wright.[81] These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

183.    Defendant Nader Sheshtawy removed estate assets, i.e. Enlarge While Drilling and Expandable Stabilizer oil tools that Decedent Adel Sheshtawy had patented and was manufacturing at the time of his death from Decedent Adel Sheshtawy's business office at 6324 Cunningham Road., Houston, Texas 77041 and then moved these to Defendant Nader Sheshtawy's business office, which constitutes conversion and criminal theft of these assets, which belonged to the Estate of Adel Sheshtawy. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

184.    On 6 March 2013 Defendant Loyd Wright denied Defendant Nader Sheshtawy and Defendant Hanya Sustache's traditional and no evidence Motions for summary judgment in Probate case 407, 499-401 on their joint contest of Plaintiff Valentina Sheshtawy actually having been married to Decedent Adel Sheshtawy, although neither Defendant Judge Loyd Wright nor Defendant Associate Judge Ruth Ann Stiles ever acknowledged the Sheshtawy common law marriage.

185.    On 6 March 2013 Defendant Judge Loyd Wright also denied Plaintiff Valentina Sheshtawy's Motion for summary judgment where she sought to establish the validity of her

---

[81] Exhibit "15" is a copy of the 12 July 2012 Order 23 in 407,499, which Plaintiffs Sheshtawy do hereby incorporate herein its entireties for all purposes.

common law marriage to Decedent Adel Sheshtawy in Probate case 407,499-401, in spite of the 247th Texas District Family Court's previous recognition of the marriage in a previous Order.[82]

186.   At all times relevant hereto Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James P.C. represented Defendant Nader Sheshtawy and Defendant Hanya Sustache in the proceedings before Defendant Judge Loyd Wright of Probate Court 1 for Harris County, Texas, as their legal counsel.

187.   At all times relevant hereto Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James P.C. in representing Defendant Nader Sheshtawy and Defendant Hanya Sustache as the administrators of the Estate of Adel Sheshtawy in the proceedings before Defendant Judge Loyd Wright of Probate Court 1 for Harris County, Texas, as their legal counsel also were representing the Estate of Adel Sheshtawy.

188.   An attorney at law under Texas law is a fiduciary of his or her or their client. As representative attorneys of the Estate of Adel Sheshtawy, Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James P.C. were fiduciaries of the statutory beneficiaries of that Estate, Defendant Hanya Sustache, Defendant Nader

---

[82] Defendant Judge Wright made this ruling despite his own knowledge that the marriage of Plaintiff Valentina Sheshtawy and Decedent Adel Sheshtawy had already been recognized to exist in the Texas 274th Family District Court proceedings. Decedent Adel Sheshtawy admitted to the viability of that marriage in a 30 November 2007 deposition given for another case.

Sheshtawy, Plaintiff Valentina Sheshtawy and Plaintiff L.S.

189.    In April of 2013 Plaintiff Valentina Sheshtawy retained Defendant Mr. Worley and Defendant McDonald Worley, P.C. to represent her individually.[83]

190.    In the course of that representation, Defendant Mr. Worley acting in total bad faith against the interests of his client Plaintiff Valentina Sheshtawy exerted duress and coercion over Plaintiff Valentina Sheshtawy, at one point telling her that she was losing the case, that Defendant Judge Loyd Wright would strike her pleadings, because of her refusal to execute a Power of Attorney naming a lawyer in Bulgaria as her attorney in fact, which Bulgarian attorney Defendant Nader Sheshtawy and Defendant Hanya Sustache had retained. Defendant Nader Sheshtawy and Defendant Hanya Sustache had raised the issue of how much child support Plaintiff Valentina Sheshtawy was being paid or could be paid for her minor son by another marriage in the course of determining how much child support or allowance the Estate of Adel Sheshtawy should pay for Plaintiff L.S. to Plaintiff Valentina Sheshtawy, when her minor son from her previous Bulgarian marriage and divorce was not even before the Court or in any way a party to the Probate Court 1 proceedings involving the Estate of Adel Sheshtawy. Defendant Judge Loyd Wright had entered a 26 April 2013 Order,[84] by which Plaintiff Valentina Sheshtawy was to sign a Power of Attorney naming a Bulgarian lawyer unknown to her and whom Defendant Nader Sheshtawy and Defendant Hanya

---

[83] "Defendant Mr. Worley".
[84] Exhibit "16," which Sheshtawy Plaintiffs do hereby incorporate herein it entireties for all purposes.

Sustache had retained. Defendant Sarah Pacheco also at this time was moving for sanctions against Plaintiff Valentina Sheshtawy. Plaintiff Valentina Sheshtawy offered to provide through a lawyer, who Plaintiff Valentina Sheshtawy personally knew in Bulgaria the documents related to her son's Bulgarian child support case, whereby and wherefrom Plaintiff Valentina Sheshtawy had never received any child support. Plaintiff Valentina Sheshtawy had previously provided the Bulgarian divorce decree showing the termination of the previous marriage. Defendant Nader Sheshtawy and Defendant Hanya Sustache (through Defendant Sarah Pacheco) had rejected the offer for the proffered documents. Plaintiff Valentina Sheshtawy had objected also to signing the Power of Attorney to Ms. Arsenova, a Bulgarian lawyer, whom Defendant Nader Sheshtawy and Defendant Hanya Sustache had retained, because Plaintiff Valentina Sheshtawy had been informed that Ms. Arsenova was and is related to Plaintiff Valentina Sheshtawy's former husband in Bulgaria. Defendant Sarah Pacheco, however, denied this in a hearing held in Probate Court 1, on 28 February 2013, when and where Defendant Sarah Pacheco stated that her clients had found Ms. Arsenova through the Bulgarian Embassy in Washington. At the same hearing, Defendant Sarah Pacheco handed to Valentina a copy of Bulgarian document on which was affixed a stamp from a court in the town where Plaintiff Valentina Sheshtawy's former husband lives and the only way to obtain such document was directly from Plaintiff Valentina Sheshtawy's former husband. Plaintiff Valentina Sheshtawy possesses an e-mail correspondence showing how Defendant Nader Sheshtawy was conspiring with Plaintiff Valentina Sheshtawy's former

husband in Bulgaria, Ognyan Tassev to "kick" Plaintiff Valentina Sheshtawy out of Adel Sheshtawy's estate "forever".[85]

191.    Defendant Mr. Worley and Defendant McDonald Worley, P.C. also told Plaintiff Valentina Sheshtawy that she would never have a trial. Defendant Mr. Worley and Defendant McDonald Worley, P.C. through threats, prevarications, coercion and severe intimidation, all constituting duress and coercion forced Plaintiff to execute a 28 May 2013 Texas Rule of Civil Procedure 11 settlement agreement,[86] whereby Plaintiff Valentina relinquished all of her rights to her statutory portion of the Estate of her common law husband, Decedent Adel Sheshtawy.

192.    Defendant Mr. Worley was working in collusion with and became one of the Sheshtawy Defendants, all overseen by Defendant Judge Loyd Wright, in order to defeat Plaintiff Valentina Sheshtawy's legitimate claims to her statutory share of Decedent Adel Sheshtawy's Estate. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

193.    Defendant Mr. Worley at all times relevant hereto was Plaintiff Valentina Sheshtawy's fiduciary, to whom he had fiduciary duties of total loyalty, fidelity and candor, as a matter of Texas law.

---

[85] Exhibit "17" is a copy of the referenced email, which Plaintiff Valentina Sheshtawy does hereby incorporates herein its entireties for all purposes.
[86] Attached hereto marked as Exhibit "18" is a copy of 28 May 2013 Texas Rule of Civil Procedure 11 Agreement, which Plaintiff Valentina Sheshtawy does hereby incorporates herein its entireties through this reference for all purposes.

194.    Defendant Mr. Worley has breached those fiduciary duties and has violated Texas Penal Code § 35.02 and § 32.46, which has caused injury and damages to Plaintiff Valentina Sheshtawy's and Plaintiff L.S.'s property, for which they herein sue.

195.    Each and all of the Sheshtawy Defendants have entered into a conspiracy to further their civil and criminal conspiracies, as well as, their common schemes of racketeering, which has caused injury and damages to Plaintiff Valentina Sheshtawy's and Plaintiff L.S.'s property, for which they herein sue. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

196.    In May 2013 prompted and assisted by Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C., Defendant Nader Sheshtawy and Defendant Hanya Sustache interfered with and stopped Plaintiff Valentina Sheshtawy's and L.S.'s social security survivors' benefits, which was the only income they had at the time, by presenting untruthful information to the Social Security Administration.    These   acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

197.    At no time before Plaintiff Valentina Sheshtawy was executing the referenced Rule 11 Agreement under duress and as coerced, did either Defendant Mr. Worley, Defendant McDonald Worley & Associates, P.C., Defendant W. Cameron McCulloch, and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. explain to Plaintiff Valentina

Sheshtawy her homestead and inheritance rights. Neither mentioned at any time that the minor child Plaintiff L.S. also had similar rights to inherit from Decedent Adel Sheshtawy through his estate. At that time Plaintiff Valentina Sheshtawy was totally unfamiliar with Texas law. Plaintiff Valentina Sheshtawy was thus heavily relying upon Defendant Mr. Worley. Defendant Mr. Fuqua, the Temporary Administrator of the Estate of Adel Sheshtawy had included the house where Plaintiff Valentina Sheshtawy resided with her children at 12206 Cabo Blanco Court., Houston, Texas 77041, in the inventory of the estate and Plaintiff Valentina Sheshtawy was unaware that the residence should not have been so listed, because neither her lawyer Defendant Mr. Worley, nor the temporary Administrator, Defendant Mr. Fuqua nor Defendant W. Cameron McCulloch had explained these refinements of Texas law to her. Defendant W. Cameron McCulloch and Defendant Mr. Worley obtained the aforesaid Rule 11 Settlement Agreement through their fraud and artifice against Plaintiff Valentina Sheshtawy and the minor child L.S. This Rule 11 Agreement the Sheshtawy Defendants filed with the Court. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

198.    Defendant W. Cameron McCulloch, as her attorney *ad litem* owed Plaintiff the minor child L.S. fiduciary duties, including those of total loyalty, complete candor, full disclosure and fidelity to her, as well as, to her mother and guardian, Plaintiff Valentina

Sheshtawy. Defendant W. Cameron McCulloch, Esquire breached those fiduciary duties he owed to the minor child L.S., by which said minor child L.S. proximately and directly has suffered damages to her property, for which her next friend Valentina Sheshtawy herein sues. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

199.   Plaintiff Valentina Sheshtawy has filed an appeal in the Texas 14th Court of Appeals, Cause No. 14-14-00515-CV related to the residence and the settlement.

200.   At all times relevant hereto there also existed between Defendant Mr. Worley, Defendant McDonald Worley, P.C., Defendant W. Cameron McCulloch, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Fuqua, Defendant Fuqua & Associates, P.C., Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Hanya Sustache, Defendant Farouk Sheshtawy, and Defendant Nader Sheshtawy civil and criminal conspiracies in furtherance of their racketeering schemes as assisted by Defendant Ms. Hightower, Defendant Judge Loyd Wright and Defendant Associate Judge Stiles, by and through which Plaintiff Valentina Sheshtawy and the minor child L.S. have suffered substantial damages, as well as, injury to their property, by these named Defendants through their illegal usurping and unlawful taking over of the Estate of Decedent Adel Sheshtawy and Plaintiff L.S.'s Guardianship Estate, for

which Sheshtawy Plaintiffs herein sue. These acts of commission and omission constitute serious breaches of fiduciary duty, as well as, constitute fiduciary fraud and theft under Texas law.

201.   After the 28 May 2013 Rule 11 settlement referenced hereinabove was executed, Plaintiff Valentina Sheshtawy's lawyer Defendant Mr. Worley entreated her to execute an application requesting the Probate Court 1 to appoint Defendant W. Cameron McCulloch, as Guardian of the Estate for the minor child L.S. Plaintiff Valentina Sheshtawy suspected that was wrong and began to interrogate thoroughly Defendant Mr. Worley. At this point she had figured out that Defendant Mr. Worley had not and was not being truthful with her. Plaintiff Valentina Sheshtawy then told Defendant Mr. Worley that she wanted to withdraw consent from and for the 28 May 2013 Rule 11 Settlement Agreement, because, as a mother, she felt it was wrong, but Defendant Mr. Worley completely ignored her and her entreaties *inter alios*. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

202.   Defendant Mr. Worley breached his fiduciary duties of total loyalty, complete candor, full disclosure and confidence to his client, Plaintiff Valentina Sheshtawy, which has caused her damages and injury to her property, including but not limited to her loss through

Defendant Mr. Worley's advice of and from the relinquishing of her statutory widow's share of the Estate of Decedent Adel Sheshtawy, for which she herein sues. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

203.    Plaintiff Valentina Sheshtawy filed a legal malpractice suit against Defendant Mr. Worley. Defendant Judge Loyd Wright clawed it from the 189th District Court to his own Court, Probate Court 1 and then dismissed the case. The order to transfer the district cause 2014-5307 to Probate Court 1 was signed on 7 November, 2014.

204.    Defendant W. Cameron McCulloch proceeded in bad faith and with conscious indifference in his representation of Plaintiff L.S., as her attorney *ad litem*. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

205.    Defendant W. Cameron McCulloch as attorney *ad litem* owed his client ward a legal duty that he would represent Plaintiff L.S. competently at and within the standard of practice (care) of an ordinarily prudent attorney *ad litem* practicing in Harris County Texas. Defendant W. Cameron McCulloch breached aforesaid duty rendering services below the

aforesaid standard of care negligently and in fact did treat the case for Plaintiff L.S. grossly negligently in bad faith with conscious indifference. As a direct and proximate result of Defendant W. McCulloch omissions and commissions aforesaid, Plaintiff L.S. has been injured and damaged in her property, i.e. her actual and full statutorily defined interest in the intestate Estate of Adel Sheshtawy.

206.   Defendant Mr. Worley proceeded in bad faith and with conscious indifference in his representation of Plaintiff Valentina Sheshtawy, as her attorney.

207.   Defendant Mr. Worley as attorney for Plaintiff Valentina Sheshtawy owed his client a legal duty that he would represent her competently at and within the standard of practice (care) of an ordinarily prudent attorney practicing in Harris County Texas. Defendant Mr. Worley breached aforesaid duty rendering services below the aforesaid standard of practice (care) negligently and in fact did treat the cases for Plaintiff Valentina Sheshtawy grossly negligently in bad faith with conscious indifference. As a direct and proximate result of Defendant Mr. Worley's omissions and commissions aforesaid, Plaintiff Valentina Sheshtawy has been injured and damaged in her property, i.e. her statutorily defined interest in the intestate Estate of Adel Sheshtawy.

208.   Defendant Judge Loyd Wright presided as a Texas judicial officer as Probate Judge 1 for Harris County Texas. Statutory Probate Courts in the State of Texas have and do exercise equitable jurisdiction, as Courts of equity.

209.   On 17 July 2013, Defendant W. Cameron McCulloch, who had executed the

28 May 2013 Rule 11 Settlement Agreement in Probate Case 407,499-401 on the minor child L.S.'s behalf, sought the approval of that settlement by Probate Court 1. Defendant Judge Loyd Wright without any hearing approved the 28 May 2013 Rule 11 Settlement Agreement. Plaintiff Valentina Sheshtawy the minor child L.S.'s natural mother was not given any Notice about that filing until after Defendant Judge Loyd Wright had signed the Order and as a practicality was not given chance to even attempt to repudiate the 28 May 2013 Rule 11 Settlement Agreement. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. On the part of Defendant Judge Loyd Wright they also constitute in addition to official oppression on his part, violation of Plaintiff Valentina Sheshtawy's procedural rights under the federal and state constitutions. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

210. Due process and due course in instances herein described always require a notice and a hearing.

211. Decedent Adel Sheshtawy's intestate Estate according to his own business records and financial statements was worth some $36,000,000USD at the time of his death.

212. On 23 January 2015, Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. filed an Application for Authority for Guardian to Enter Into Settlement (A.K.A – Distribution) Agreement Regarding the Estate of Adel

Sheshtawy in Probate Case 425238,  where he waived most of Plaintiff L.S.'s actual and total statutory share of the Estate of her late father Decedent Adel Sheshtawy in the attached proposed Family Settlement and Distribution Agreement  to the detriment of her property interest in that Estate in exchange for the proceeds of the sale of the house where Plaintiff L.S. resided and resides with her half-brother and her mother, Plaintiff Valentina Sheshtawy, valued at somewhere around $500,000USD. Defendant Judge Loyd Wright signed the Order granting the application on 8 April 2015. Had Defendant W. Cameron McCulloch insisted on the filing by Defendant Mr. Fuqua and Fuqua & Associates, P.C. of an accurate and complete Appraisement, Inventory and List of claims for the Estate of Adel Sheshtawy or had Defendant W. Cameron McCulloch insisted on the filing by Defendant Nader Sheshtawy and Defendant Hanya Sustache of an accurate and complete Appraisement, Inventory and List of Claims, as well as, for a statutory accounting for the Estate of Adel Sheshtawy he would have avoided being grossly negligent in the handling of Plaintiff L.S.'s Guardianship Estate and would have avoided such serious breaches of his fiduciary duties owed to Plaintiff L.S. These acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

213.    Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young P.C. also did not file a complete nor accurate Inventory, Appraisement[87] and List of Claims for Plaintiff L.S.' Guardianship Estate, which acts of commission and omission constitute serious breaches of fiduciary duty and fiduciary fraud under Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

214.    In August 2013, Plaintiff Valentina Sheshtawy consulted with another probate lawyer, John Elliott, Esquire, who confirmed for her that Defendant Mr. Worley had been

---

[87] Texas Estate Code §1154.051:
"(a) Not later than the 30th day after the date the guardian of the estate qualifies, unless a longer period is granted by the court, the guardian shall file with the court clerk a single written instrument that contains a verified, full, and detailed inventory of all the ward's property that has come into the guardian's possession or of which the guardian has knowledge. The inventory must:
    (1) include:
            (A) all the ward's real property located in this state; and
            (B) all the ward's personal property regardless of where the property is located; and
    (2) specify:
            (A) which portion of the property is separate property and which is community property; and
            (B) if the property is owned in common with other persons, the ward's interest in that property.
 (b) The guardian shall:
        (1) set out in the inventory the guardian's appraisement of the fair market value of each item in the inventory on the date of the grant of letters of guardianship; or
        (2) if the court has appointed an appraiser for the estate:
            (A) determine the fair market value of each item in the inventory with the assistance of the appraiser; and
            (B) set out in the inventory the appraisement made by the appraiser.
(c) The court for good cause shown may require the guardian to file the inventory and appraisement not later than the 30th day after the date of qualification of the guardian.
(d) The inventory, when approved by the court and filed with the court clerk, is for all purposes the inventory and appraisement of the estate referred to in this title."

untruthful with Plaintiff Valentina Sheshtawy.

215.   Had Defendant Judge Loyd Wright insisted on the filing by Defendant Mr. Fuqua and Defendant Fuqua & Associates, P.C. of an accurate and complete Appraisement, Inventory and List of Claims for the Estate of Adel Sheshtawy or had Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young P.C. insisted on the filing by Defendant Nader Sheshtawy and Defendant Hanya Sustache of an accurate and complete Appraisement, Inventory and List of Claims for the Estate of Adel Sheshtawy and an accurate statutory accounting for that Estate's administration or had Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young P.C. filed an accurate Inventory and Appraisement of Plaintiff L.S.'s Guardianship Estate, they would have avoided committing official oppression. These acts of commission and omission constitute conscious indifference and gross negligence as a matter of Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

216.   In September 2013, Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young P.C. filed their application requesting the Court to appoint Defendant W. Cameron McCulloch as Guardian of the Guardianship Estate for the minor child Plaintiff L.S. because Plaintiff Valentina Sheshtawy had refused to execute the application as Defendant Mr. Worley and Defendant McDonald Worley, P.C. had been and

were requesting. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

217.    At that time Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, P.C. intended to sign another settlement agreement on the minor child Plaintiff L.S.'s behalf in Probate Case 407,499-402. This was the case which involved Defendant Farouk Sheshtawy, the Decedent Adel Sheshtawy's brother, who at that time provided Plaintiff Valentina Sheshtawy with a copy of the proposed settlement. If the first 28 May 2013 Rule 11 Settlement Agreement was unfair to the minor child Plaintiff L.S., the second was even more unfair to the minor child Plaintiff L.S.[88] Based on this settlement Defendant Farouk Sheshtawy was to obtain a stock account worth $1,000,000USD valued as of the date of filing for the divorce in August 2010. As per TD Ameritrade lawyer, William Radford, Esquire, of October 2011, the balance of the account was $720,410USD, although the amount was not disclosed in the agreement. Plaintiff Valentina Sheshtawy had personal knowledge about the Estate of Decedent Adel Sheshtawy's assets. As per this settlement, Defendant Farouk Sheshtawy, who did not own the assets, was to "assign" such assets belonging to the Estate of Adel Sheshtawy to Defendant Nader Sheshtawy and thus reducing

---

[88] Attached hereto marked as Exhibit "19" is a copy of Texas Rule of Civil Procedure 11 Agreement, which Plaintiff Valentina Sheshtawy does hereby incorporate herein its entireties through this reference for all purposes.

the minor child Plaintiff L.S.'s statutory portion of her father, Decedent Adel Sheshtawy's Estate. Defendant Farouk Sheshtawy could not assign those assets because he was not the owner of those assets. If during the Sheshtawy divorce, Decedent Adel Sheshtawy had transferred assets to Defendant Farouk Sheshtawy, these transfers at that time were not legal, because there were injunctions in place against any such transfers. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

218.    Plaintiff Valentina Sheshtawy retained John Elliott, Esquire to intercede and protect the minor child Plaintiff L.S.'s interest in the Estate of Adel Sheshtawy and in Plaintiff L.S.'s own Guardianship Estate.

219.    Defendant W. Cameron McCulloch initially gave John Elliott indications, that they could meet with Plaintiff Valentina Sheshtawy and discuss what was and would be in the minor child Plaintiff L.S.'s best interest in regards to the proposed settlement in Probate case 407,499-402, but in the end Defendant W. Cameron McCulloch was acting in concert and league with Defendant Sarah Pacheco, Defendant Kathleen Beduze, and Defendant Crain, Caton & James, P.C. for their own unjust enrichment and that of their clients, Defendant Nader Sheshtawy and Defendant Hanya Sustache. These acts of commission constitute lulling by Defendant W. Cameron McCulloch.

220.    On 12 November 2013 John Elliott, Esquire entered his appearance in the

Probate Court 1 cases, representing Plaintiff Valentina Sheshtawy and the minor child Plaintiff

L.S. Neither John Elliott, Esquire nor Plaintiff Valentina Sheshtawy were ever notified about

hearings in Probate Court 1, which constituted further due process and due course violations,

as well as, of official oppression.

221.   Defendant Michael Fuqua and Defendant Fuqua & Associates, P.C. filed an

Application to ratify confidential binding settlement agreement twice on 21 October 2013 and

again on 2 December 2013 in Probate Court 1 case 407,499 and 407,499-402. Defendant

Judge Wright signed a 2 December 2013 Order approving this application,[89] again without

any Notice for a hearing to either Plaintiff Valentina Sheshtawy or her counsel. These acts of

commission and omission constitute serious breaches of fiduciary duty, as well as, constitute

fiduciary fraud and theft under Texas law. These acts represent in addition to breach of

fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft.

These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO

predicate acts.

222.   On 2 December 2013 without any Notice for a Hearing Defendant Judge Loyd

Wright signed an Agreed Final Judgment in Probate 1 Case 407,499.[90] This is and was a due

process violation because again neither Plaintiff Valentina Sheshtawy nor her counsel, John

Elliot, Esquire were notified about the hearing. This was another act of official oppression.

---

[89] Exhibit "20" which Sheshtawy Plaintiffs do hereby incorporate herein its entireties for all purposes.
[90] Exhibit "21" which Sheshtawy Plaintiffs do hereby incorporate herein its entireties for all purposes.

These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

223.    Defendant Judge Loyd Wright appointed Defendant Michael Fuqua and Defendant Fuqua & Associates, P.C. to represent the unknown heirs and Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, P.C. to represent the minor child Plaintiff L.S. as Attorney *ad litem* for an heirship hearing. Neither John Elliott nor Plaintiff Valentina Sheshtawy was notified. Plaintiff Valentina Sheshtawy was not notified through Defendant Mr. Worley and Defendant McDonald Worley, P.C., as well, about the hearing on 19 December 2013 determining heirship.

224.    On 19 December 2013 Defendant Judge Loyd Wright entered a Judgment Declaring Heirship. Plaintiff Valentina Sheshtawy received no Notice of that hearing either, either individually or as the legal guardian of the minor child Plaintiff L.S.[91] No Citation was issued for or to Plaintiff Valentina Sheshtawy, although she was entitled statutorily to Citation. At that time Defendant W. Cameron McCulloch was not a guardian of the minor child Plaintiff L.S.

225.    Under Texas law, due process and due course required that Plaintiff Valentina Sheshtawy should have been sent notices of the hearings and the intended actions that Defendants intended to take and complete. Plaintiff Valentina Sheshtawy had to be notified

---

[91] Exhibit "22" which Sheshtawy Plaintiffs do hereby incorporate herein its entireties for all purposes.

as the legal guardian of the minor child Plaintiff L.S. At that time Defendant W. Cameron McCulloch was not a Guardian of the minor child Plaintiff L.S.'s Guardianship Estate and therefore the settlement agreement in Probate sub case 407,499-402 is probably invalid and voidable. There is a due process violation in the heirship proceeding as well. The Citation by posting for the unknown heirs was issued but the known heirs were not notified. Plaintiff Valentina Sheshtawy did not receive a Citation individually and/or for the minor child Plaintiff L.S. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

226.   On 10 January, 2014 John Elliott, Esquire requested the Court to void the Probate 1 sub case 407,499-402 settlement agreement and to set aside the house as homestead, as well as, he also filed a *lis pendens* on Plaintiff Valentina Sheshtawy's behalf. John Elliott, Esquire also filed a contest to Defendant W. Cameron McCulloch's appointment as Guardian of the Guardianship Estate for the minor child Plaintiff L.S. In following thereafter Defendant Judge Loyd Wright quickly appointed Defendant W. Cameron McCulloch as Guardian of the minor child Plaintiff L.S.'s Guardianship Estate. Defendant Michael Fuqua, who had no interest in these matters, as Temporary Administrator then filed a Motion to Show Authority and Defendant Judge Loyd Wright signed an Order stating that Plaintiff Valentina Sheshtawy had and has no authority as a next friend to the minor child Plaintiff L.S. to participate in the cases. This is an act of official oppression. These acts represent in addition

to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

227.   Defendant Judge Loyd Wright appointed Defendant W. Cameron McCulloch Guardian of Estate of Plaintiff L.S., a Minor on January 22, 2014. He qualified on January 30, 2014. He paid a low bond $ 13,000.00, bearing in mind that Plaintiff L.S. is entitled to at least at least a sixth portion of her father's, Adel Sheshtawy's Estate, which is worth millions of dollars.

228.   Defendant Judge Loyd Wright entered a 22 January 2014 Order denying Plaintiffs Sheshtawy's Motions for Rehearing, To Void Settlement Agreement and to Set Aside Order Granting Application for Approval of Rule 11 and Settlement Agreement in Cause No. 407,499-401. There was also a hearing in which Defendant Judge Loyd Wright was unwilling to listen to John Elliott's arguments, as well as, ignored the facts that Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. was and is causing harm to Plaintiff L.S.'s property. At that same hearing Defendant W. Cameron McCulloch announced he had the money to pay the bond. The same day Defendant W. Cameron McCulloch qualified as Plaintiff L.S.'s Guardian Estate. This is an act of official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

229.    On 20 February 2014, Defendant Mr. Fuqua, the Court appointed Temporary Administrator of the Estate of Adel Sheshtawy, filed a Rule 12 Motion to show authority claiming that John Elliott, Esquire had and has no authority to represent or to appear on Plaintiff L.S.'s behalf.

230.    Defendant Judge Loyd Wright signed the order granting the rule 12 motion to show authority three times. The order was signed on 24 February 2014 by Defendant Judge Loyd Wright before the response from John Elliot had been heard. Defendant Judge Loyd Wright again signed the order, but the order was set aside. Finally, on 3 March, 2014, Defendant Judge Loyd Wright signed the order a third time.

231.    On 3 March 2014, John Elliott, Esquire filed a non-suit on Plaintiff Valentina Sheshtawy's behalf in the base case 407,499. This was necessary because Plaintiff Valentina Sheshtawy was unable to proceed due to the fact that Defendant Judge Loyd Wright had granted the Rule 12 motion, Defendant Judge Loyd Wright signed the Order granting Rule 12 motion to show authority on 24 February 2014, before hearing the responses, which John Elliott, Esquire had filed. John Elliott, Esquire had filed the responses on 27 February 2014. On 3 March 2014 Defendant Judge Loyd Wright set aside his previous order dated 24 February 2014 and again on 3 March 2014 signed a new order granting the Rule 12 motion to show authority. These were acts of official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03

Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

232.    On 19 June 2014, Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. filed an Application to postpone the requirement to file an Application for a Monthly Allowance Pending the Funding of the Guardianship Estate.[92] There is a due process violation because Plaintiff Valentina Sheshtawy, L.S.'s natural biological mother, sole surviving parent and natural guardian again did not receive any notice. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

233.    Defendant Judge Loyd Wright entered a 1 July 2014 Order granting Application to Postpone the Requirement to File an Application for a Monthly Allowance Pending the Funding of the Guardianship Estate. Defendant Judge Loyd Wright also signed and approved an inaccurate and incomplete 1 July 2014 Inventory, Appraisement, and List of Claims, for L.S.'s Guardianship Estate. Plaintiff Valentina Sheshtawy was again given no notice before these actions were taken. At the same time, Defendant W. Cameron McCulloch requested approval and payment for his attorneys' fees. This is an act of official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code §

---

[92] This is a violation Estate Code § 1156.001.

37.10(a)(5). These acts are also RICO predicate acts.

234.   When Plaintiff Valentina Sheshtawy discovered what had occurred, she immediately filed Objections to Payment of Appointee's Fees and Expenses, Cause No. 425,238 on 24 September 2014. On 25 September 2014, Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. filed a Nonsuit Without Prejudice of Application for Payment of Appointee's Fees and Expenses.

235.   On 6 November 2014, Plaintiff Valentina Sheshtawy filed an Application to Set Aside Order granting Application to Postpone the Requirement to File an Application for a Monthly Allowance Pending the Funding of the Guardianship Estate.

236.   On 13 November 2014, Plaintiff Valentina Sheshtawy requested monthly allowance for Plaintiff L.S. At that time Plaintiff L.S. needed therapy and Plaintiff Valentina Sheshtawy could not afford the cost. Defendant Judge Loyd Wright has never entered an Order granting a monthly allowance for Plaintiff L.S., as statutorily required. This is an act of official oppression and constitutes gross negligence.

237.   In November and December of 2014, Plaintiff Valentina Sheshtawy requested Defendant Judge Loyd Wright to remove Defendant W. Cameron McCulloch as Guardian of Plaintiff L.S.'s Guardianship Estate.[93]

238.   On 23 January 2015, Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. filed an Application for Authority of Guardian

---

[93] Please see Order Discharging Representative returned unsigned, 25 February 2015, Cause No. 425,238.

to enter into settlement (aka – distribution) agreement regarding the Estate of Adel Sheshtawy. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

239.    Plaintiff Valentina Sheshtawy filed a Complaint against Defendant W. Cameron McCulloch on 23 February 2015 and a Response to the aforesaid Application for Authority of Guardian to enter into settlement (aka – distribution) agreement regarding the Estate of Adel Sheshtawy incorporated with the Complaint on 20 February 2015.

240.    Defendant Judge Loyd Wright entered an 8 April, 2015 Order Authorizing Guardian to enter into settlement (aka – distribution) agreement regarding the Estate of Adel Sheshtawy. These acts of commission and omission constitute official oppression, conscious indifference and gross negligence as a matter of Texas law. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

241.    Plaintiff Valentina Sheshtawy filed a Supplement to Motion to Set Aside Order Authorizing Guardian to enter into settlement (aka – distribution) agreement regarding the Estate of Adel Sheshtawy in Cause No. 425,238 on 7 May 2015. The same day, at the same hearing for case 425,238, Defendant Judge Loyd Wright appointed Defendant Hanya Sustache and Defendant Nader Sheshtawy as Independent Co-Administrators, in Cause No.

407,499, despite Plaintiff Valentina Sheshtawy's protests. Plaintiff Valentina Sheshtawy was not given notice for their appointment. Plaintiff Valentina Sheshtawy was in court for the hearing for Plaintiff L.S., in case 425,238. Defendant W. Cameron McCulloch gave his consent to their appointment and was actively assisting Defendant Hanya Sustache and Defendant Kathleen Beduze in this process. This is an act of official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

242.    Once again Plaintiff Valentina Sheshtawy did not receive notice about this hearing and objected, but Defendant Judge Loyd Wright as usual was unwilling to listen.

243.    Plaintiff Valentina Sheshtawy filed a 27 May 2015 Notice of Appeal, creating Cause No. 14-15-00494-CV.

244.    The property of both Plaintiff Valentina Sheshtawy and Plaintiff L.S. has suffered immense damages as a direct and proximate result of the Defendants civil and criminal conspiracies, as well as, their racketeering schemes, and the serial official oppression. The acts of Sheshtawy Defendants directly and proximately caused the damages to Plaintiff Valentina Sheshtawy and Plaintiff L.S.'s property and represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

245.   On 4 June 2015, Defendant Nader Sheshtawy and Defendant Hanya Sustache, assisted by their counsel, Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C. filed a Petition for injunctive equitable relief seeking the Harris County Probate Court 1 temporarily restrain, preliminarily enjoin and temporarily enjoin Plaintiff Valentina Sheshtawy from seeking financial information concerning the Estate of Adel Sheshtawy, as well as, of entities that he had owned at the date of his death, which information Plaintiff Valentina Sheshtawy had sought and was seeking in order to protect her daughter, Plaintiff L.S.'s property and financial interests, as well as, those of L.S.'s Guardianship Estate, since Defendant W. Cameron McCulloch and Defendant MacIntyre, McCulloch, Stanfield & Young were failing to do so. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

246.   On 4 June 2015 Defendant Judge Loyd Wright granted a temporary restraining Order against Plaintiff Valentina Sheshtawy on the grounds asserted by the Sheshtawy Defendants. This act is official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

247.   On 19 June 2015 Defendant Judge Loyd Wright granted a preliminary injunction against Plaintiff Valentina Sheshtawy on the grounds asserted by the Sheshtawy Defendants. This act is official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

248.   On 4 March 2016 Defendant Associate Judge Ms. Stiles conducted a hearing regarding the Permanent Injunction. Neither Defendant Nader Sheshtawy nor Defendant Hanya Sustache appeared, only Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant W. Cameron McCulloch appeared. Plaintiff Valentina Sheshtawy appeared with her counsel.

249.   At the 4 March 2016 hearing hereinabove referenced Defendant Sarah Pacheco testified on behalf of her clients Defendant Nader Sheshtawy and Defendant Hanya Sustache and the Estate of Adel Sheshtawy, when and where Defendant W. Cameron McCulloch interrogated Defendant Sarah Pacheco and Defendant Sarah Pacheco interrogated Defendant W. Cameron McCulloch, rendering that conflict of interest and collusion total and complete. Defendant Associate Judge Ms. Stiles over the denied objections of Plaintiff Valentina Sheshtawy's counsel allowed this proceeding strange, different and unknown in the annals of Anglo-American jurisprudence and legal procedure to proceed to conclusion.

250.    Defendant Associate Judge Ms. Stiles announced that she was recommending to Defendant Judge Loyd Wright that the Permanent Injunction issue.    There is a transcript of these unique proceedings.[94] These acts are official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

251.    Defendant Judge Loyd Wright entered a Judgment for Permanent Injunction[95] in all four Sheshtawy Probate cases before him. Defendant Judge Wright did not preside at the 4 March 2016 hearing regarding these injunctions. These acts are official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

252.    Ms. Pacheco acting in such manner as attorney and witness in this case on 4 March 2016 is in fact a clear violation of Texas Rule of Professional Conduct 308, lawyer as witness.[96] These acts are official oppression. These acts represent in addition to breach of

---

[94] Please accord attached Transcript as Exhibit "23" which Sheshtawy Plaintiffs do hereby incorporate herein its entireties for all purposes.

[95] Attached hereto Exhibit "24" are copies as cumulative of all four Final Injunctions, which the Sheshtawy Plaintiffs do hereby incorporate herein their entireties for all purposes.

[96] "(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness

fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

253.    The fact that Defendant Associate Judge Ms. Stiles did nothing, made no warning to Defendant Ms. Pacheco and allowed her to proceed in such a manner is a violation of the Texas Code of Judicial Conduct Canon 3:

> " … D. **Disciplinary Responsibilities**... (2) A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action. A judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the Office of the General Counsel of the State Bar of Texas or take other appropriate action."

---

necessary to establish an essential fact on behalf of the lawyer's client, unless:
        (1) the testimony relates to an uncontested issue;

        (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
        (3) the testimony relates to the nature and value of legal services rendered in the case;
        (4) the lawyer is a party to the action and is appearing pro se; or
        (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.
(c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter."

254.    The Sheshtawy Defendants together with Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles and Defendant Ms. Hightower concocted and carried out (1) schemes or artifices to defraud the Sheshtawy Plaintiffs over more than a four year period, (2) actively participated in those schemes, (3) with specific intent on the part of the named Defendants to defraud the Sheshtawy Plaintiffs, and (4) the Deception of the Sheshtawy Plaintiffs, involved (5) the use of the United States mails or private or commercial interstate carriers, as well as, wire and the internet including email and e-filing with the Court and Clerks involved in furtherance of the schemes or artifices to defraud, as hereinabove and hereinafter pled.[97]

## FACTS AS TO DECEDENT RUBY S. PETERSON AND THE PETERSON PLAINTIFFS

255.    Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 254, as well as, those hereinafter pled as though herein originally pled.

256.    Decedent Ruby S. Peterson and her untimely death are the subject of much of this portion of this case, as well as, how the hereinafter delineated Defendants dealt with the property and the Estate of the Decedent Ruby S. Peterson, as well as, with the Peterson Family Trust II.

---

[97] 18 U.S.C. § 1341.

257.   Other Issues now before this Court relate to how the Estate of Ruby S. Peterson was judicially handled by the Executor Defendant David Peterson and the Executrix, Defendant Carol Ann Manley, as well as, the administration of the Estate of Decedent Ruby S. Peterson before and in the statutory Probate Court 1 for Harris County, Texas, where Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles presided and preside as judicial officers.[98] Please accord Clerk *Cause* No. *427,208 and 427,208-401, **In the Guardianship of Ruby Peterson***, In the Probate Court No. 1 of Harris County, Texas, transferred from *Cause* No. 2014-40980*, **Ruby Peterson, et al. vs. Carol Ann Manley, et al.;** in the 129th Texas Judicial District, Cause No. 436,915 and 436,915-401*, **In re Estate of Ruby Peterson a/k/a Ruby Peterson a/k/a Ruby Carman Peterson,** In Harris County Probate Court No. 1, which cases and their files the Peterson Plaintiffs hereby incorporate herein their entireties for all purposes. Issues so raised in these cases are tied to the breaches of fiduciary duties, commissions of fiduciary fraud and theft by several Defendants named herein, as will be more particularly set out herein, as well as, official oppression by Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles and Defendant Ms. Hightower, where there were civil and criminal conspiracies, as well as, racketeering schemes furthered by all of these Defendants, where all Defendants utilized the mails, wire and the internet, in violation of 18 U.S.C. § 1961, *et sequitur*. These acts represent in addition to

---

[98] Plaintiff Valentina Sheshtawy does hereby incorporate herein their entireties Harris County Court files for cases No. 407499, 407499-401, 407499-402, 407499-403, 407499-404, 407499-405, 407499-406 and 407499-407,

breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

258.   Decedent Ruby S. Peterson died testate on 11 January 2015. At the time of Decedent Ruby S. Peterson's death, she had five children surviving, to wit Plaintiff Mackey Peterson, Plaintiff Don Peterson and Plaintiff Lonny Peterson,[99] as well as, Defendant David Peterson and Defendant Carol Ann Manley.[100]

259.   This case involves *inter alia* the Peterson Family Trust II, the rights of the Decedent Ruby S. Peterson before and after her 11 January 2015 death, matters relating to how the Estate of Ruby S. Peterson was handled by Defendant David Peterson and Defendant Carol Ann Manley, as well as, the probate of Decedent Ruby S. Peterson's will before and in the statutory Probate Court 1 for Harris County,[101] where Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles presided and preside as judicial officers. The judges referenced hereinabove conducted several hearings involving that Estate, as well as, a related Peterson Family Trust II, as well as, rendered several Orders, which have been destructive of the assets and property of the Estate and the Peterson

---

[99] The "Peterson Plaintiffs".

[100] The "Peterson Defendants".

[101] *Cause No. 427,208 and 427,208-401, In the Guardianship of Ruby Peterson*, In the Probate Court No. 1 of Harris County, Texas, transferred from *Cause* No. 2014-40980, *Ruby Peterson, et al. vs. Carol Anne Manley, et al.;* in the 129 Texas Judicial District, Cause No. 436,915 and 436,915-401, *In re Estate of Ruby Peterson a/k/a Ruby Peterson a/k/a Ruby Carman Peterson,* In Harris County Probate Court No. 1, which cases and their files the Peterson Plaintiffs hereby incorporate herein their entireties for all purposes.

Plaintiffs and one of which directly led to the untimely death of Decedent Ruby S. Peterson. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

260.   At all times relevant hereto, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles intentionally entered into a civil conspiracy with Defendant Conservative Club of Houston, and the treasurer of its PAC, Defendant herein J. Cary Gray, as well as, with Defendant Kimberly Hightower, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones, P.L.L.C., Defendant Dr. Merkl, Defendant Dr. Cowan, Defendant Carol Ann Manley, Defendant David Peterson and Defendant Silverado Senior Living to further the financial and other interests of Defendant Carol Ann Manley and Defendant David Peterson, as well as, for the financial and other benefit of Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Ms. Young, Defendant, MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones. P.L.L.C., Defendant Dr. Merkl, and Defendant Silverado Senior Living, at the expense of and

to the financial damages of the property of the Peterson Plaintiffs, the property of Decedent Ruby S. Peterson, the property of the Estate of Ruby S. Peterson and the property of the Peterson Family Trust II. The fruits of aforesaid civil and criminal conspiracy represented and resulted each from predicate acts as defined in the Civil RICO statute and thus constituted racketeering in corrupt organization(s) in violation of 18 U.S.C. § 1961. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

261.    Defendant Kimberly Hightower acted as the Court Coordinator at all times relevant hereto for Probate Court 1. As the Court Coordinator, Defendant Kimberly Hightower acted as the conduit of communications at diverse times between the Defendant Judge Loyd Wright, Associate Judge Ruth Ann Stiles and the Defendant attorneys involved, to wit: Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant, MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones. P.L.L.C., in furtherance of the civil and criminal conspiracies, as well as, the racketeering schemes, which included utilization of the mails, wire and the internet for email and e-filing. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal

Code § 37.10(a)(5). These acts are also RICO predicate acts.

262.    The Executor and Executrix of the Estate of Ruby S. Peterson is and was at all times relevant hereto as hereinabove stated Defendant Carol Ann Manley and Defendant David Peterson,[102] the Peterson Defendants, who as such were fiduciaries of each of the Peterson Plaintiffs. The Peterson Defendants defalcated in regard to the Estate of Ruby S. Peterson often, serially breaching their fiduciary duties, committing serially fiduciary fraud and theft. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

263.    The Trustees of the Peterson Family Trust are and were at all times relevant hereto as hereinabove stated Defendant Carol Ann Manley and Defendant David Peterson, who as such were fiduciaries of each of the Peterson Plaintiffs. The Peterson Defendants defalcated in regard to the Peterson Family Trust II often, serially breaching their fiduciary duties, committing serially fiduciary fraud and theft. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.        .

264.    Sometime in 1993, Decedent Ruby S. Peterson gave a Durable (and medical)

---

[102] The "Peterson Defendants".

Power of Attorney to Defendant Carol Ann Manley and Defendant David Peterson, making them Decedent Ruby S. Peterson's attorney in fact. As a direct and proximate result those Peterson Defendants also became at that time Decedent Ruby S. Peterson's fiduciaries, as a matter of law.

265.   Defendant Sarah Pacheco is a licensed Texas attorney who at all times relevant hereto represented in that capacity the Estate of Decedent Ruby S. Peterson, The Peterson Family Trust II, as well as, the Executor and Executrix under the will of the Decedent Ruby S. Peterson and also the Trustees of the Peterson Family Trust II, Defendant Carol Ann Manley and Defendant David Peterson in the proceedings before and in Probate Court 1 for Harris County Texas. Defendant Sarah Pacheco is a partner in the law firm, Defendant Crain, Caton, & James, P.C.

266.   Defendant Kathleen Beduze is a licensed Texas attorney, who at all times relevant hereto represented in that capacity the Estate of Decedent Ruby S. Peterson, The Peterson Family Trust II, as well as, the Executor and Executrix under the will of Ruby S. Peterson and the Trustees of the Peterson Family Trust II, Defendant Carol Ann Manley and Defendant David Peterson (Trustees holding Durable and Medical Powers of Attorney from 1993-November 15, 2013) in the proceedings before and in Probate 1 for Harris County Texas. Ms. Beduze is an associate in the law firm, Defendant Crain, Caton, & James, P.C.

267.   Defendant Judge Loyd Wright as a judicial officer appointed on 27 March 2014 Defendant Ms. Young, a Texas licensed attorney and a partner in the law firm, Defendant

MacIntyre, McCulloch, Stanfield & Young, L.L.P., as Guardian *ad litem* of the now deceased but then alive Ruby S. Peterson in a guardianship case before him, at a time when he had not entered any Order finding the then living Ruby S. Peterson to be either incapacitated or incompetent, as required by the Texas Estate Code. This act represents official oppression. This act represents in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. This act is also violative of Texas Penal Code § 37.10(a)(5). This act is also a RICO predicate acts.

268.    Defendant Judge Loyd Wright as a judicial officer appointed Defendant Mr. Jones, on February 25, 2014, a licensed Texas lawyer and also a partner in the law firm, Defendant Underwood, Jones, and Scherrer, P.L.L.C., as attorney *ad litem* for Ruby S. Peterson in the guardianship action for Decedent Ruby S. Peterson,[103] filed while she was still living.

269.    On 15 November 2013 Decedent Ruby S. Peterson revoked the 1993 Medical and Durable Powers of Attorney held by the Peterson Defendants and appointed Plaintiff Don Peterson and Plaintiff Mackey Peterson as her new attorneys in fact under a new Durable Power of Attorney.

270.    The Decedent Ruby S. Peterson maintained an Individual Retirement

---

[103] *Cause No. 427,208 and 427,208-401, In the Guardianship of Ruby Peterson,* Probate Court No. 1 of Harris County, transferred from *Cause No. 2014-40980, Ruby Peterson, et al. vs. Carol Anne Manley, et al.,* In the 129 Judicial District Court of Harris County.

Account[104] and investment account[105] with Defendant LPL, since her husband, Decedent Troy Peterson's 24 June 1994 death. Decedent Ruby S. Peterson's Estate consisted of one-half of the marital estate and other monies received *via* inheritance from a deceased aunt. Decedent Ruby S. Peterson's IRA Account was subject to mandatory disbursements since she turned seventy-nine and one half (79.5) years of age. The Peterson Plaintiffs are aware of an estimated $90,000USD per year that was withdrawn from Decedent Ruby Peterson's IRA for deposit into Decedent Ruby S. Peterson's investment account, as of age 79.5. After taxes, the Peterson Plaintiffs believe approximately $60,000USD remained for investment by and with Defendant Mr. Hopper and Defendant LPL. Defendant Mr. Hopper was an officer in and with Defendant LPL, both responsible as Decedent Ruby S. Peterson's fiduciaries for her accounts. Decedent Ruby S. Peterson was Defendant Mr. Hopper's client. Neither Defendant Carol Ann Manley nor Defendant David Peterson were Defendant Mr. Hopper's clients after 15 November 2013.

271.   After then living Decedent Ruby S. Peterson executed a transfer on death document, which prohibited the release of Decedent Ruby S. Peterson's IRA account funds to anyone but Decedent Ruby S. Peterson, Defendant Mr. Hopper intentionally and knowingly violated Decedent Ruby S. Peterson's specific instructions, prohibiting him from releasing funds without her personal approval.

---

[104] "IRA".
[105] Transfer Upon Death, also known as, "T.O.D." to her five children.

272.    Defendant Mr. Hopper nonetheless made transfers anyway at the behest of the Peterson Defendants, each transfer of which constituted breaches of Defendant LPL and Defendant Mr. Hopper's fiduciary duties to Decedent Ruby S. Peterson, as well as, fiduciary fraud and theft under Texas law.

273.    Defendant Mr. Hopper received multiple inquiries from the Peterson Plaintiffs, questioning unexplained and highly suspicious withdrawals of money from both of Decedent Ruby S. Peterson's LPL financial accounts, when neither Defendant Ms. Manley nor Defendant David Peterson had any real legal authority to act on Decedent Ruby S. Peterson's behalf nor withdraw funds from then living Decedent Ruby S. Peterson's accounts. The withdrawals represented serious breaches of fiduciary duties, theft and fiduciary fraud. They also constituted wire fraud, inasmuch as Defendant LPL is a foreign banking entity. The withdrawals were RICO predicate acts. There were several withdrawals so each withdrawal constituted several predicate acts (more than two).

274.    Plaintiff Don Peterson and Plaintiff Mackey Peterson advised Defendant Mr. Hopper of the revocation of the 1993 Durable and Medical Powers of Attorney, as well as, of the execution of a new Durable Power of Attorney appointing them attorneys in fact in November of 2013 – January 2014 in writing and by phone. Defendant Mr. Hopper responded, confirming that Defendant LPL's lawyers had reviewed all the herein referenced instruments and that Defendant LPL had then decided to limit their dealings with Defendant Ms. Pacheco and Defendant Ms. Beduze, of Defendant Crain, Caton & James, P.C., who by this point in

time were representing both of the Peterson Defendants.

275. Rather than adhering to their fiduciary duties to Decedent Ruby S. Peterson and her other beneficiaries, Defendant Mr. Hopper and Defendant LPL relied upon Defendant Dr. Merkl's unverified 4 October 2013 letter, which letter merely suggested that then living Decedent Ruby S. Peterson was incapacitated and was incapable of executing the 2013 Durable Power of Attorney to Plaintiff Mackey Peterson and Plaintiff Don Peterson.

276. With Defendant LPL's admission that they chose to honor the 1993 revoked powers of attorney and to ignore then living Decedent Ruby S. Peterson's express revocation of the referenced Power of Attorney, Defendant LPL and Defendant Mr. Hopper thus effectively nullified the only "legitimate" Durable Power of Attorney in violation of Texas law.

277. This allowed the Peterson Defendants essentially to liquidate Decedent Ruby S. Peterson's accounts at rates that should have alarmed Defendant Mr. Hopper and Defendant LPL to take action and to freeze the funds pending an investigation. This was never done, leaving Defendant David Peterson free to exploit and misappropriate and embezzle what appears to be more than $450,000USD from Ruby S. Peterson's Estate and/or the Peterson Trust II, in collusion with Defendant Sarah Pacheco, Defendant Kathleen Beduze and Defendant Crain, Caton & James, P.C., which constituted breaches of fiduciary duties, as well as, fiduciary fraud and theft, in furtherance of the Defendants' civil and criminal conspiracies to advance their racketeering schemes.

278.    On or about 24 June 1993, then living Decedent Ruby S. Peterson executed a Durable and Medical Power of Attorney, and with her husband, then living Decedent Troy Peterson, created the Peterson Family Trust II under the Last Will and Testament of Troy Peterson. Defendant, Carol Ann Manley and Defendant David Peterson were designated as Trustees of this testamentary trust, admitted to probate on 19 July 1994, in Cause No. 268325; Estate of Troy Peterson; In Harris County Probate Court No. 1. The Trust made then living Decedent Ruby Peterson the lifetime beneficiary to receive distributions of all income of the trust, and so much of the principal as necessary to sustain her "health, education, support and maintenance" in accordance with "the standard of living" that then living Decedent Ruby Peterson enjoyed at the time of Decedent Troy Peterson's death, with the remainder of all trust assets to be distributed on the date of Decedent Ruby Peterson's death, 11 January 2015.

279.    Defendants have refused to distribute as mandated by the Trust instrument. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

280.    From December of 2013 through 5 March 2016, The Peterson Plaintiffs have on several occasions demanded that the Peterson Defendants furnish them with a complete and thorough accounting of both the Estate of Ruby S. Peterson and the Peterson Family Trust II, as mandated the Trust and Texas Law,[106] but the Peterson Defendants have failed

---

[106] Tex. Prop. Code. § 113.151, Tex. Trust Code § 111.004 et seq.

to do so to date. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

281.    The Peterson Plaintiffs estimate the Peterson Defendants' fiduciary defalcations amount to at least some $450,000USD from Decedent Ruby S. Peterson's estate and $700,000.00USD or more from the Peterson Family Trust II.[107] On 27 September 2013, the Peterson Defendants transferred $15,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 11 October 2013, Defendant David Peterson wrote check number 1987 to himself in the amount of $10,000USD from Decedent Ruby S. Peterson's Amegy account *1646 and deposited it into the Peterson Defendants' joint Amegy account *6136. On 8 November 2016, the Peterson Defendants transferred $5,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 14 November 2013, the Peterson Defendants transferred an additional $20,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 20 December 2013, the Peterson Defendants transferred $20,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 3 February 2014, the Peterson Defendants transferred

---

[107] The amounts so indicated are calculations Peterson Plaintiffs made from the insufficient accounting documents provided by the Peterson Defendants to date, most of which were provided to the Peterson Plaintiffs in August of 2015 when the Peterson Plaintiffs were permitted to inspect and copy records, consisting primarily of records from Amegy Bank.

$27,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 2 April 2014, the Peterson Defendants transferred $22,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 19 May 2014, the Peterson Defendants transferred $25,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On 13 August 2014, the Peterson Defendants transferred $70,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136. On the day of Decedent Ruby S. Peterson's funeral, Defendant David Peterson delivered a hand-written accounting of Decedent Ruby S. Peterson's IRA account, investment accounts, bank accounts, and the Peterson Family Trust II to the Peterson Plaintiffs. The Peterson Plaintiffs reviewed the accounting and contacted Defendant Mr. Hopper about its accuracy, at which time Defendant Mr. Hopper informed the Peterson Plaintiffs that the amounts were deficient by at least $50,000USD. This was in fact true, because the Peterson Defendants transferred $8,000USD from Decedent Ruby S. Peterson's Amegy account *1646 into their own joint Amegy account *6136 on 13 January 2015, and then an additional $50,000USD between the same accounts on 20 January 2015. On 22 January 2015, the Peterson Defendants returned the $50,000USD to Decedent Ruby S. Peterson's account ending in *1646 at the advice of Defendant Mr. Hopper, but did not return the $8,000USD they transferred on 13 January 2015. In addition to withdrawing money from Decedent Ruby S. Peterson's estate, the Peterson Defendants paid $50,000USD on 25 February 2015 to Def endant Crain, Caton &

James, P.C., out of the Peterson Family Trust II. There was no court Order or approval for the Peterson Defendants to make any payment out of the Peterson Family Trust II to Crain, Caton & James, P.C., or others. These fiduciary defalcations took place under the unwatchful eye of the Defendant LPL and Defendant Mr. Hopper, aided and abetted by Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles and Defendant Ms. Hightower, as will be more definitively herein below delineated.     These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 37.10(a)(5). These acts are also RICO predicate acts.

282.    In April of 2015, the Peterson Defendants sold Decedent Ruby S. Peterson's house at 4235 Applerock Drive, Baytown, Texas 77521. The Peterson Defendants deposited the proceeds of this sale into their own account, which constitutes blatant commingling and is a serious breach of their fiduciary duties. The Peterson Defendants also sold Decedent Ruby S. Peterson's Toyota Camry automobile and kept the proceeds of the sale. The Peterson Defendants' unjust enrichment and money had and received for the real estate sale proceeds is and was in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

283.    No one ever sought permission or approval from Probate Court 1 as was and is statutorily required for the Peterson Defendants to sell the real estate referenced nor the

Toyota Camry automobile. This sale was never reported to Probate Court 1 in any way, as was and is statutorily required. There was no report to Probate Court 1 as to who sold the property, for how much and to whom the proceeds were paid, as was and is statutorily required. These acts represent in addition to fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

284. Decedent Ruby S. Peterson revoked the Medical Power of Attorney on 15 November 2013, depriving Defendant David Peterson and Defendant Carol Ann Manley of any legal authority to make any further medical decisions for Decedent Ruby S. Peterson, as a matter of law.

285.    Defendant Silverado Senior Living, Inc., is a locked memory care facility, leased, owned or operated as a place of public and/or private accommodation.

286.    A Medical Power of Attorney does not authorize the attorney in fact to falsely arrest and imprison, as well as, pharmaceutically chemically assault the principal, rendering the entire issue of whether or not Defendant David Peterson and Defendant Carol Ann Manley had any authority to act in making medical decisions of Decedent Ruby S. Peterson after 15 November 2013, a "red herring" in the Guardianship case before Defendant Judge Wright. Texas Health and Safety Code § 166.155 authorizes principals to revoke Medical Powers of Attorney at any time, whether they are competent, have capacity or not.[108]

---

[108] Texas Health and Safety Code § 166.152, 166.155.

287.    Texas Law prohibits the commitment of any individual to a psychiatric institution[109] without a Court Order. Texas Law clearly states the circumstances under which a Court may restrict a person's liberty for "mental health" reasons.

288.    Defendant David Peterson and Defendant Carol Ann Manley did not wait for the Peterson Plaintiffs' and their mother to become incapacitated, but seized upon the opportunity to involuntarily commit her into a "memory care facility," such as Defendant Silverado's facility in Sugar Land, where Decedent Ruby S. Peterson was chemically assaulted and falsely imprisoned. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

289.    Turning aside for a moment from the issues of the torts of false arrest and imprisonment through their actions, even where Courts order a mental health commitment, the United States and Texas Constitutions require that an individual not be deprived of more liberty or freedom than is absolutely necessary for that ward's protection. Strict procedures are in place which guarantee that such a ward be provided the Least Restrictive Alternative.[110]

---

[109] Texas Health and Safety Code § 574.001, *et sequitur*.

[110] Texas Health and Safety Code § 571.001 provides "LEAST RESTRICTIVE APPROPRIATE SETTING. The least restrictive appropriate setting for the treatment of a patient is the treatment setting that:
      1.     is available;
      2.     provides the patient with the greatest probability of improvement or cure;
      3.     is no more restrictive of the patient's physical or social liberties than is necessary to provide the patient with the most effective treatment and to protect adequately against any danger the patient poses to himself or others."

290.    The Peterson Plaintiffs asserted claims on their own behalf in the referenced Texas 129th District Court case. The Peterson Plaintiffs also asserted claims on behalf of the then living Decedent Ruby S. Peterson, pursuant to their 2013 Durable Power of Attorney, and regarding the then living Decedent Ruby S. Peterson's false arrest, false imprisonment, and illegal administration of dangerous psychotropic drugs. Furthermore, the Peterson Plaintiffs asserted claims regarding Defendant Mr. Jones, Defendant Ms. Young, Defendant Underwood, Jones, and Scherrer, P.L.L.C., Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P., Defendant Mr. Davis, Defendant Dr. Merkl, and Defendant Silverado's committed breaches of trust and fiduciary duties owed to then living Decedent Ruby S. Peterson. The Peterson Plaintiffs also asserted claims regarding the aforementioned Defendants regarding violations of the then living Decent Ruby S. Peterson's civil rights. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft and Elder Abuse and Exploitation under Texas Penal Code § 22.04. These acts are also RICO predicate acts.

291.    The Peterson Plaintiffs also complained about Defendant Mr. Jones, Defendant Ms. Young, Defendant Underwood, Jones, and Scherrer, P.L.L.C., Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P., as well as, Defendant Mr. Davis, Defendant Dr. Merkl, and Defendant Silverado's wrongful exercise of dominion and control over then living

Decedent Ruby S. Peterson, misuse of funds, negligence/gross negligence, and purloining of then living Decedent Ruby S. Peterson's IRA, investment account funds, and the Peterson Family Trust II.

292.    Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles were informed that Defendant Carol Ann Manley, Defendant David Peterson, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain Caton & James, P.C., Defendant Silverado, Defendant Mr. Jones, Defendant Ms. Young, Defendant Underwood, Jones, and Scherrer, P.L.L.C., as well as, Defendant MacIntyre, McCulloch, Stanfield and Young, L.L.P., misallocated and misapplied funds belonging to then living Decedent Ruby S. Peterson, constituting breaches of trust and fiduciary duties owed to then living Decedent Ruby S. Peterson.

293.    On 12 August 2014 Defendants Carol Ann Manley and Defendant David Peterson testified to facts which revealed that they had engaged in self-dealing, which should have justified their immediate removal as Executors and Trustees in order to preserve Decedent Ruby Peterson's estate and the Peterson Family Trust II. The Peterson Plaintiffs filed their Third Amended Motion for Temporary Injunction,[111] therein seeking injunctive relief and asserting that the Court remove the Peterson Defendants as Executors and Trustees of the estate and Peterson Trust II. However, Defendant Judge Loyd Wright refused to consider

---

[111] Exhibit "25." A true and correct copy of Defendant Mr. Davis' letter dated 25 July 2014 is hereto attached which Plaintiffs Petersons hereby incorporate herein its entireties by reference for all purposes.

Plaintiffs' Third Amended Motion for Temporary Injunction, with respect to Decedent Ruby S. Peterson's estate.

294. Defendant Sarah Pacheco, Defendant Kathleen Beduze, and Defendant Crain Caton & James, P.C., cited a lack of notice in the Peterson Plaintiffs' filing of said amended pleading five days before the parties resumed the injunction proceedings, which caused the Court to reconvene the hearing on injunctive relief from 30 July 2014 to 11 August 2014. Even after hearing sufficient evidence that gave him a duty to act for the protection of the estate, Defendant Judge Loyd Wright refused to take appropriate action which left Defendant Carol Ann Manley and Defendant David Peterson free to engage in malfeasance. These acts represent official oppression. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also violative of Texas Penal Code § 22.04 regarding exploitation. These acts are also RICO predicate acts.

295.   Then living Decedent Ruby S. Peterson's false arrest, imprisonment, and chemical assaults began in August 2013, when Defendant David Peterson and Defendant Carol Ann Manley learned of then living Decedent Ruby S. Peterson's intent to disinherit Defendant Carol Ann Manley and of a substantial donation then living Decedent Ruby S. Peterson made to a church. With their attorneys, Defendant Sarah Pacheco, Defendant Kathleen Beduze, and Defendant Crain, Caton & James, P.C., in league with Defendant Silverado, Defendant David Peterson and Defendant Carol Ann Manley prohibited Decedent Ruby S.

Peterson from leaving Defendant Silverado's Sugar Land facility except for two brief outings with the Peterson Plaintiffs.

296.    These acts represent breach of fiduciary duties, fiduciary fraud, and theft under the Texas Penal Code § 31.03 Theft, as well as elder abuse, neglect and exploitation under Texas Penal Code § 22.04. These acts are also RICO predicate acts.

297.    Defendant Carol Ann Manley, Defendant David Peterson, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., and Defendant Silverado admitted that then living Decedent Ruby Peterson pled and cried to leave Defendant Silverado's facility many times for the purpose of attending church, spending time with the Peterson Plaintiffs, shopping, and travel to Wimberley, Texas, to stay with Plaintiff Mackey Peterson. The Peterson Plaintiffs' visits with then living Decedent Ruby Peterson were arbitrarily limited to two supervised hours without the ability to visit as a group together, and their calls were blocked or conspicuously made incapable of occurring. The Peterson Plaintiffs' repeated requests for excursions were denied by Defendant Carol Ann Manley, Defendant David Peterson, Defendant Sarah Pacheco, Defendant Kathleen Beduze, and Defendant Crain, Caton & James, P.C. except for two negotiated, brief trips.

298.    Defendant Silverado asserts that at all times they relied on a Power of Attorney that Decedent Ruby S. Peterson signed in 1993 appointing Defendant Carol Ann Manley and Defendant David Troy Peterson as her attorney in fact to manage her finances and make medical decisions for her if she became incapacitated, however, at all times relevant hereto

Defendant Silverado was well aware that Decedent Ruby S. Peterson had revoked this Power of Attorney on 15 November 2013. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft. These acts are also RICO predicate acts.

299.    At no time during her lifetime had any Court judicially determined that Decedent Ruby S. Peterson lacked legal capacity to either revoke the Powers of Attorney hereinbefore referenced, to enter into a new Power of Attorney, to contract on her own behalf, and to write a will or trust explicitly before or on 15 November 2013.

300.    When Defendant Silverado's Sugar Land facility's staff became aware on 15 November 2015 that Decedent Ruby S. Peterson revoked the 1993 Power of Attorney and executed a new Durable Power of Attorney before a Notary Public and witness, Ms. Donna Ochoa, they abruptly terminated her visit with two of her sons, Plaintiff Don Peterson and Plaintiff Mackey Peterson, and ordered them to leave the premises. Defendant Silverado's staff escorted them out of the premises. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft and exploitation of the elderly in violation of Texas Penal Code § 22.04. These acts are also RICO predicate acts.

301.    Following the ejection from the Defendant Silverado's Sugar Land facility, Plaintiff Don Peterson went and recorded the revocation of the 1993 Power of Attorney and the new Power of Attorney in Harris County, Texas

302.    The Peterson Plaintiffs asserted to Defendant Judge Loyd Wright in their 25 July 2014 Second Amended Petition, as well as, in their Sworn Emergency Application for Temporary Restraining Order and Temporary Injunction of his duty to commit or release then living Decedent Ruby S. Peterson under Texas Health and Safety Code § 574.001, the Texas and United States Constitutions. The Peterson Plaintiffs reminded Defendant Judge Loyd Wright that the Texas and United States Constitutions require adherence to the foregoing commitment procedure absent an order of Guardianship, which never occurred prior to Decedent Ruby S. Peterson's 11 January 2015 death. Defendant Judge Loyd Wright allowed then living Decedent Ruby S. Peterson to remain falsely imprisoned without entering even a temporary order of Guardianship, violating Texas law.

303. These are acts of official oppression on the part of Defendant Judge Loyd Wright. These acts represent in addition to breach of fiduciary duties and fiduciary fraud also theft under the Texas Penal Code § 31.03 Theft and Exploitation, prohibited by Texas Penal Code § 22.04-22.10. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

304.    Following his recordation of then living Decedent Ruby S. Peterson's revocation of 1993 Powers of Attorney and Durable Power of Attorney executed on 15 November 2013, Plaintiff Don Peterson returned to Defendant Silverado's Sugar Land facility

later that day to retrieve his mother, then living Decedent Ruby S. Peterson, with the executed and recorded Power of Attorney and asked for her release. Defendant Silverado refused to let her leave and called the Sugarland Police Department to issue a criminal trespass warning against Plaintiff Don Peterson for doing nothing more than bringing a Power of Attorney on the premises. When Plaintiff Don Peterson inquired of the Sugar Land Police when he would be allowed to see his mother again, one of the officers told him, "When she is dead." These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

305.   Defendant Silverado's actions were retaliatory in violation of Decedent Ruby S. Peterson's and the Peterson Plaintiffs' civil and property rights.

306.   Immediately after this incident for six weeks, Defendant Silverado Senior Living unlawfully and illegally banned Plaintiff Don Peterson, his wife Carol Peterson, Plaintiff Mackey Peterson, his wife Tonya Peterson, and Plaintiff Lonny Peterson from visiting then living Decedent Ruby S. Peterson. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

307.   Under Defendant Silverado's duress and coercion Plaintiffs Peterson executed an instrument stating that in order to see their mother they agreed not to assert their rights under the Power of Attorney that Decedent Ruby S. Peterson had legally executed before a Notary Public on 15 November 2013, while the merits of a related guardianship matter were

pending for trial before and in the Harris County Probate Court 1. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

308.    Attorney Candice Schwager, as the Peterson Plaintiffs' legal counsel in these and related matters, advocated for Decedent Ruby S. Peterson and her federally protected civil rights to complain about her involuntary confinement and mistreatment at Defendant Silverado's Sugar Land facility by publishing three videos of Decedent Ruby S. Peterson speaking about her grievances against Defendant Silverado Senior Living and other related matters on the Internet. On or about 25 July 2014, Defendant Mr. Davis, an attorney with Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., then representing Defendant Silverado, directed a letter to the Peterson Plaintiff's counsel concerning access and visitation "Privileges" at Defendant Silverado's Sugar Land facility. The letter stated that visitation privileges for the Plaintiffs Peterson had been revoked.[112] These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

309.    On 25 July 2014, Defendant Mr. Davis directed another letter to Attorney Candice Schwager, intending it to serve as a Texas Rule of Civil Procedure 11 Agreement between Candice Schwager, individually, Plaintiff Mackey Peterson, Plaintiff Don Peterson,

---

[112] Exhibit "25". A true and correct copy of Defendant Mr. Davis' letter dated 25 July 2014 is hereto attached which Plaintiffs hereby incorporate herein its entireties by reference for all purposes.

and Plaintiff Lonny Peterson together with Defendant Silverado. The letter stated that it was "intended to restore visitation privileges" for the Peterson Plaintiffs and their spouses, which the letter stated incorrectly was revoked because of the posting of exploitive and invasive materials, which also allegedly violated the privacy rights inexplicably of other Defendant Silverado residents. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

310. On the morning of 27 July 2014, Plaintiff Lonny Peterson went to visit then living Decedent Ruby S. Peterson at Defendant Silverado's Sugar Land facility. At that time Plaintiff Lonny Peterson was not aware of the heretofore referenced 25 July 2014 letter or that Defendant Silverado had revoked his access to the facility. A short time after Plaintiff Lonny Peterson and then living Decedent Ruby S. Peterson had begun visiting with one another at Defendant Silverado's Sugar Land facility, Defendant Silverado demanded that Plaintiff Lonny Peterson vacate the premises under threat of immediate arrest. Defendant Silverado's action denying him access and interfering with his visit with his mother, Decedent Ruby S. Peterson, was arbitrary, capricious, unreasonable and retaliatory. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

311. Later on 27 July 2014, Plaintiff Don Peterson and Phillip Ross, Esquire, a licensed Texas attorney, went to Defendant Silverado's Sugar Land facility to visit then living

Decedent Ruby S. Peterson. At that time Phillip Ross, Esquire, later a lawyer in cases concerning Decedent Ruby S. Peterson, whom the Peterson Plaintiffs lawfully retained, requested in his capacity as an attorney representing then living Decedent Ruby S. Peterson an audience with then living Decedent Ruby S. Peterson. Defendant Silverado officials denied Attorney Phillip Ross an attorney meeting, which Defendant Silverado officials told him fallaciously that then living Decedent Ruby S. Peterson was prohibited and forbidden from having any visitors, when there was no extant Order of any Court of competent jurisdiction to that effect. When Attorney Phillip Ross asked of the Defendant Silverado officials to please speak to a supervisor, Defendant Silverado's Administrator, Ms. Tana McMillon, told Attorney Phillip Ross that he could not speak with then living Decedent Ruby S. Peterson, that he was to leave the Silverado Sugar Land premises immediately, and that Defendant Silverado Administrator McMillon was then going to call the Sugar Land Police. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

312.    The Peterson Defendants' actions prevented the Peterson Plaintiffs from even speaking with their mother that day and on many occasions, as then living Ruby S. Peterson was involuntarily confined at Defendant Silverado's Sugarland facility and the Peterson Defendants insisted that Decedent Ruby S. Peterson would never be able within her lifetime to leave Defendant Silverado. At no time did Defendant Silverado have any legal or lawful authority

to hold her unlawfully arrested and imprisoned against her will. Defendant Silverado also frequently denied the living Decedent Ruby S. Peterson access to phone calls or a phone to call her sons and others, even after the Peterson Plaintiffs provided a cell phone for her use. Plaintiff Don Peterson discovered the cell phone was missing. Plaintiff Don Peterson advised Plaintiff Mack Peterson that the cell phone was missing, at which time it was found in a Defendant Silverado Sugar Land storage closet. Defendant Silverado gave the phone to Defendant Carol Ann Manley, who then appears to have given it to Defendant Sarah Pacheco. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

313.    On 12 August 2014, the Peterson Plaintiffs and their legal counsel agreed to remove the living Decedent Ruby S. Peterson's three videos from the internet, as a condition for temporarily restoring their rights to visit their mother, then living Decedent Ruby S. Peterson. As soon as the videos of then living Decedent Ruby S. Peterson were removed, Defendant Silverado allowed the Peterson Plaintiffs and their spouses to visit then living Decedent Ruby S. Peterson once again. However, Defendant Silverado resumed thereafter their interference with the Peterson Plaintiffs' rights to visit the then living Decedent Ruby S. Peterson, claiming that there was other objectionable content that was still posted on the Internet. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants' civil and criminal conspiracies, as well as, their racketeering schemes.

314.    On 19 September 2014, Attorney Philip Ross, counsel for then living Decedent Ruby S. Peterson, conferred with Defendant Mr. Davis, counsel for Defendant Silverado. At this time Attorney Phillip Ross advised Defendant Mr. Davis of his intent to bring expert witness, Dr. John Tennison, M.D., to visit then living Decedent Ruby S. Peterson to examine her and to ascertain her status. Defendant Silverado objected. The Peterson Plaintiffs filed a Motion for Protection in the Probate 1 Guardianship case, and alternatively, Motion to Compel Defendant Silverado to allow their attorney and expert witness to visit then living Decedent Ruby S. Peterson.

315.    Neither Defendant Carol Ann Manley nor Defendant David Peterson had any right to restrict then living Decedent Ruby S. Peterson's freedom or "order" that she be forcibly chemically assaulted with dangerous Federal Drug Administration[113] black box warning drugs. The FDA had warned against the administering of Seroquel in elderly patients with dementia and heart problems, both of which then living Decedent Ruby S. Peterson suffered from.

316.    On 25 September 2014, Defendant Judge Lloyd Wright denied the Peterson Plaintiffs' motion, as well as, prevented their attorney and expert witness from meeting and speaking with then living Decedent Ruby S. Peterson. Defendant Judge Wright made no written findings of facts, nor referred to any facts and expressed no guiding principles, as well as, no legal basis justifying his Order denying the Peterson Plaintiffs' request to allow their attorney and expert witness to visit then living Decedent Ruby S. Peterson. These acts are

---

[113] "FDA".

also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright's civil and criminal conspiracies, as well as, their racketeering schemes.

317.    At all times pertinent hereto, all of the Defendants associated with the matters relating to Decedent Ruby S. Peterson or the Peterson Plaintiffs hereto made material misrepresentations of fact or withheld material facts intentionally to cause then living Decedent Ruby S. Peterson and or the Peterson Plaintiffs to rely on those omissions and commissions, which the Peterson Plaintiffs each did to each of their financial detriment and damages to their property. Said acts of commission and omission constituting both extrinsic and intrinsic financial fraud.

318.    At all times pertinent hereto, Defendant Carol Ann Manley and Defendant David Peterson acted as then living Decedent Ruby S. Peterson's attorney in fact, or as Trustees of the Peterson Family Trust II or as Executor and Executrix of her will in her estate after her death. As a matter of Texas law, attorneys in fact, trustees, guardians, guardian *ad litems*, attorney *ad litems*, attorneys, physicians and executors/executrices are all fiduciaries, and as such owe duties of total complete candor, of full disclosure, and of honesty and fidelity to their wards or the beneficiaries of the trust and estate involved. The Peterson Defendants breached their fiduciary duties assisted by Defendant Silverado, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer &

Jones. P.L.L.C., and Defendant Dr. Merkl, as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, and Defendant Ms. Hightower.

319.    Decedent Ruby S. Peterson died on 11 January 2015 as the Peterson Plaintiffs had predicted she would in the case(s) before Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles, as Defendants herein held Decedent Ruby S. Peterson against her will. They also forced Decedent Ruby S. Peterson to ingest numerous, heavy doses of medications, which Defendant Carol Ann Manley, Defendant David Peterson, Defendant Silverado, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones. P.L.L.C., Defendant Dr. Merkl, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, and Defendant Ms. Hightower knew or should have known would kill Decedent Ruby S. Peterson.

320.    Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles always ruled against the Peterson Plaintiffs, demonstrating their unswerving loyalty and complete fidelity to all of the Defendants involved in the Peterson case as opponents to the Peterson Plaintiffs, because of all of their association with Harris County Probate 1, as well as, Defendants Conservative Club of Houston and the treasurer of its PAC, Defendant J. Cary Gray.

321.    The Texas Health and Safety Code requires a Court Order to forcibly detain any elderly person and does not permit an agent to consent to psychiatric inpatient treatment, the therein prohibited acts, which are exactly what took place as to the treatment of then living Decedent Ruby S. Peterson. The Peterson Defendants and their counsel Defendants, as well as, the Defendant guardian *ad litem* Defendant Ms. Young and attorney *ad litem* Defendant Mr. Jones forced then living Decedent Ruby S. Peterson to ingest large doses of narcotics, benzodiazepines and dangerous antipsychotic drugs against her will. Texas Health and Safety Code § 166.152 prohibits the dosing of an elderly person such as in these instances by Court Order. The Code only permits a guardian to consent to the use of psychotropic drugs against a person's will in the absence of Court Order or other circumstances not applicable to these matters. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, Defendant Judge Loyd Wright, and Defendant Associate Judge Ruth Ann Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

322.    Defendant Silverado, Defendant Carol Ann Manley, Defendant David Peterson, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton, & James, P.C., Defendant Ms. Young, Defendant Mr. Jones and Defendant Dr. Cowan all ignored Texas Health and Safety Code § 166.155.[114] But most saliently important to this case, so did

---

[114] Texas Health and Safety Code § 166.155:
"(a) A medical power of attorney is revoked by:

Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, Defendant Judge Loyd Wright, and Defendant Associate Judge Ruth Ann Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

323.    Defendant Dr. Cowan committed serious crimes when at the behest of her father-in-law, Defendant David Peterson she prescribed as a medical doctor Seroquel without physically and mentally examining and talking to then living Decedent Ruby S. Peterson before she prescribed that drug.

324.    The Peterson Plaintiffs informed Probate Court 1 of the situation surrounding the prescribing of Seroquel when they filed their Original Petition on 17 July 2014[115] and Application for Temporary Restraining Order and Temporary Injunction on 28 July 2014[116], which raised safety issues regarding administering the drug to then living Decedent Ruby S. Peterson and warned that the administering of Seroquel could cause then living Decedent Ruby S. Peterson's premature death.

_____

(1)  oral or written notification at any time by the principal to the agent or a licensed or certified health or residential care provider or by any other act evidencing a specific intent to revoke the power, without regard to whether the principal is competent or the principal's mental state;

(2)  execution by the principal of a subsequent medical power of attorney; or …

(b)  A principal's licensed or certified health or residential care provider who is informed of or provided with a revocation of a medical power of attorney shall immediately record the revocation in the principal's medical record and give notice of the revocation to the agent and any known health and residential care providers currently responsible for the principal's care."

[115] Exhibit "26" is a copy of the subject pleading, which Peterson Plaintiffs do hereby incorporate herein its entireties for all purposes.

[116] Exhibit "27" is a copy of the subject pleading, which Peterson Plaintiffs do hereby incorporate herein its entireties for all purposes.

325.    Defendant Silverado administered the Seroquel as Defendant Dr. Cowan had prescribed. Defendant Dr. Cowan had mailed the prescription to either Defendant David Peterson or directly to Defendant Silverado.

326.    Hearings on Plaintiffs' Emergency Application for Temporary Injunction commenced 28 July 2014 and ended 12 August 2014, in which Dr. John Tennison, M.D., consistent with his expert report dated 8 August 2014, testified that Seroquel appeared to have a more pronounced effect on then living Decedent Ruby S. Peterson and of her deficient care, pointing to heart problems as the cause of her dementia, rather than Alzheimer's disease. Dr. Tennison emphasized the need for intervention concerning her cardiac problems as an emergency and stated she was likely sustaining otherwise reversible brain damage by the failure to address her heart problems. Dr. Tennison said then living Decedent Ruby Peterson was at risk of fatality if this was not addressed. Plaintiff's Application for Injunctive Relief asserted to the Court that the drug Seroquel was specifically included in the largest criminal penalty settlement in U.S. history with a drug manufacturer for aggressive marketing of FDA black box warning psychotropic drugs for use in elderly dementia patients due to the risk of fatality.

327.    Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones. P.L.L.C., and Defendant Dr.

Merkl opposed the Peterson Plaintiffs, for which there is a transcript. Defendant Judge Loyd Wright refused following the presentation of evidence and argument of counsel to intercede and to interrupt Defendant Silverado from administering the drug, Seroquel, to then living Decedent Ruby S. Peterson. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

328.    Texas Health and Safety Code § 166.152 prohibits an agent or care provider from forcing a principal to accept or undergo treatment of any kind against their objection regardless of their mental state absent circumstances not present in the Probate Court 1 cases.[117] Despite these statutory prohibitions, Defendant Dr. Merkl testified 30 July 2014 that Defendant Silverado Senior Living's practice or forcibly drugging or deceiving patients to ingest drugs they find objectionable was acceptable medical practice and approved of detaining then living Ruby Peterson against her will, further stating that he wrote the 4 October 2014 letter at the request of Defendant Sarah Pacheco without performing a "competency evaluation," stating that then living Ruby S. Peterson lacked capacity to execute a legal document.

---

[117] Texas Health and Safety Code § 166.152. Please see also Texas Estate Code § 1151.054 and generally § 1151, prohibiting commitment and psychotropic drugging.

329.    After four days of testimony for which there are transcripts in a Temporary Injunction hearing, in the Guardianship case, Cause No. 427,208, Defendant Judge Loyd Wright refused to end then living Decedent Ruby S. Peterson's false arrest and imprisonment by Defendant David Peterson and Defendant Carol Ann Manley, assisted by Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Jill Young, Defendant, MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., Defendant Mr. Davis, Defendant Underwood, Scherrer & Jones. P.L.L.C., and Defendant Dr. Merkl, nor to prohibit nor abate nor even hinder the other Defendants' hereto breaches of their various fiduciary duties. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ruth Ann Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

330.    The Defendants herein utilized the United States Postal Service, wire, and internet in furtherance of their civil and criminal conspiracies, as well as, racketeering schemes.[118]

331.    Defendant Dr. Merkl, a rehabilitation physician, admitted during sworn testimony that he completed a cardiology fellowship prior to his work at Defendant Silverado, as well as, the fact that he and Dr. Lalani of Defendant Silverado had considered Decedent Ruby S. Peterson's heart failure as the potential cause of her confusion. Defendant Dr. Merkl

---

[118] Mailing envelopes and their contents are available.

also exposed the conspiracy when he testified that on occasion Defendant Sarah Pacheco told him in advance that guardianship was not needed in particular cases, so he found those competent and that she was perfectly happy with that.

332.   Defendant Dr. Merkl was grossly negligent and consciously indifferent, consistently risking then living Decedent Ruby S. Peterson's death by administering to her Federal Food & Drug Administration Black Box Warning psychotropic drugs, which are known to be fatal when administered to elderly dementia patients. This risk is further exacerbated when the individual has cardiac insufficiency or failure as then living Decedent Ruby S. Peterson did.

333.   Defendant Carol Ann Manley and Defendant David Peterson are culpable of wrongfully thieving at least $450,000USD from then living Decedent Ruby S. Peterson's investment account in derogation of her rights.

334.   Defendant Carol Ann Manley and Defendant David Peterson also defrauded Decedent Ruby S. Peterson and the Peterson Plaintiffs through purposefully concocted inaccurate accounting on the Peterson Family Trust II to disguise the rightful actual amount of the Peterson Plaintiff's inheritance. These Defendants committed such malfeasance to deceive the Peterson Plaintiffs. These Defendants also attempted to further defraud each of the Peterson Plaintiffs out of $40,000USD over time, as well as, through a bait and switch scheme involving Decedent Ruby S. Peterson's wedding ring by producing a fake certificate for a ring other than that belonging to Decedent Ruby S. Peterson.

335.    Defendant Carol Ann Manley and Defendant David Peterson breached their fiduciary duties and committed multiple acts of fiduciary fraud and theft by unlawful filching of funds from the possession, trust estate, accounts, or estate of Decedent Ruby S. Peterson with the assistance of their Defendant attorneys and others. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ms. Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

336.    The 10 November 2014 Orders[119], executed by Defendant Judge Loyd Wright, effectively sanctioned both the Peterson Plaintiffs and their counsel, and also dismissed the Peterson Plaintiffs' legitimate claims against Defendant Silverado. These matters are now on appeal[120].

337.    Due to Defendant Mr. Jones and Defendant Ms. Young's Motion for Security for Costs and Supplemental Motion, in which costs for the litigation were sought only from the Peterson Plaintiffs, who had no guardianship case pending but only civil claims, the Peterson Plaintiffs agreed to mediate and did so on 30 October 2014. The Peterson Plaintiffs settled and signed a settlement agreement under extreme duress because Defendant Mr. Jones assured them that he would ensure that the Court would not assess costs or sanctions of over

---

[119] Exhibit "28" are copies of Defendant Judge Loyd Wright's 10 November 2014 Orders, which Peterson Plaintiffs do hereby incorporate herein their entireties for all purposes.
[120] Cause No. 01-15-000586; Mackey Glen Peterson, Tonya Peterson, Don Leslie Peterson, and Lonny Peterson v. Carol Ann Manley, David Peterson, Silverado Senior Living d/b/a Silverado Senior Living Sugarland and Cause No. 01-15-000567; In re Guardianship of Ruby Peterson.

$100,000USD and he threatened if they did not that then living Decedent Ruby S. Peterson would be placed in guardianship, where she would never be permitted to leave Defendant Silverado's Sugar Land facility.     The agreement was illusory because it was incapable of being enforced by omitting a date by which Ruby would be set free from Defendant Silverado's Sugar Land facility. It further stated that the Peterson Plaintiffs agreed not to object to their request for attorneys' fees, which gave them nothing of value because they had no control over whether Defendant Judge Wright would grant them fees. It was illegal by virtue of the fact that the Peterson Plaintiffs were forced into a position of foregoing civil claims to free their mother and save her life. The Peterson Plaintiffs signed the agreement because they were fearful of their mother's impending death.

338.    After mediation, the Peterson Defendants refused the Peterson Plaintiffs' calls and never found a suitable alternative living arrangement for then living Decedent Ruby S. Peterson. Despite the Peterson Defendant attorneys' representations that the then living Decedent Ruby S. Peterson would be moved as soon as possible, the Peterson Defendants and the lawyers involved with them confined then living Decedent Ruby S. Peterson until her death and never once appeared to evince even a modicum of good faith to demonstrate any attempt at compliance with the purported agreement. Defendants Carol Ann Manley, Defendant David Peterson and their attorneys, Defendant Sarah Pacheco and Defendant Kathleen Beduze refused to sign a release consistent with the terms of the purported agreement in favor of adding terms which were not part and parcel of the alleged agreement. The Peterson

Defendants' attorneys ignored the Peterson Plaintiffs' repeated emails and phone calls, refusing to tell them when and where the then living Decedent Ruby S. Peterson was going to be moved.

339.    The Peterson Plaintiffs filed a Motion to Reconsider Dismissal under Texas Rule of Civil Procedure 91a of their claims against Defendant Silverado. The motion also sought a review of sanctions imposed upon the Peterson Plaintiffs and their counsel and to set the matter for hearing 9 December 2014. On 9 January 2015, two days before the then living Decedent Ruby S. Peterson died, Defendant Judge Loyd Wright denied the Peterson Plaintiffs all relief they were seeking, entered Orders dismissing their remaining claims against Defendant Silverado, and refused to reconsider the 10 November 14 rulings.[121]

340. The Peterson Defendants and their attorneys, Defendant Sarah Pacheco, Defendant Kathleen Beduze, and Defendant Crain, Caton & James, P.C., committed multiple acts of fiduciary fraud and theft. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ms. Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

---

[121] Exhibit "29", Order to Dismiss Plaintiffs' Breach of Fiduciary Duty and/or Trust Claims dismissed with prejudice (1.9.15), Order denying Motion to Reconsider Sanctions and Rule 91a Dismissal of claims against Silverado (1.9.15), which Plaintiffs do hereby incorporate herein their entireties for all purposes.

341.    In April of 2015, the Peterson Plaintiffs filed an Amended Motion to Set Aside the Rule 11 Agreement for illegality, lack of consideration, fraud, and financial/emotional duress.[122] Defendant Ms. Young and Defendant Mr. Jones filed a Motion to Enter Judgment on the Rule 11 Agreement in order to collect almost $100,000USD in attorneys' fees, after violating their statutory and fiduciary duties to then living Decedent Ruby S. Peterson. The Peterson Plaintiffs responded in opposition to the Motion to Enter Judgment of "Non-Revocable Settlement Agreement" pursuant to § 1055.151(c) of the Texas Estates Code, informing the Court that jurisdiction to ratify this Rule 11 Agreement ended when Decedent Ruby S. Peterson died on 11 January 2015.

342.    As such, the referenced Rule 11 Agreement was moot and could not be ratified. Defendant Judge Loyd Wright ratified it anyway, right after acknowledging that he read the Peterson Plaintiffs' briefs on illegality and mootness as a direct result of Decedent Ruby S. Peterson's 11 January 2015 death, which terminated the Guardianship.[123] Notably, the Peterson Plaintiffs filed a Motion to Dismiss the Guardianship for lack of jurisdiction on 16 January 2015, which Defendant Judge Loyd Wright disregarded and finally dismissed as he ratified the Rule 11 Agreement on 12 May 2015. This was advanced by the Peterson Defendants, their attorneys Defendant Sarah Pacheco, Defendant Kathleen Beduze, and

---

[122] Exhibit "30", Amended Motion to Set Aside Rule 11, which Plaintiffs do hereby incorporate herein its entireties for all purposes.
[123] Exhibit "31", Final Judgment, which Plaintiffs do hereby incorporate herein its entireties for all purposes.

Defendant Crain, Caton & James, P.C., as well as, Defendant Ms. Young and Defendant Mr. Jones.[124] Defendants also committed multiple acts of fiduciary fraud and theft. These acts are also RICO predicate acts. These acts were consummated in furtherance of the Peterson Defendants, as well as, Defendant Judge Loyd Wright and Defendant Associate Judge Ms. Stiles' civil and criminal conspiracies, as well as, their racketeering schemes.

343.    The property of Decedent Ruby S. Peterson, the property of the Peterson Family Trust II, the property of the Estate of Ruby S. Peterson, the property of the Plaintiff Don Peterson, the property of Plaintiff Mack Peterson, and the property of the Plaintiff Lonny Peterson have all suffered immense damages as a direct and proximate result of Defendant Carol Ann Manley, Defendant David Peterson, Defendant Dr. Cowan, Defendant Dr. Merkl, Defendant Silverado, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Ms. Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P., Defendant Mr. Jones, Defendant Underwood, Jones, & Scherrer, P.L.L.C, Defendant Mr. Davis, Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, Defendant Ms. Hightower, Defendant C Club PAC and Defendant J. Cary Gray's civil and criminal conspiracies, as well as, their racketeering schemes.

344.    Defendant Carol Ann Manley, Defendant David Peterson, Defendant Dr.

---

[124] Exhibit "32", Motion to Dismiss and Order Denying Motion to Dismiss, dated 12 May 2015, which Plaintiffs do hereby incorporate herein their entireties for all purposes.

Cowan, Defendant Dr. Merkl. Defendant Silverado, Defendant Sarah Pacheco, Defendant Kathleen Beduze, Defendant Crain, Caton & James, P.C., Defendant Ms. Young, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L, P., Defendant Mr. Jones, Defendant Underwood, Jones, & Scherrer, P.L.L.C,, Defendant Mr. Davis and Defendant Lewis, Brisbois, Bisgaard & Smith, L.L.P., as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, Defendant Ms. Hightower, Defendant C Club PAC and Defendant J. Cary Gray concocted and carried out (1) schemes or artifice to defraud the Decedent Ruby S. Peterson and the Peterson Plaintiffs over more than a four-year period, (2) actively participated in those scheme, (3) with specific intent on the part of the named Defendants to defraud the Peterson Plaintiffs, and (4) the deception of the Peterson Plaintiffs, involved (5) the use of the United States mails or private or commercial interstate carriers, as well as, wire and the internet including email and e-filing with the Court and clerks involved in furtherance of the schemes or artifices to defraud, as herein above pled.[125]

### FACTS AS TO EDWARD G. RIZK, THE ESTATE OF FRED E. RIZK AND THE INDISPENSABLE PARTY PLAINTIFFS RIZK

345.     Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 344, as well as, those hereinafter pled as though herein originally pled.

346.     Decedent, Fred E. Rizk died on 4 November 2011, in Houston, Harris County,

---

[125] 18 U.S.C. § 1341.

Texas County, Texas, at the age of eighty-six (86) years.

347.    On or about 11 November 2011 Defendant J. Cary Gray commenced an Independent Administration of the Fred E. Rizk Estate in Probate Court 1 for Harris County Texas, Case No. 408941. In following that Court admitted Fred E. Rizk's will to probate.

348.    Probate Court 1 admitted the Decedent's Last Will and Testament, as well as, the First Codicil to Probate and Defendant Loyd Wright authorized letters testamentary by his Order in Case 408941 on 22 November 2011, naming Defendant J. Cary Gray as Independent Executor of the Fred E. Rizk estate.

349.    Defendant Mr. Gray as the President of Rizk Interests, Ltd. on behalf of Rizk Interests, Ltd. has acted since shortly after the issuance of his Letters of Administration, as the President of Rizk Interests, Ltd.

350.    Plaintiff Edward G. Rizk is the natural biological son of his father, Decedent the late Fred E. Rizk.

351.    Probate Court 1 had previously found in the Fred E. Rizk probate estate case that Decedent Fred E. Rizk left a valid written Will and Testament, as well as, First Codicil bearing the Decedent's signature. The referenced Will and Testament is dated 26 March 2009 and a valid First Codicil thereto is dated 19 April 2010, which together are the Last Will and Testament and his First Codicil of Decedent, Fred E. Rizk. Such instruments have never been revoked. The First Codicil dated 19 April 2010 revises and amends the Decedent's Last Will and Testament dated 26 March 2009. J. Cary Gray filed both instruments with the original

Application opening the Fred E. Rizk probate case before Probate Court 1. Plaintiff Edward Rizk hereby incorporates the original of the Fred E. Rizk Last Will and Testament, as well as, the First Codicil, attached to the original herein their entireties for all purposes.

352.    Defendant Mr. Gray is and has been for some time a licensed Texas lawyer and has also for some time been the managing partner of Gray, Reed & McGraw, P.C. (Formerly Looper, Reed & McGraw, P.C.), which firm has represented both the Estate of Fred E. Rizk and Defendant Mr. Gray, as The Independent Executor.

353.    As the Independent Executor of the Fred E. Rizk Estate and as a licensed attorney, who is the managing partner of the law firm, Gray, Reed & McGraw, P.C., which has represented the referenced estate, Defendant Mr. Gary has acted as and is a fiduciary, as a matter of law.

354.    Defendant Mr. Gray as a fiduciary owed and owes fiduciary duties to the referenced Estate of Fred E. Rizk, the legatees and beneficiaries of the Fred E. Rizk estate, the trust beneficiaries, for which trusts Defendant Mr. Gray is and has been, as well as, has acted as the Trustee, as well as, to the referenced Testamentary Trust beneficiaries, where he is named and has acted as Trustee since Mr. Fred E. Rizk's death, as a matter of law.

355.    On or about 18 December 2013 Plaintiff Edward Rizk petitioned Probate Court 1 to remove Defendant Mr. Gray as Executor of the Estate of Fred E. Rizk, for the following reasons:

   a.  Defendant J. Cary Gray failed timely to return an accurate inventory of

the property of the estate, appraisement and list of claims or an affidavit in lieu of the inventory, appraisement, and list of claims that have come to his knowledge within 90 days after qualification and has since failed to file an accurate inventory, appraisement and list of claims for the referenced Fred E. Rizk estate, since Plaintiff Edward Rizk first called upon him to do so, as an interested party's Applications and Motions filed in the hereinabove referenced estate case no 708941, i.e. the Inventory, Appraisement and List of Claims Mr. Gray, as Independent Executor of the Fred E. Rizk estate filed under oath states that the Fred E. Rizk estate has no claims and yet the Fred E. Rizk estate by and through Defendant Mr. Gray, acting as Independent Executor of the Fred E. Rizk estate, filed a Proof of Claim, stating there that there was a claim of the Estate of Fred E. Rizk against Plaintiff Edward George Rizk in his Chapter 11 Bankruptcy case for $1,760,000USD, which case was before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 13-bk-32811; aforesaid Executor, Defendant Mr. Gray, as Independent Executor of the Fred E. Rizk estate also filed a separate lawsuit in this probate case against Abdul and Malk Fustok for some $1,000,000USD, stating there that that was a claim of the Estate of Fred E. Rizk; and, aforesaid Executor, as Independent Executor of the Fred E. Rizk estate also made a separate claim before the United States Bankruptcy Court for the Southern District of Texas, Houston Division in aforesaid Edward George Rizk Chapter 11 case for some $2,500,000US, stating that it was a claim of the Fred E. Rizk estate;

        b.    Defendant Mr. Gray has serially breached his fiduciary duties and

committed fiduciary fraud, including but not limited to the following;

(i).     Defendant Mr. Gray settled a case brought by Mr. Artie Tripoli, which case was against the Villas at Hyde Park, L.L.C., an asset of the estate of Fred E. Rizk. Defendant Mr. Gray acting as Independent Executor of the Estate of Fred E. Rizk settled the case with Mr. Artie Tripoli for over $600,000USD[126] on an alleged oral agreement between a dead man, the decedent Fred E. Rizk and Mr. Artie Tripoli, when there was actually, absolutely no writing, regarding a supposed real estate deal, which alleged oral contract by its own alleged terms was for more than one (1) year, after filing an answer and general denial in that case, where Defendant Mr. Gray as the Independent Executor of the Estate of Fred R. Rizk, where therein Defendant Mr. MacIntyre and Defendant MacIntyre, McCulloch, Stanfield & Young, P.C. representing Defendant Mr. Gray as Executor of the Estate of Fred E. Rizk, even pled the Texas statute of frauds;[127] which is Texas Business & Commerce Code § 26.01 (2013);[128]

---

[126] Exhibit "33" Mediated Settlement Agreement dated 31 July 2013.
[127] Harris County District Court No. 2013-03291, in the 333 Texas Judicial District.
[128] Which reads in pertinent part, as follows:"§ 26.01. Promise or Agreement Must Be in Writing (a) **A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is**
**(1) in writing; and**
**(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.**
(b) **Subsection (a) of this section applies to: … (4) a contract for the sale of real estate; …(6) an agreement which is not to be performed within one year from the date of making the agreement**..."
(Our Emphasis Added.)

(ii)      Defendant Mr. Gray on 29 June 2012 entered into a written Agreement with himself where acting as Independent Executor of the Estate of Fred E. Rizk on behalf of that Estate where he waived the statute of limitations on accounts receivables that the Estate supposedly owed to Defendant then Looper, Reed & McGraw, P.C. (Now Gray Reed & McGraw, P.C.), which he accepted as Chief Executive Officer of Looper, Reed & McGraw, P.C. (Now Gray, Reed & McGraw, P.C.), in favor of Looper, Reed & McGraw, P.C. (Now Gray, Reed & McGraw, P.C.), which was an outrageously fragrant breach of fiduciary duties owed to the Estate of Fred E. Rizk, the beneficiaries of Fred E. Rizk's Estate, as well as, *inter vivos* and testamentary Trust;[129] That transaction represented an absolute conflict of interest and only benefited Looper, Reed & McGraw, P.C. (Now Gray, Reed & McGraw, P.C.) of which Defendant Mr. Gray is the Chief Executive Officer and a shareholder;

(iii).      Defendant Mr. Gray has failed to formally disclose in any papers relating to the Estate of Fred E. Rizk the nature and extent of his personal, separate interest in a project known as Semi Valley, which he, as independent Executor of the Fred E. Rizk estate has listed as an asset of this estate in his Inventory, Appraisement and List of Claims;

(iv).      Mr. Gray, as the independent Executor of the Fred E. Rizk estate has repeatedly hired and used his own law firm to do legal work for this estate, when members of that firm now claim and have claimed in writing that Looper, Reed & McGraw, P.C. (Now Gray, Reed & McGraw, P.C.) has not and does not represent the Fred E. Rizk estate;

---

[129] Exhibit "34" 29 June 2012 Agreement by Defendant Mr. Gray as Executor to Defendant as CEO.

(v).    Mr. Gray has failed to timely file the affidavit or certificate required under Probate Code § 128A(g);

(vi).    Defendant Mr. Gray was always and has become incapable of properly performing his fiduciary duties, due to a multitude of actual material conflicts of interest;

(vii).    Sufficient grounds appear to support the belief that Defendant Mr. Gray has misapplied and that he is about to further misapply all or part of the property of the Estate of Fred E. Rizk committed to his care;

(viii).    Defendant Mr. Gray, as Independent Executor of the Fred E. Rizk estate has failed to make any significant distribution of the assets of the estate, as mandated by the Fred E. Rizk will, during which period of time he, however, has paid from the Fred E. Rizk estate's funds hundreds of thousands of dollars to his law firm for purported legitimate legal fees, while never disclosing in any itemized statement to the Fred E. Rizk estate's legatees or beneficiaries the bases for those legal fees, ; and,

(ix).    Mr. Gray has wasted the assets of the Fred E. Rizk estate.

These acts are also RICO predicate acts. These acts were consummated in furtherance of the Rizk Defendants' civil and criminal conspiracies, as well as, their racketeering schemes. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

356.    Defendant Judge Loyd Wright, made well aware of the hereinabove described fiduciary defalcations on the part of Defendant Mr. Gray, in the proper exercise his judicial equitable powers summarily should have removed Defendant Mr. Gray from acting as Trustee of the Testamentary Trusts and other Trusts Fred E. Rizk created, as well as, as Executor of the Estate of Fred E. Rizk for the reasons hereinabove enunciated and delineated. Defendant Judge Loyd Wright's refusal to exercise his broad equitable powers to protect the property of the Estate of Fred E. Rizk and the trusts, as well as, the beneficiaries was occasioned because of his close relationship and favoring over all others of Defendant Mr. Macintyre and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. This constitutes the commissions of the crime of official oppression because of Defendant Judge Loyd Wright's obvious conscious indifference. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts of omission and commission reflect serial breaches of fiduciary duties

357.    Although Plaintiff Edward G. Rizk demonstrated in the Probate Court 1 proceedings more than adequate grounds to Defendant Judge Loyd Wright for the removal of Defendant Mr. Gray from acting as Executor of the Estate of the late Fred E. Rizk and as Trustee of that Decedent's trusts, Defendant Judge Loyd Wright has consistently ruled against Plaintiff Edward G. Rizk in the Probate Court 1 proceedings referenced. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of

omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

358.    Defendant Mr. Gray, although Defendant Judge Loyd Wright ordered him to do so, has failed to fully and adequately account consistent with the Texas Estate Code's mandates to do so.[130] Although this Estate has been open now since 11 November 2011, Defendant Mr. Gray has failed to provide any subsequent accountings for his administration of the Estate of Fred E. Rizk, violative of the Texas Estates Code.[131] **These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and theft.**

359.    The late Fred E. Rizk as settlor created several trusts, to which Plaintiff Edward George Rizk is and was to be a beneficiary, as is, Plaintiff Maxwell Rizk, Indispensable Party

---

[130] Texas Property Code § 113,151; Texas Estate Code § 359.01.

[131] Texas Estate Code § 359.02:

"(a) Each personal representative of the estate of a decedent shall continue to file an annual account conforming to the essential requirements of Section 359.001 regarding changes in the estate assets occurring since the date the most recent previous account was filed.

(b) The annual account must be filed in a manner that allows the court or an interested person to ascertain the true condition of the estate, with respect to money, securities, and other property, by adding to the balances forwarded from the most recent previous account the amounts received during the period covered by the account and subtracting the disbursements made during that period.

(c) The description of property sufficiently described in an inventory or previous account may be made in the annual account by reference to that description."

Plaintiff Edward Elias Rizk, Indispensable Party Plaintiff Rex Robinson Rizk and Indispensable Party Plaintiff Randell R. Rizk.[132]

360.    As a Trustee of several *inter vivios* and testamentary trusts created by the late Fred E. Rizk, Defendant Mr. Gray has failed to fully and adequately account consistent with the Texas Trust Code's mandates to do so,[133] even after Plaintiff Edward G. Rizk has made repeated demands. Although this Estate has been open now since 11 November 2011, Defendant Mr. Gray has failed to provide any subsequent accountings for his administration of the Estate of Fred E. Rizk, violative of the Texas Estates Code. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud.

361.    At all times relevant hereto Defendant Robert S. MacIntyre, Junior and Defendant MacIntyre, McCulloch, Stanfield & Young have represented the Estate of the late Fred E. Rizk and Defendant J. Cary Gray as Executor of that Estate, as well as, Trustee of the Rizk trusts.

---

[132] Plaintiff Edward G.  Rizk does hereby incorporate herein the Last Will and Testament, as well, First Codicil of the late Fred E. Rizk together with Fred E. Rizk's *inter vivos* and testamentary trusts herein their entireties for all purpose.

[133] Texas Estates Code § 404,001.

362.    As hereinabove stated at various times and in various places, Defendant Mr. Gray has claimed that Plaintiff Edward G. Rizk owes or owed the Estate in excess of $2,500,000USD for undocumented "loans" and that certain property which belonged to Plaintiff Edward G. Rizk, actually belongs to the Estate of Fred E. Rizk, to wit sewage access rights Defendant Mr. Gray valued at in excess of $800,00USD attached to Plaintiff Edward G. Rizk's homesteaded residence in Briargrove, Houston, Texas, which sewage rights were in Plaintiff Edward G. Rizk's name. Plaintiff recently sold the sewage rights for $421,697.97USD which sale was closed and culminated through a Texas title company. Defendant Mr. Gray has sought since the death of Fred E. Rizk to offset these specious and unprovable claims against Plaintiff Edward G. Rizk's interest in his father's Estate. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts of omission and commission reflect serial breaches of fiduciary duties and fiduciary fraud.

363.    Plaintiff Edward G. Rizk categorically denies that he owes any money to the Estate of Fred E. Rizk, as hereinbefore described, as the Independent Executor J. Cary Gray has asserted and is asserting against Plaintiff Edward George Rizk is owed by Plaintiff Edward G. Rizk.

364.    Plaintiff Edward G. Rizk brought a Petition for declaratory relief in Probate Court 1 on or about 20 September 2014 concerning the purported undocumented loans and the ownership of the sewage access rights. Defendant Mr. MacIntyre and Defendant MacIntyre,

McCulloch, Stanfield & Young, P.C. has filed an answer and general denial.

365.    Although the Estate on the date of death of Fred E. Rizk was extremely solvent, as were the *inter vivos* and testamentary trusts, Defendant J. Cary Gray has only made extremely small distributions to any of the beneficiaries including to the Plaintiff Edward G. Rizk, since the Probate Court 1 issued the Defendant Mr. Gray letters testamentary on 22 November 2011, some fifty two (52) months ago, although in that period of time Defendant Mr. Gray has had the cash money to do so, which distributions the late Fred E. Rizk mandated from the assets of his Estate, as well as, *inter vivos* and testamentary Trusts,.

366.    The Estate of Fred E. Rizk owned several partnerships, corporations and limited liability companies, which owned several valuable real estate interests, which entities or the Fred E. Rizk interests in them could have been readily distributed to the beneficiaries in the excess of four years Defendant Mr. Gray has been involved as Executor of the Estate of Fred E. Rizk. The subject Estate according to the 706 IRS return Defendant Mr. Gray signed and filed on behalf of the Estate values the Estate in excess of $30,000,000USD. Instead of making distributions in the excess of four years, Defendant Mr. Gray has been administering the assets of this Estate in a reckless and destructive manner and he has opted instead on a plan to sell off all the assets and to reduce the value of the Estate purposefully, while he charges and incurs large amounts of attorneys' fees for his law firm through these unconscionable illegal transactions, to the damage to the property of the Rizk Plaintiffs and the Indispensable Party Plaintiffs Rizk. These acts of omission and commission constitute

fraud, breaches of fiduciary duties and fiduciary fraud, as well as, theft. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes.

367.    The various entities in the Fred E. Rizk Estate have paid out separately and cumulatively some $500,000USD in attorneys' fees for the unauthorized transactions to Defendant Gray, Reed & McGraw, P.C. that that Defendant Mr. Gray has culminated in those entities belonging to the Estate of Fred E. Rizk. The transactions that Defendant Mr. Gray has engaged in and completed are all destructive of the intent of the testator and his estate plan, as well as, ultimately the value of the property of the beneficiaries, Plaintiff Edward G. Rizk, Plaintiff Max Rizk and the Indispensable Plaintiffs Rizk. For an example, there were three Walgreens' stores belonging to the Estate of Fred E. Rizk, all of which were quite lucrative, well-structured and well planned. There were no management fees associated with the Walgreen's stores. Allan owner needed to do was deposit the income checks from these. Defendant Mr. Gray has traded them at a loss for one income property on Washington in Houston, Texas, which makes any distribution equally to the two testamentary trusts problematic, thus creating more administrative expenses in the form of attorney's fees to Defendant Gray, Reed & McGraw, P.C.[134] and property management fees. Defendant Mr.

---

[134] In lieu of an Executor's fee, where he would have to seek Court approval, Defendant Mr. Gray has opted on charging the Estate of Fred E. Rizk for his services as a lawyer at his hourly rate, which he then has made payable to his law firm, Defendant Gray, Reed & McGraw, P.C. This is also quite unlawful, as it is contrary to the Texas Estates Code and in fact Decedent Fred E. Rizk's will. The attorneys' fees that could

Gray should have distributed one equally valued Walgreens store for the benefit of each of the Decedent Fred E. Rizk's three sons in the testamentary trusts as so established in Fred E. Rizk's will. These acts of omission and commission constitute fraud, breaches of fiduciary duties and fiduciary fraud, as well as, theft. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes.

368.    Defendant Mr. Gray as Executor for the Estate of Fred E Rizk has made three claims against Plaintiff Edward G. Rizk personally totally in error. He has wrongly claimed ownership of excess sewer capacity, which is and has been for some time in Plaintiff's name and attached to Plaintiff's Harris County, Texas homestead. He has wrongly claimed ownership of land in Jonestown, Texas, recently sold, which was owned by Village at Northlake II, a partnership between James Quinn and Plaintiff Edward G. Rizk. He has also claimed that Plaintiff Edward G. Rizk owes the estate in excess of $2,500,000USD, although no note or agreement for Plaintiff to repay exists, nor was there any attempt by Plaintiff's late father, Fred E. Rizk ever made to collect any money from Plaintiff during Plaintiff's late father, Fred E. Rizk's lifetime. To Plaintiff's personal knowledge, as Plaintiff is attesting to under oath and the penalties of perjury herein, Defendant Mr. Gray has no legally binding documentation of any of these claims, all of which are subject to the Statute of Frauds as hereinabove cited. These acts of omission and commission constitute fraud, breaches of fiduciary duties and

---

be generated with such practices should exceed any Executor Fee that could have been charged under Decedent Fred E. Rizk's will.

fiduciary fraud, as well as, theft. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes.

369.    Defendant Mr. Gray's assertion that the Estate of Fred E. Rizk owned the utility capacity, which he refers to through his counsel (A Member of Gray, Reed & McGraw, P.C.) in Plaintiff's bankruptcy case as "water rights" and/or sometimes elsewhere as simply "utilities", is completely unfounded, totally without any documentation, and also subject to the Texas Statute of Frauds, as hereinabove cited. The utility capacity, which were in Plaintiff Edward Rizk's name, were originally purchased for a future project at the Plantation Apartments in Houston, Harris County Texas, located on Sage Road north of Westheimer Road, which was never built. The property was later sold, as was the property it was originally transferred to, leaving no property in the service area, which is required by the City of Houston for ownership of such utility capacity. As Plaintiff Edward G. Rizk's late father, Fred E. Rizk was no longer able to use or hold the utility capacity, rather than loose such, Fred E. Rizk transferred the utility capacity to Plaintiff Edward G. Rizk as a gift, as he owned his homesteaded residence within the same area of the service area. The utility capacity is part of Plaintiff Edward G. Rizk's personally owned homesteaded real property, which he held for more than one year, therefore according to the hereinabove cited statute of frauds, Defendant Mr. Gray would have to produce written documentation to the contrary to perfect his false claim on the utility capacity, which he simply will be and is totally unable to do. These acts of omission and commission constitute fraud, breaches of fiduciary duties and fiduciary fraud,

as well as, theft. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes.

370.    Defendant Mr. Gray's claim to the land, sold in Jonestown, Travis County, Texas, known as Village at Northlake II, is likewise erroneous, not legally documented, and based solely on an e-mail, which was part and parcel of a larger negotiation between Defendant Mr. Gray and Plaintiff, which broke down. This property was bought by the referenced partnership with money originally intended to be a contribution to the partnership, but the partnership was never agreed to by the principals. A subsequent proposal to convert the investment to a loan, due to changing economic and business conditions was unworkable, due to the fact that without the late Fred E. Rizk's financial backing, the project could not be finished and a sale of the land would not pay for the unused soft costs and carrying costs. Lacking a workable solution, Plaintiff Edward G. Rizk's late father, Fred E. Rizk walked away effectively and gave the land to the partnership. At no time was any document signed between Plaintiff Edward G. Rizk's late father, Fred E. Rizk and Plaintiff Edward G. Rizk, as that deal was constantly changing. The only document Defendant Mr. Gray has evidencing the any ownership in the subject land is an e-mail sent from Plaintiff Edward G. Rizk's attorney after a discussion about a settlement of the larger issues, which would have no effect in any case as it was unsigned by anyone in control of the partnership, which owned the land, Village at Northlake II. Certainly, according to Defendant Mr. Gary there was no consideration for the ownership during Plaintiff Edward G. Rizk's late father, Fred E. Rizk's life, as Defendant Mr.

Gray continued and continues to refer to every dollar spent on the property as an undocumented debt that Plaintiff Edward G. Rizk   somehow owes, again contrary to the hereinabove cited Texas Statute of Frauds.

371.    Defendant Mr. Gray's claim against Plaintiff Edward G. Rizk for a debt of over $2,500,000USD, including every dollar ever transferred to Plaintiff Edward G. Rizk by Plaintiff's late father, Fred E. Rizk or any entity controlled by him has no basis in law or fact. These claims are in conflict with his claim to own as Executor for the Estate of Fred E. Rizk half of the land known as Village at Northlake II, are not based on any facts surrounding the circumstances of those transfers of funds, and without any form of documentation that would meet the requirements of the hereinabove cited Texas Statute of Frauds or any legal requirement creating any debt. The largest percentage of the money claimed by Defendant Mr. Gray as a portion of Plaintiff Edward G. Rizk's purported debt was used for the land he claimed an equity interest in, so the same money transfers Defendant Mr. Gray has now claimed against Plaintiff Edward G. Rizk personally twice in two completely undocumented erroneous scenarios. Other money Plaintiff Edward G. Rizk's late father, Fred E. Rizk transferred to Plaintiff Edward G. Rizk Plaintiff used to pay debt service and taxes on two adjacent properties, which Plaintiff Edward G. Rizk's late father, Fred E. Rizk solely owned, as well as, for due diligence and design work on several projects Plaintiff Edward G. Rizk's late father, Fred E. Rizk and Plaintiff Edward G. Rizk considered, many of which were Plaintiff Edward G. Rizk's late father, Fred E. Rizk's idea. Plaintiff Edward G. Rizk never signed any

document, which would have created a debt, as required by the hereinabove cited Texas Statute of Frauds, nor was any document ever presented to Plaintiff Edward G. Rizk to sign. Simply put, Defendant Mr. Gray's claim against Plaintiff Edward G. Rizk for any debt has no basis in fact or law. These acts of omission and commission by Defendant Mr. Gray constitute fraud, breaches of fiduciary duties and fiduciary fraud, as well as, theft. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes.

372.    Even after Defendant Judge Loyd Wright had granted three lengthy extensions for Defendant Mr. Gray to file the Inventory, Appraisement and List of Claims in Probate Court 1 case No. 408941,[135] Defendant Mr. Gray failed to do so. As a direct result of the failure to file the Inventory, Appraisement and List of Claims, Defendant Judge Loyd Wright revoked Defendant Mr. Grays Letters of Administration to act as Executor on 26 August 2013 and entered an Order of Termination of Issuance of Letters & Drop Order, following the then Texas Probate Code then in effect.

373.    In following, Plaintiff Edward G. Rizk on 11 September 2013 filed a Verified Petition Against the Personal Representative of the Estate of Fred E. Rizk which contained a motion prayer pursuant to TEXAS RULES OF CIVIL PROCEDURE 165A AND 306 to reinstate the Decedent's probate case. The same day, Plaintiff Edward G. Rizk filed an

---

[135] Plaintiff Edward G. Rizk hereby incorporates herein its entirety the Probate Court 1 case file for case No. 408941 for all purposes.

Application to appoint him as a successor administrator, as he was in the line for such pursuant to the Fred E. Rizk will. Plaintiff duly served both of these instruments on Defendant Mr. Gray.

374.   The next day on 12 September 2013 Defendant Mr. Gray caused his law partner Defendant Mr. Royce to file a verified Inventory, Appraisement and List of Claims in Probate Case No. 408941, out of time.

375.   Without any Notice and without a hearing, as required by the then effective Texas Probate Code, as well as, what due process and due course require and required at that time, Defendant Judge Loyd Wright on 13 September 2013 entered an Order Reinstating Probate Court 1 case No. 408941, reinstating Defendant Mr. Gray as Independent Executor without bond and issued to Defendant Mr. Gray new letters of administration. The same day, Defendant Judge Loyd Wright entered an order approving Defendant Mr. Gray's Verified Inventory, Appraisement and List of Claims. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

376.   Defendant Mr. Gray's filed executed and verified Inventory, Appraisement and List of Claims, accepted so summarily by Defendant Judge Loyd Wright is incomplete, contains false statements and prevarications, as well as, was not in keeping of the

requirements of then effective Texas Probate Code in those regards. Since there was no notice nor hearing in that regard Plaintiff Edward G. Rizk was foreclosed thereto from offering any objection. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

377.   Plaintiff Edward G. Rizk filed in Probate Court 1 case No. 408941 on 17 September 2013 a Verified Amended Application for Appointment of successor personal administrator of Fred E. Rizk will and first codicil, as well as, for issuance of new letters testamentary.

378.   Plaintiff Edward G. Rizk in Probate Court 1 case No. 408941 on 17 September 2013 a motion pursuant to Texas Probate Code § 149C for a rule to show cause as to why Probate Court 1 should not remove Defendant Mr. Gray as Independent Executor of the Estate of Fred E. Rizk. On the same day, Plaintiff Edward G. Rizk filed an Application Petition for an accounting and for distribution of the Estate of Fred E. Rizk. On the same day, Plaintiff Edward G. Rizk filed a motion for clarification as to why the Defendant Judge Loyd Wright had conducted the proceedings contrary to Plaintiff Edward G. Rizk's due process and due course rights, as well as, for the Court's vacation of the Court's Order reinstating Defendant Mr. Gray as Independent Executor of the Estate of Fred E. Rizk. Defendant Judge Loyd

Wright entered an Order on 10 October 2013 for Defendant Mr. Gray to show cause as requested returnable for hearing on 21 November 2013 at 2:00 p.m.

379.   Defendant Judge Loyd Wright held the hearing on the rule to show cause on 21 November 2013 at which time he deferred the issue of the removal of Defendant Mr. Gray as Independent Executor of the Estate of Fred E. Rizk and ordered an accounting for the Estate of Fred E. Rizk. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. The act of deferring the removal hearing represent an act of official oppression and is a RICO predicate act. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

380.   On 14 January 2014 Defendant Judge Wright entered a formal Order regarding the deferral of the issue of removal of Defendant Mr. Gray and Ordered an accounting to be due on 20 February 2014. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. The act of deferring the removal hearing represent an act of official oppression and is a RICO predicate act. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

381.   On 16 October 2013 Plaintiff Edward G. Counsel served a Notice of Deposition and subpoena *duces tecum* on Mr. Travis Griffin and a copy on Defendant Mr. MacIntyre,

Defendant Mr. Gray's counsel, Defendant Mr. Royce.

382.    On 18 2013 Defendant Mr. MacIntyre and Defendant MacIntyre, McCulloch, Stanfield & Young, P.C. formally entered their appearance as legal counsel for Defendant Mr. Gray as Executor of the Estate of Fred E. Rizk.

383.    The same day, 18 October 2013 Defendant Mr. MacIntyre filed a motion to quash the Deposition of Travis Griffin. A Notice of Hearing for 21 November 2013 at 2:00 p.m. issued on the Defendant Mr. MacIntyre's motion to quash the Deposition of Travis Griffin and was served on the parties. Plaintiff Edward G. Rizk filed and served a Response in opposition to Defendant Mr. Gray's Motion to Quash on 15 November 2013. The Court held the hearing on 21 November 2013 at 2:00 p.m. and then later granted the Motion. There is no order of Record. The Texas Rule of Civil Procedure 199.4 and case law preclude a party from asserting rights to depose an individual so long as there is a Motion to Quash if there is "…an objection to the time and place of a deposition [sic.which] stays the oral deposition until the motion can be determined…". As there was no Order there was no determination and the deposition was stayed. Supposedly Mr. Griffin had some information regarding how Defendant Mr. Gray had violated his fiduciary duties, as Mr. Griffin had sold some life insurance to Decedent Fred E. Rizk, the proceeds on death of which all was paid to Indispensable Party Plaintiff Sylvia Rizk, in the amount of some $4,000,000USD, which policy had belonged to an insurance trust established by then living Decedent Fred E. Rizk. Mr. Griffin was and is related to Indispensable Party Plaintiff Sylvia Rizk. In following when

another date was being arranged for this Deposition, Mr. Griffin he was uncooperative concerning furnishing dates and then became non-responsive to entreaties and telephone calls. Mr. Griffin lived beyond the two-hundred-mile subpoena distance of the Harris County Texas Courthouse. Defendant Mr. Gray must have influenced Mr. Griffin is some way to be uncooperative. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents. The Supreme Court of Texas has stressed that discovery is to be liberally allowed, yet Defendant Judge Loyd Wright has allowed Defendant Mr. Gray and Defendant Mr. MacIntyre to thwart Plaintiff Edward G. Rizk from conducting discovery.[136]

384.   On 13 December 2013 Don Looper, Esquire of the law firm then Looper, Reed & McGraw, P.C. addressed an email to Defendant herein J. Cary Gray and at that firm its CEO as of that time.[137] On the second page of that email is contained the following statement:

> "… I have supported your long term vision as the Firm financed Ronnie and Mary Jo for years, followed by large write offs, then **Fred Rizk for years, and I continue to do so because I support you as my partner, understanding that we will eventually get paid by the estate. But having an additional $1.6 or Sl.8 million to distribute this year might be the difference to calm any take-home concerns**…"

---

[136] Texas Rule of Civil Procedure 166b(3)(e).
[137] Exhibit "35", a copy of which hereto is attached, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

Plaintiff Edward G. Rizk certainly had a right to inquire concerning this email and what Mr. Looper knew about Defendant Mr. Gray's handling of the Estate of Fred E. Rizk and the various Rizk trusts.

385.   Plaintiff Noticed the deposition of Mr. Looper on 24 March 2015. Almost immediately Defendant Mr. Gray through Defendant Mr. MacIntyre[138] moved to quash this deposition as well. Plaintiff Edward G. Rizk filed a Response in Opposition.[139] Defendant Mr. MacIntyre set the Motion to Quash for 9 April 2015. Defendant Judge Loyd Wright presided over that hearing for which there is a transcript.[140] Offering absolutely no explanation, Defendant Judge Loyd Wright enters an Order on 15 April 2015 as usual with no explanation, as submitted by Defendant Mr. MacIntyre.[141]

386.   In **Jordan v. Court of Appeals for Fourth Supreme Judicial Dist.,**[142] the Supreme Court of Texas adroitly and succinctly stated: "…Privileges contravene 'the fundamental principle that 'the public . . . has a right to every man's evidence.''[143] Although

---

[138] Exhibit "36", a copy of which hereto is attached, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

[139] Exhibit "37", a copy of which hereto is attached, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

[140] A Transcript is available.

[141] Exhibit "38", a copy of which hereto is attached, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

[142] 701 S.W.2d 644, 1985 Tex. LEXIS 1500, 29 Tex. Sup. Ct. J. 67.

[143] **Trammel v. United States,** 445 U.S. 40, 50, 100 S. Ct. 906, 63 L. Ed. 2d 186 (1980) (quoting **United States v. Bryan**, 339 U.S. 323, 331, 70 S. Ct. 724, 94 L. Ed. 884 (1950)).

exempting from discovery 'any matter protected from disclosure by privilege,[144] our rules of civil procedure encourage and permit liberal discovery practices, even including information 'reasonably calculated to lead to the discovery of admissible evidence….'"[145] Once again Defendant Judge Loyd Wright precluded without reason Plaintiff Edward G. Rizk to engage liberally in discovery, where some $1,800,000USD in his father's Estate was at stake. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

387.   On 17 July 2014 Plaintiff Edward G. Rizk filed an Amended Petition to *inter alios* remove Defendant from acting further as Executor and Trustee.[146]

388.   Defendant Rizk Interests, Ltd. is listed on the Inventory, Appraisement and Claims List for the Estate of Fred E. Rizk, as an asset of the Estate of Fred E. Rizk, in the Estate's federal estate tax return, as well as, in the March 2014 so called Accounting that Defendant Mr. Gray has served upon Plaintiff Edward G. Rizk.

389.   Defendant Mr. Gray as the President of Defendant Rizk Interests, Ltd. on behalf

---

[144] Tex. R. Civ. P. 166b(3)(e).
[145] Tex. R. Civ. P. 166b(2)(a).
[146] Exhibit "39", a copy of which hereto is attached, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

of Rizk Interests, Ltd. has acted since shortly after the issuance of his Letters of Administration, as the President of Rizk Interests, Ltd, as well as, as the CEO, Managing Partner or President head of all of the Entities owned by the Estate of Fred E. Rizk.

390. Defendant Mr. Gray has also assumed similar control as he assumed over Rizk Interests, Ltd over all of the entities, in which the late Fred E. Rizk had an interest at the date of his death.

391. Plaintiff Edward G. Rizk is the natural son of his father, the late Fred E. Rizk, the Decedent, and is the beneficiary of many of the referenced *inter vivos* trusts, as well as, a co-trustee and beneficiary of one of the referenced Testamentary Trusts with its six Amendments, which Fred E. Risk respectively created during his life time and through his referenced will.

392. Plaintiff Mr. Rizk is also named as co-trustee with Defendant J. Cary Gray of the Testamentary Trust created in the will of the late Fred E. Rizk that Harris County Probate Court 1 currently is probating in this case, which Testamentary Trust was solely for Plaintiff's and his progenies, Plaintiff Max Rizk herein and Indispensable Party Plaintiff Edward Elias Risk's benefit.

393. Plaintiff was at all times relevant hereto and is the beneficiary of *inter vivos* trust the late Fred E. Rizk created in his lifetime referenced herein, where Defendant Mr. Gray is now acting as the sole Trustee.

394.    Plaintiff Edward G. Rizk is an individual domiciled residing at *or* having his principal place of business at Houston, Harris County, Texas. Plaintiff is a person interested in the estate, because he is an heir and a devisee of Decedent, as well as, a beneficiary and co-trustee of one of the referenced Testamentary Trusts with its six Amendments, as well as, a beneficiary of at least one of the other *inter vivos* trusts created by Fred E. Rizk during his lifetime.

395.    Defendant Mr. Gray refused to pay the specific bequests enunciated in the Will and First Codicil of the late Fred E. Rizk herein referenced, as so named Legatees and Beneficiaries of the Estate of the Late Fred E. Rizk, until Plaintiff Edward G. Rizk added them as Indispensable Party Plaintiffs pursuant to Texas Rule of Civil Procedure 39 to his amended Petition hereinabove referenced. Even then it took Defendant Mr. Gray a protracted period of time of some two years to pay them their specific bequests, when there had been abundant funds available in the Estate of Fred E. Rizk to pay them much sooner.

396.    Defendant J. Cary Gray filed both instruments herein referenced with his original Application opening the Fred E. Rizk probate case before Harris County Probate Court I, the subject of the hereinabove referenced Amended Petition. This reference hereby incorporates the original of the Fred E. Rizk Last Will and Testament, as well as, the Decedent's First Codicil, attached to the original application in the Probate Case No. 408941, herein their entireties. Defendant Mr. Gray at no time, however, has filed the Testamentary Trusts with their six Amendments with Harris county Probate Court 1. Plaintiff Edward G. Rizk

has filed the trust instruments with Harris County Probate Court 1 in case No. 408941. Defendant Mr. Gray has not funded the trust as called for in the Will. Defendant Mr. Gray also transferred the assets from the Fred E. Rizk family trust into the Estate of Fred E. Rizk for inexplicable reasons.

397.    Defendant Mr. Gray as a licensed Texas lawyer had represented the Decedent Fred E. Rizk, the Estate of Fred E. Rizk, the Plaintiff Edward G. Rizk, most of the entities of the Estate of Fred E. Rizk listed as assets in the Inventory, Appraisement and List of Claims Defendant Mr. Gray also finally filed in the Harris County Probate 1 case, in the Estate of Fred E. Rizk case No. 408941 the federal IRS Form 706 tax return for that Estate, together with a March 2014 so called incomplete accounting, which he then served upon Plaintiff Edward G. Rizk, acting then as the Independent Executor of the Estate of Fred E. Rizk.

398.    As the independent Executor of the Estate of Fred E. Rizk and as a licensed attorney, who was the managing partner previously of the law firm, Looper, Reed & McGraw, P.C., as well as, is now of that hereto before referenced law firm successor, Gray, Reed & McGraw, P.C., both of which law firms have represented the referenced Estate of Fred E. Rizk as legal counsel or Defendant Mr. Gray as Independent Executor of the Estate of Fred E. Rizk,[147] Defendant Mr. Gary is and has been a fiduciary, as a matter of law.

---

[147] It is not clear and there is some confusion of the role these law firms have each played in their representation as legal counsel, as well as, the role as legal counsel Defendant J. Cary Gray individually has played. Please see the attached letter from Defendant herein Joseph Royce, Esquire, a partner in the law

399.    As co-trustee of the referenced Testamentary Trusts created by Fred E. Rizk's Will and 1st Codicil, as well as, as a licensed attorney, who was the managing partner of the previous law firm, Looper, Reed & McGraw, P.C., as well as, is now of that hereto before referenced law firm successor, Gray , Reed & McGraw, P.C., both of which law firms have represented the referenced Estate of Fred E. Rizk, as well as, Defendant Mr. Gray as Independent Executor of the Estate of Fred E. Rizk as legal counsel, Defendant Mr. Gary is and has been a fiduciary, as a matter of law.

400.    Mr. Gray as a fiduciary owed and owes fiduciary duties to the referenced Estate of Fred E. Rizk, the legatees and beneficiaries of the estate of Fred E. Rizk, the beneficiaries of the referenced *inter vivos* trusts, for which trusts Defendant Mr. Gray is and has been, as well as, has acted as the Trustee, as well as, to the beneficiaries of the referenced Testamentary Trusts, where he is named and has acted as co-trustee, since Mr. Fred E. Rizk's death, as a matter of law.

401.    Defendant Mr. Gray has serially breached his fiduciary duties in the following manner, inter also:

a.    Defendant Mr. Gray has failed to submit accurate inventories of the property of

---

firms to Plaintiff Edward G. Rizk, which Plaintiff Edward G. Rizk attaches hereto marked as Exhibit "40", which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties, as well as, other correspondence from this individual marked as Exhibit "41" hereto as attached, which Plaintiff Edward G. Rizk does hereby also incorporate herein its entireties. Plaintiff requests that this Court compare, accord and scrutinize this correspondence.

the Estate of Fred E. Rizk, an accurate appraisement of the value of the property of the Estate of Fred E. Rizk and an accurate list of claims owed by the Estate of Fred E. Rizk in this probate case, since his qualification for the referenced Estate of Fred E. Rizk and since Plaintiff Edward G. Rizk first called upon him to do so, in that interested party's Applications, Motions and Original Petition filed in the hereinabove referenced Estate of Fred E. Rizk case. Aforesaid actions by Defendant Mr. Gray conclusively show that he has prevaricated under oath to Probate Court 1 in his 13 September 2013 Inventory, Appraisement and List of Claims filed in Harris County Probate Court I in case No. 408941.

b.      Defendant Mr. Gray settled the case brought by Mr. Artie Tripoli, which case was against the Villas at Hyde Park, L.L.C., an asset of the estate of Fred E. Rizk, as hereinabove referenced, when he had the valid and unbeatable defense of the Statute of Frauds, which defense he even pled as such in that case in his Answer and General Denial. There are witnesses to whom Defendant Mr. Gray has and has had access, as well as, evidence in Defendant Mr. Gray's possession, custody and/or control that would prove that the late Fred E. Rizk before his death had already paid Mr. Tripoli for the claims he asserted in his referenced lawsuit against the Estate of Fred E. Rizk and Hyde Park, Ltd. Defendant Mr. Gray has known about both the referenced witnesses and evidence for some time.

402.    Defendant Mr. Gray failed to investigate adequately whether or not the late Fred E. Rizk had already paid Mr. Tripoli for the claims Mr. Tripoli sued upon in his referenced lawsuit against the Estate of Fred E. Rizk or Defendant Mr. Gray would have been able to

readily ascertain that the late Fred E. Rizk probably had already paid Mr. Tripoli's referenced claims, before Defendant Mr. Gray again paid those same claims a second time to the tune of over $1,000,000USD, including attorneys' fees.

403.    These referenced and obvious breaches of Defendant Mr. Gray's fiduciary duties he owed and owes to the Estate of Fred Estate, as well as, to that Estate's beneficiaries, Indispensable Party Plaintiffs Mr. Rex Robinson Rizk, Mr. Randall Reed Rizk, Edward Elias Rizk and Mrs. Sylvia Rizk, and to Plaintiffs Edward G. Rizk and Mr. Max Rizk is made absolutely even more egregious because of Defendant Mr. Gray's continued refusal after more than four and one half years after qualifying as Independent Executor of the Estate of Fred E. Rizk to distribute any significant assets to the beneficiaries now herein above named as herein indispensable Party Plaintiffs and Plaintiffs.

c.    Defendant Mr. Gray has failed to formally disclose in any papers relating to the Fred E. Rizk estate the nature and extent of his personal, separate interest in a project known as Semi Valley, which he, as Independent Executor of the Fred E. Rizk estate has listed as an asset of this estate in his Inventory, Appraisement and List of Claims, as well as, in the federal IRS form 706 estate tax return he signed as Independent Executor of the Estate of Fred E. Rizk and in which entity the Estate of Fred E. Rizk owns a significant interest. Defendant Mr. Gray has exercised total sole dominion over that entity and the interest in it owned by the Estate of Fred E. Rizk, since becoming Independent Executor of the Estate of Fred E. Rizk.

404.   Mr. Gray, as the independent Executor of the Estate of Fred E. Rizk has repeatedly hired and used his own law firm(s) to do legal work for this Estate of Fred E. Rizk, or for the entities listed in which the Estate of Fred E. Rizk owns an interest, or for him as Independent Executor of the Estate of Fred E. Rizk, including in the Harris County Probate 1 proceedings, when members of that firm now claim and have claimed in writing that Looper, Reed & McGraw, P.C., now Defendant Gray, Reed & McGraw, P.C. has not and at the point of one letter did not represent the Fred E. Rizk estate.[148]

d.   Harris County Probate Court 1 on 12 December 2013 Ordered that Defendant Mr. Gray was to serve an accurate and full accounting of his independent administration of the Estate of Fred E. Rizk upon Plaintiff Edward G. Rizk, an interested party within ninety (90) days of that Order.[149] On or about 3 March 2014 the Independent Executor of the Estate of Fred E. Rizk served a supposed, purported complete accounting as he purported then and now continues to purport was and is in keeping and in compliance with this Court's 12 December 2014 Order[150] and Texas law, when it does not.

405.   After a review of aforesaid 3 March 2014 so called accounting, Plaintiff Edward G. Rizk retained the services of Mr. William B. Stewart, Junior, C.P.A., A.B.V., C.F.F., C.V.A.,

---

[148] Please accord hereto Exhibit "42".
[149] Plaintiff Edward G. Rizk does hereby incorporate in its entireties aforesaid and referenced 12 December 2013 Court Order herein Exhibit "43".
[150] Plaintiff Edward G. Rizk does hereby incorporate in its entireties aforesaid and referenced 3 March 2013 so called Accounting.

C.F.E. and Mr. Ralph Burda C.P.A. of the forensic accounting firm of Stewart McLean Consultants, L.L.C.[151] to examine carefully the Inventory, Appraisement and List of Claims, the referenced 3 March 2014 so called accounting, as well as, the IRS form 706 estate tax return, as well as, then to act as expert witnesses to Harris County Probate Court 1 in those regards, as well as, to prepare and publish to Plaintiff Edward G. Rizk, indispensable parties Plaintiff, Defendant Mr. Gray and Probate Court 1 a preliminary report and then a final report to be filed with this Court.[152] In summary, according to the Stewart Preliminary Report it appears that:

> "... On February 27, 2014, Mr. Gray, as Independent Executor of the Estate of Fred E. Rizk, Deceased, in a sworn statement did state that he had read the Estate Accounting and that the information provided in such Accounting was within his personal knowledge, and true and correct.
>
> The INDEPENDENT EXECUTOR'S ACCOUNTING FOR THE ESTATE OF FRED E. RIZK was delivered to Mr. Donald Cheatham, Attorney for Edward G. Rizk. Mr. Edward G. Rizk is the son of the late Fred E. Rizk and is an heir of the estate of Fred E. Rizk as well as a beneficiary of the Decedent's Testamentary Trust, as well as other trusts created by Fred E. Rizk during his lifetime.
>
> _Mr. Gray, Independent Executor, Trustee and President_

---

[151]Hereinafter referenced as "Stewart". Contact information for Stewart is as follows: 7887 San Felipe Road, Suite 122, Houston, Texas 77063, 713-974-2928 Telephone, 713-598-5441 Telecopier Facsimile, as well as, email for Mr. Stewart: bstewart@stewart-mcclean.com and for Mr. Burda: rburda@wbsrewartjr.com.

[152] Plaintiff has filed with Harris County Probate Court 1 in case No. 408941 contemporaneously with the Amended Petition a formal Designation of Experts pursuant to applicable law and Texas Rule of Civil Procedure 190.4, where _inter alia_ he attached a copy of the 1 July 2014 Stewart Preliminary Report, which designation and its attachments Plaintiff Edward G. Rizk hereby incorporates herein its entireties.

Mr. Gray, as Independent Executor of the Estate of Fred E. Rizk, as Trustee of various Trusts created by Mr. Fred E. Rizk, and as President of Rizk Interests Ltd. and Other Rizk operating entities is responsible for the accounting and record keeping for:

1. The Estate of Fred E. Rizk.

2. Fred E. Rizk Testamentary Trust and other Trusts created by Fred E. Rizk prior to death.

3. Rizk Interests, Ltd. and other Rizk operating entities and related investments.

*Accounting for the Estate of Fred E. Rizk*

Based on what has been provided and our review thereof, it is difficult to determine the financial nature and status of the entities listed above. More specifically:

The accounting submitted by Mr. Gray lacks basic financial statements, most importantly a cash receipts and disbursements statement and a balance sheet. The accounting provides copies of a Northern Bank Trust account for the Estate, but does not include copies of the items making up the deposits or copies of the checks written or debits charged against the bank account.

The accounting provides monthly copies of the general ledger for the Estate of Fred E. Rizk; however, the support for the general ledger entries is lacking and no balance sheet, income statement or source and use of funds statements for a month end or a quarterly period or an annual period is provided.

The accounting provides exhibits reflecting Total Receipts and Total Distributions by month for November, 2011 through December, 2013; however, many of these receipts and distributions are not supported by copies of checks received and distributed nor are the transactions reflected in the copies of the bank statements provided in the accounting. As an example in June, 2013 the accounting reported total receipts of $60,438.03 and total distributions in June, 2013 of $204,330.75; however, the bank statements and other financial institution statements provided in the accounting do not reflect any activity of this magnitude.

*Accounting for the Rizk Entities and Trusts*

No financial statements and supporting documents have been provided to Mr. Edward G. Rizk or his representatives for all Rizk entities and Rizk Trusts by Mr.

Gray, who serves as President of Rizk Interests, Ltd. and as Trustee of the various trusts created by Mr. Fred E. Rizk prior to his death.

*Other Items and Requests for Production*

1. Request to be provided with the contract between Mr. J. Cary Gray as Independent Executor of the Estate of Fred E. Rizk and the law firm of Gray, Reed & McGraw or Looper, Reed and McGraw.

2. Request to be provided with all of Mr. Gray's billings as Executor of the Estate of Fred E. Rizk.

3. Request to be provided with all detailed billing statements from Gray, Reed & McGraw and Looper, Reed & McGraw for services provided to the Estate of Fred E. Rizk; to J. Cary Gray as Independent Executor of the Estate of Fred E. Rizk; and, all detailed billings from J. Cary Gray, Looper, Reed & McGraw and Gray, Reed & McGraw related to all Rizk Trusts and Rizk entities.

4. Request all discovery, workpapers and correspondence filed in the $600,000 Settlement involving the Estate and Hyde Park LLC.

5. Request all discovery, workpapers and correspondence pursuant to the proof of claim against Edward G. Rizk for $1,760,000 by the Estate of Fred E. Rizk.

6. Request all discovery, workpapers and correspondence pursuant to the proof of claim against Edward E. Rizk for $2,500,000 by the Estate of Fred E. Rizk.

7. Request all discovery and correspondence pursuant to the $1,000,000 Estate of Fred E. Rizk claim against Abdul & Malk Fustol.

8. Request all Tax Returns and Financial Statements (balance sheets, income statements and source and uses of funds statements) and detail thereof for all Rizk Entities in the Estate of Fred E. Rizk and/or Trusts in which Edward G. Rizk is a beneficiary for the period November, 2011 to present.

9. Request a detail accounting of all proceeds received from all Life Insurance Policies insuring the life of Mr. Fred E. Rizk and a detailed accounting of the distribution of the proceeds.

10. Request a reconciliation of all assets and liabilities as reported or listed in:

a. The United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706) of the Estate of Fred E. Rizk filed on or about February 1, 2013, with

b. The Inventory, Appraisement, and List of Claims for the Estate of Fred E. Rizk as filed in Probate Court No. 1 of Harris County, Texas on or about September 12, 2013, and with

c. The Independent Executor's Accounting for the Estate of Fred E. Rizk as filed in Probate Court No. 1 of Harris County, Texas on or about March 3, 2014.

*Fiduciary Provisions of the Last Will and Testament of Fred E. Rizk*

Article 6.2 of the Last Will and Testament of Fred E. Rizk states:

All assets, books of account and records my estate and of each trust shall be subject to the exclusive custody and control of my Executor. All such books of account and records shall be available for inspection at all times during business hours by any fiduciary under my Will, by any beneficiary, or by any person or persons designated by any one of them."

e. Sufficient grounds appear to support the belief that Defendant Mr. Gray has misapplied and that he is about to further misapply all or part of the property committed to his care as Independent Executor or as trustee or as co-trustee.

f. Mr. Gray, as Independent Executor of the Estate of Fred E. Rizk has failed to make any significant distribution of the assets of the estate, as mandated by the referenced Fred E. Rizk Will, during which period of time he, however, has paid from the Fred E. Rizk Estate's funds (or from entities owned by the Estate of Fred E. Rizk's funds) millions of dollars to his law firm for purported legitimate legal fees, while never disclosing in any itemized statement to the Fred E. Rizk estate's legatees or beneficiaries the bases for those legal fees. And,

g.    Mr. Gray has wasted the assets of the Estate of Fred E. Rizk.[153]

406.   These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

407.   Plaintiff Edward G. Rizk on 28 August 2014 filed a Petition in Probate Court 1 for Declaratory relief, which was designated as case No. 408941-3.[154]

---

[153] "Tex. Prop. Code § 116.004. Fiduciary Duties; General Principles
(a) In allocating receipts and disbursements to or between principal and income, and with respect to any matter within the scope of Subchapters B and C, a fiduciary:
    (1) shall administer a trust or estate in accordance with the terms of the trust or the will, even if there is a different provision in this chapter;
    (2) may administer a trust or estate by the exercise of a discretionary power of administration given to the fiduciary by the terms of the trust or the will, even if the exercise of the power produces a result different from a result required or permitted by this chapter;
    (3) shall administer a trust or estate in accordance with this chapter if the terms of the trust or the will do not contain a different provision or do not give the fiduciary a discretionary power of administration; and
    (4) shall add a receipt or charge a disbursement to principal to the extent that the terms of the trust and this chapter do not provide a rule for allocating the receipt or disbursement to or between principal and income.
(b) In exercising the power to adjust under Section 116.005(a) or a discretionary power of administration regarding a matter within the scope of this chapter, whether granted by the terms of a trust, a will, or this chapter, a fiduciary shall administer a trust or estate impartially, based on what is fair and reasonable to all of the beneficiaries, except to the extent that the terms of the trust or the will clearly manifest an intention that the fiduciary shall or may favor one or more of the beneficiaries. A determination in accordance with this chapter is presumed to be fair and reasonable to all of the beneficiaries."
[154] Plaintiff Edward G. Rizk does hereby incorporate herein its entireties the case file for Probate Court 1 case No. 408941-3.

408.    Plaintiff Edward G. Rizk sought in the Declaratory action to have Probate Court 1 determine whether or not he owed his late father's Estate any of the sums of money that Defendant Mr. Gray claimed he owed and whether or not he owned the sewage access rights. To those ends he filed No-Evidence and Traditional Motions for Summary Judgment on 9 December 2014.

409.    The legal base for the Motions for Summary Judgment were as follows:

### a. **Loan as a Contract**

a.    The elements of a breach of contract claim are:

(1) a valid contract existed;

(2) the plaintiff performed or tendered performance;

(3) the defendant breached the contract; and,

(4) the plaintiff was damaged as a result of the breach.[155]

Whether a particular agreement constitutes a valid contract is generally a question of law.[156]

A valid contract is formed by an offer, an acceptance, a meeting of the minds, each party's consent to the terms, and, in the case of a written contract, execution and delivery of the contract with the intent that it be mutual and binding.[157] However, if an alleged agreement is so indefinite such it is impossible for a court to fix the legal obligations and liabilities of the parties, the agreement cannot constitute an enforceable contract.[158]

---

[155] *Hussong v. Schwan's Sales Enters., Inc*., 896 S.W.2d 320, 326 (Tex. App. Dist. 1 --Houston 1995, no writ).

[156] *Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 678 (Tex. App. Dist. 1 -- Houston 1996, no writ).

[157] *Baroid Equip., Inc. v. Odeco Drilling, Inc.,* 184 S.W.3d 1, 17 (Tex. App. Dist. 1 -- Houston 2005, pet. denied).

[158] *Shaw v. Palmer*, 197 S.W.3d 854, 856 (Tex. App. Dist. 5 -- Dallas 2006, pet. denied); and, *please accord T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) ("In order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand the promisor undertook.").

b.      In a contract to loan money or for loaned money, the material terms      are generally:

(1) the amount to be loaned or of the loan;

(2) the maturity date of the loan;

(3) the interest rate;    and

(4) the terms of repayment.[159]

### Applicable Statutes of Limitations

c.   Texas Civil Practice & Remedies Code § 16.003 (2014) states in pertinent part:

"Two-Year Limitations Period

(a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues..."

Texas Civil Practice & Remedies Code § 16.004 (2014) states in pertinent part:

"Four-Year Limitations Period

(a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:  ...  (3) debt..."

---

[159] *Farah, supra,* 927 S.W.2d at 678.

A party to litigation moving for summary judgment on the affirmative assertion or defense of limitations has the burden to conclusively establish that limitations control.[160]

## Statutes of Fraud

d.      The statute of frauds exists to prevent fraud and perjury in certain kinds of transactions by requiring agreements to be set out in a writing and signed by the party to be charged with the agreement.[161] Whether a contract is barred by the statute of frauds is a question of law for the court to decide.[162] By its express terms,  the statute of frauds applies to a contract for the sale of real property or to be performed in more than one year.[163] The general statute of frauds provides that an agreement that is not to be performed within one year is not enforceable unless the agreement is in writing and signed by the person to be charged with the agreement.

The Texas Statute of Frauds, Texas Business & Commerce Code § 26.01 (2014) states:

> "§   26.01.   Promise   or   Agreement   Must   Be   in   Writing
> (a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is
>
> > (1) in writing; and

---

[160] **Velsicol Chem. Corp. v. Winograd,** 956 S.W.2d 529, 530 (Tex. 1997).

[161] **Haase v. Glazner,** 62 S.W.3d 795, 799 (Tex. 2001); and, *please see also* Texas Business & Commerce Code § 26.01 (2014).

[162] **Fuqua v. Oncor Elec. Delivery Co.,** 315 S.W.3d 552, 555 (Tex. App. Dist. 11 — Eastland 2010, pet. denied).

[163] **Bank of Tex., N.A. v. Gaubert,** 286 S.W.3d 546, 555 (Tex. App. Dist. 5 — Dallas 2009, pet. dism'd).

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

(1) a promise by an executor or administrator to answer out of his own estate for any debt or damage due from his testator or intestate;

(2) a promise by one person to answer for the debt,        default,        or miscarriage of another person;

(3) an agreement made on consideration of marriage or on consideration of nonmarital conjugal cohabitation;

(4) a contract for the sale of real estate;

(5) a lease of real estate for a term longer than one        year;

**(6) an agreement which is not to be performed within one year from the date of making the agreement;**

(7) a promise or agreement to pay a commission for the sale or purchase of:

        (A) an oil or gas mining lease;
        (B) an oil or gas royalty;
        (C) minerals; or
        (D) a mineral interest; and

(8) an agreement, promise, contract, or warranty of cure relating        to medical care or results thereof made by    physician or health care provider as defined in Section 74.001, Civil Practice and Remedies Code. This section shall not apply to pharmacists."

(Our Own Emphasis Added.)

The Uniform Commercial Code Statute of Frauds provides:

"Except as otherwise provided in this section a contract for the sale of goods for the price of $ 500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has

been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker."[164]

## <u>ARGUMENT</u>

### *No Evidence*

e.    Defendant Mr. Gray has adduced and can adduce no evidence, summary judgment or otherwise that Plaintiff Edward G. Rizk owes any money to the Estate of Fred E. Rizk. There is absolutely no evidence that Plaintiff Edward G. Rizk owes any money to the Estate of Fred E. Rizk. There is absolutely no evidence written or otherwise that reflects that the late Fred E. Rizk loaned Plaintiff Edward G. Rizk any money

f.    Defendant Mr. Gray has adduced and can adduce no evidence, summary judgment or otherwise that Plaintiff Edward G. Rizk does not own the sewer capacity rights currently in his sole name. Defendant Mr. Gray has adduced and can adduce no evidence, summary judgment or otherwise that anyone other than Plaintiff Edward G. Rizk actually owns the subject sewer capacity rights now in Plaintiff Edward G. Rizk's sole name and now attached to Plaintiff Edward G. Rizk's homesteaded domicile.

---

[164] Texas Business & Commerce Code § 2.201(a).

*Statute of Frauds*

g.      There is no writing that shows that Plaintiff Edward G. Rizk owes the Estate of Fred E. Rizk any money whatsoever. If Plaintiff Edward G. Rizk owed the estate of Fred E. Rizk any money there would need to be a writing as the obligation of debt if it existed at all would have had to have been for more than one year, as the Estate of Fred E. Rizk was opened in this case on or about 11 November 2014 and the Harris County Probate Court 1 appointed Defendant Mr. Gray on 22 November 2011 Independent Executor of the Estate of the late Fred E. Rizk on, which now was over four years ago.

h.      There is no writing that shows that the Estate of Fred E. Rizk is the actual owner of the subject sewer capacity rights now in Plaintiff Edward G. Rizk's sole name and now attached to Plaintiff Edward G. Rizk's homesteaded domicile.

*Statutes of Limitations*

i.      The operative statute of limitations for any debt that Plaintiff Edward G. Rizk would or could have owed the Estate of Fred E. Rizk any money is four years from the due date of any obligation for any loan. No action is currently pending save the Counter-Petition in the Probate 1 Declaratory action case that alone asserts a claim that Plaintiff Edward G. Rizk owes the Estate of Fred E. Rizk money, which Defendant Mr. Gray filed on 6 October 2014, a period of two years, 10 months, and twenty-five days after the Defendant Mr. Gray opened and initiated this probate case. Any loan that would reflect that Plaintiff Edward G.

Rizk owes the Estate of Fred E. Rizk any money would have had to be due after 5 October 2010. There is no evidence, however, of any loan.

j.     The operative statute of limitations for the Estate to claim any interest in the subject sewer capacity rights now in Plaintiff Edward G. Rizk's sole name and now attached to Plaintiff Edward G. Rizk's homesteaded domicile would be for two years. The Defendant Mr. Gray did not initiate any claim for the subject sewer rights until 6 October 2014, a period of two years, 10 months, and twenty-five days after the Defendant Mr. Gray opened and initiated the probate case. If the Estate owned any interest in the subject sewer rights at any time, any such claim would now be barred by the applicable, operative statute of limitations.

Plaintiff Edward G. Rizk raised all of these points and bases in his Motion for Summary Judgment.

410.   Defendant Mr. MacIntyre and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. countered in their Response in Opposition with several Affidavits, some of which were not based upon personal knowledge, but rather "belief" which made them defective under law and subject to summary striking. Defendant Mr. MacIntyre and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L.P. offered no bases as to the inapplicability of the operative statute of limitations or the applicability of the Statute of Frauds.

411.   Plaintiff Edward G. Rizk objected to the Affidavits offered by Defendant Mr. Gray on the bases of the Deadman's Evidentiary Rule, which applied in this case. Plaintiff Edward G. Rizk filed a Reply to Defendant Mr. Gray's Response in Opposition to Plaintiff

Edward G. Rizk's Objection to Defendant Mr. Gray's Summary Judgment Evidence on 23 April 2015.[165]

412.    There was a hearing on the Motion for Summary Judgment hereinabove referenced on or about 7 May 2015 and on 12 May 2015 Defendant Judge Loyd Wright denied Plaintiff Edward Rizk's Motion for summary Judgment and No-Evidence Summary Judgment, refusing to follow any known reasonable legal basis. These acts were consummated in furtherance of the civil and criminal conspiracies, as well as, their racketeering schemes. These acts represent acts of official oppression. These acts are predicate acts, as were all of Defendant Judge Loyd Wrights rulings adverse Plaintiff Edward G. Rizk. These acts of omission and commission reflect serial breaches of fiduciary duties, as well as, violations of the Texas Penal Code in regard to fiduciary fraud and in tampering with government documents.

413.    Defendant Mr. Gray, Defendant Gray, Reed & McGraw, P.C., Defendant Mr. MacIntyre, Defendant Mr. Burt, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L, P., as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, Defendant Ms. Hightower, and Defendant C Club PAC all used the United States Postal Service or an interstate mail carrier in their furtherance of the civil and criminal conspiracies, as well as, racketeering schemes.

---

[165] Exhibit "44". A copy of aforesaid Reply, which Plaintiff Edward G. Rizk does hereby incorporate herein its entireties for all purposes.

414.    Defendant Mr. Gray, Defendant Gray, Reed & McGraw, P.C., Defendant Mr. MacIntyre, Defendant Mr. Burt, Defendant MacIntyre, McCulloch, Stanfield & Young, L.L, P., as well as, Defendant Judge Loyd Wright, Defendant Associate Judge Ruth Ann Stiles, Defendant Ms. Hightower, and Defendant C Club PAC concocted and carried out a (1) schemes or artifice to defraud Plaintiff Edward G. Rizk, Plaintiff Max Rizk and the Indispensable Party Plaintiff's Rizk for over more than a four year period, (2) actively participated in those schemes, (3) with specific intent on the part of the named Defendants to defraud all of the Rizk Plaintiffs, and (4) the Deception of all of the Rizk Plaintiffs, involved (5) the use of the United States mails or private or commercial interstate carriers, as well as, wire and the internet including email and e-filing with the Court and clerks involved in furtherance of the schemes or artifices to defraud, as herein above pled.[166] Plaintiff Edward G. Rizk possess a stack of envelopes with USPS canceled stamps from Defendant Mr. Gray, Defendant Mr. Royce, Defendant Looper, Reed & McGraw, P.C., now Defendant Gray, Reed & McGraw, Defendant Mr. MacIntyre and Defendant MacIntyre, McCulloch, Stanfield & Young, L.L, P.

## Count I: Violations of 18 U.S.C. § 1961, *Et Sequitur*

415.    Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 414, as well as, those

---

[166] 18 U.S.C. § 1341.

hereinafter pled as though herein originally pled.

416.    In violation of 18 U.S.C. § 1962(b), Defendants, except Defendant C Club PAC, all persons within the meaning of RICO, acquired or maintained, directly or indirectly, interest in or control over Defendant C Club PAC and through that Defendant Harris County Probate Court I. The Defendants agreed and conspired amongst themselves to obtain direct and indirect control over Defendant C Club PAC and its assets, as well as, Harris County Probate Court 1. The Defendants acted to accomplish this by applying relentless financial schemes, as hereinabove described and delineated. Most of the Defendants as delineated hereinabove used the USPS or equivalent private interstate carrier, wire and the internet. The control was acquired through a pattern of racketeering activity. As set forth above in ¶¶ 1 through 414, in furtherance of Defendants' scheme to acquire control over Defendant C Club PAC and Harris County Probate Court 1, Defendants utilized the United States mails and the wires in violation of 18 U.S.C. §§ 1341, 1343. In addition, as set forth in ¶¶ 1 through 414, Defendants serially violated Texas Penal Code provisions as delineated hereinabove ¶¶ 1 through 414 These mailings, use of the telephone, and criminal activity, constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1), (5).

417.    The Sheshtawy Defendants through a pattern of racketeering, as well as, through civil and criminal conspiracies serially committed fiduciary fraud, theft and tampered with government documents, all violative of the Texas Penal Code in the takeover and control of Adel Sheshtawy's Estate.

418.    The Peterson Defendants through a pattern of racketeering, as well as, through civil and criminal conspiracies serially committed fiduciary fraud, theft and tampered with government documents, all violative of the Texas Penal Code in the takeover and control of Ruby S. Peterson's Estate and Peterson Family Trust II.

419.    The Rizk Defendants through a pattern of racketeering, as well as, through civil and criminal conspiracies serially committed fiduciary fraud, theft and tampered with government documents, all violative of the Texas Penal Code in the takeover and control of Fred E. Rizk's Estate, *inter vivos* trusts and testamentary trusts.

420.    Property belonging to Plaintiffs suffered losses and was damaged, as were Plaintiffs' property and financial interests as delineated hereinabove ¶¶ 1 through 414.

## Count II: Violations of 18 U.S.C. § 1962(a)

421.    Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 420, as well as, those hereinafter pled as though herein originally pled.

422.    Sheshtawy Defendants, all persons within the meaning of RICO, commencing in 2011 or before, formed an association in fact for the purpose of thieving from Plaintiffs and the Estate of Adel Sheshtawy for Sheshtawy Defendants' own gain, including avoiding loss because of their control over Harris County Probate Court I with their accomplices and accessories (now principals under the Texas Penal Code), Defendant Judge Loyd Wright,

Defendant Associate Judge Ms. Stiles and Defendant Ms. Hightower. The Sheshtawy Defendants and each of them received income and money from the pattern of racketeering activity, as set forth herein above and herein below.

423.    Peterson Defendants, all persons within the meaning of RICO, commencing in 2011 or before, formed an association in fact for the purpose of thieving from Plaintiffs and the Estate of Ruby S. Peterson and the Peterson Trust II for Peterson Defendants' own gain, including avoiding loss because of their control over Harris County Probate Court I with their accomplices and accessories (now principals under the Texas Penal Code), Defendant Judge Loyd Wright, Defendant Associate Judge Ms. Stiles and Defendant Ms. Hightower. The Sheshtawy Defendants and each of them received income and money from the pattern of racketeering activity, as set forth herein above and herein below.

424.    Rizk Defendants, all persons within the meaning of RICO, commencing in 2011 or before, formed an association in fact for the purpose of thieving from Plaintiffs and the Estate of Fred E. Rizk for Rizk Defendants' own gain, including avoiding loss because of their control over Harris County Probate Court I with their accomplices and accessories (now principals under the Texas Penal Code), Defendant Judge Loyd Wright, Defendant Associate Judge Ms. Stiles and Defendant Ms. Hightower. The Rizk Defendants and each of them received income and money from the pattern of racketeering activity, as set forth herein above and herein below.

425.     As set forth hereinabove in ¶¶ 1 through 420, in furtherance of Defendants' scheme to defraud plaintiffs, Defendants utilized the United States mails and the wires in violation of 18 U.S.C. §§ 1341, 1343. In addition, as set forth in ¶¶ 1 through 420, Defendants committed serially fiduciary fraud and theft, as well as, tampering with government documents, all violative of the Texas Penal Code. These mailings, use of the wires, and acts of extortion constitute "a pattern of racketeering activity" as defined in 18 U.S.C. § 1961(1), (5).

426.     The Defendants used or invested, directly or indirectly, part or all of such income, or the proceeds of such income, in the establishment or operation of the association in fact to further the association's scheme to defraud Plaintiffs of all valuable assets and property.

## Count III: Violations of 18 U.S.C. § 1962(d)

427.     Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 426, as well as, those hereinafter pled as though herein originally pled.

428.     In violation of 18 U.S.C. 1962(d), Defendants, all persons as defined in RICO, commencing in 2011 or before, conspired to violate 18 U.S.C. § 1962(b), to obtain or attempt to obtain, directly or indirectly, control over Defendant C Club PAC and Harris County Probate Court 1.

429.    The conspiracy to obtain or attempt to obtain control was carried out through a pattern of racketeering activity. As set forth hereinabove in ¶¶ 1 through 426, in furtherance of Defendants' scheme to acquire control over Defendant C Club PAC and Harris County Probate Court 1, Defendants utilized the United States mails and the wires in violation of 18 U.S.C. §§ 1341 and 1343. In addition, as set forth in ¶¶ 1 through 426, Defendants committed serially fiduciary fraud and theft, as well as, tampered with government documents violative of the Texas Penal Code in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 1961(1)(A).

430.    The respective Defendants conspired to control or to attempt to control the Estate of Adel Sheshtawy, the Estate of Ruby S. Peterson, The Estate of Fred E. Rizk, as well as, the Rizk *inter vivos* and testamentary trusts for personal financial gain and to strip it and its owners of all valuable assets.

## Count IV: Breach of Fiduciary Duties

431.    Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 430, as well as, those hereinafter pled as though herein originally pled.

432.    Sheshtawy Defendants all breached their fiduciary duties owed to the Sheshtawy Plaintiffs.

433.    Sheshtawy Plaintiffs suffered damages as a direct and proximate result of the Sheshtawy Defendants' breaches of their fiduciary duties, for which the herein sue.

434.   Peterson Defendants all breached their fiduciary duties owed to the Peterson Plaintiffs.

435.   Peterson Plaintiffs suffered damages as a direct and proximate result of the Peterson Defendants' breaches of their fiduciary duties, for which the herein sue.

436.   Rizk Defendants all breached their fiduciary duties owed to the Rizk Plaintiffs.

437.   Rizk Plaintiffs suffered damages as a direct and proximate result of the Rizk Defendants' breaches of their fiduciary duties, for which the herein sue.

## Count V: Fraud

438.   Plaintiffs herein reallege, replead and incorporate herein their entireties through this reference the allegations in the averments in ¶¶ 1 through 437, as well as, those hereinafter pled as though herein originally pled.

439.   The Sheshtawy Defendants defrauded the Sheshtawy Plaintiffs.

440.   As a direct and proximate result of the Sheshtawy Defendants' fraud the Sheshtawy Plaintiffs suffered damages for which they herein sue.

441.   The Peterson Defendants defrauded the Peterson Plaintiffs.

442.   As a direct and proximate result of the Peterson Defendants' fraud the Peterson Plaintiffs suffered damages for which they herein sue.

443.   The Rizk Defendants defrauded the Rizk Plaintiffs.

444.    As a direct and proximate result of the Rizk Defendants' fraud the Rizk Plaintiffs suffered damages for which they herein sue.

## PRAYER

WHEREFORE THE PREMISES CONSIDERED, Plaintiffs move and pray these Honorable Courts grant Plaintiffs the following Relief:

That Defendants be summoned and required to answer;

That upon a jury verdict after a trial on the merits that these Court enter a judgment favorable to Plaintiffs consistent with such verdict;

That Plaintiffs be awarded nominal, actual, compensatory and punitive damages,   as allowable by law;

That Plaintiffs be awarded pre-judgement and post judgement interest, as allowable by law;

That Plaintiffs be awarded attorneys' fees and costs, as allowable by law;

That these Honorable Courts grant to Plaintiffs whatever other relief at law or in equity to which they might be entitled, or the nature of this Cause might require, as these Honorable Courts deem meet, just and proper.

Plaintiffs pray for general relief.

Plaintiffs demand a trial by jury.

Respectfully submitted,

By: /s/ Donald T. Cheatham
Donald T. Cheatham
Attorney at Law
SBN: 24029925
SDTX: 32456
7500 San Felipe Road,
Suite 600
Telephone: 713-335-8945
Facsimile: 713-335-8945
Email: cheathamlaw@aol.com

By: /s/ Christopher Augustine Gabel
Christopher Augustine Gabel
Gabel Law, PLLC
SBN: 24089408
SDTX: 2373978
13110 Southwest Freeway
Sugar Land, TX 77478
Telephone: 512-919-9962
Email: chris@gabellawyer.com

**ATTORNEYS FOR PLAINTIFFS**

**Discovery will be propounded on the Defendants with service of the Verified Complaint.**

**<u>Jurats:</u>**

Pursuant to 298 United States Code § 1746 "I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing factual recitations as to my and my daughter's claims are base dupon personal knowledge, as well as, true and correct.

Executed on 12 March 2016.

*Valentina Sheshtawy*
<u>/S/ Valentina Sheshtawy</u>

Pursuant to 298 United States Code § 1746 "I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing factual recitations as to my claims hereinabove delineated are based upon personal knowledge, as well as, true and correct.

Executed on 13 March 2016.

*Mackey Peterson*
<u>/S/ Mackey Peterson</u>

Pursuant to 298 United States Code § 1746 "I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing factual recitations as to my claims hereinabove delineated are based upon personal knowledge, as well as, true and correct.

Executed on 12 March 2016.

<u>/S/ Lonny Peterson</u>

Pursuant to 298 United States Code § 1746 "I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing factual recitations as to my claims hereinabove delineated are based upon personal knowledge, as well as, true and correct.

Executed on 18 March 2016.

/S/ Donn Peterson

Pursuant to 298 United States Code § 1746 "I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing factual recitations as to my claims hereinabove delineated are based upon personal knowledge, as well as, true and correct.

Executed on 12 March 2016.

/S/ Edward G. Rizk