United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALENTINA  SHESHTAWY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-733 |
| | § | |
| CONSERVATIVE CLUB OF HOUSTON, | § | |
| INC."a/k/a "C CLUB PAC," *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Before the Court are the several motions of the defendants[1] to dismiss the case of the plaintiffs, Valentina Sheshtawy, individually and as guardian for her minor child, L.S.; Don Peterson; Mackey Peterson; Lonny Peterson; Edward G. Rizk and Maxwell Rizk ["the plaintiffs"].  The Court has reviewed the plaintiffs' pleading, the defendants' motions to dismiss and the plaintiffs' response; and, after receiving the arguments of counsel in open court, is of the opinion that the defendants' motions to dismiss are meritorious and should be granted.

## II.    HISTORICAL BACKGROUND

This suit was filed by the plaintiffs in March 2016, alleging essentially three causes of action against substantially all defendants:  (a) conspiracy, civil and criminal, under RICO [18

---

[1] The plaintiffs' Amended Complaint asserts RICO claims only against McDonald Scott Worley, P.C.; Sarah Pacheco; Kathleen Beduze; Crain, Caton & James, P.C.; W. Cameron McCulloch, Robert S. MacIntyre, Jr., MacIntyre,  McCulloch, Stanfield & Young, LLP; Michael Fuqua, Fuqua & Associates, P.C.; Hanya Sustache; Nader Shestawy; Fraouk Sheshtawy; Judge Lloyd Wright, Judge Ruth Ann Stiles; and Kimberly Hightower.  The plaintiffs' remaining claims, fraud and breach of fiduciary duty are state law claims over which this Court lacks jurisdiction.

U.S.C. § 1961(1); §§1961(a)(b) and (d)] ("RICO"); (b) common law fraud; and (c) breach of fiduciary relationship.

The primary focus of the defendants' arguments to the Court concerns whether the Court has subject matter jurisdiction of the plaintiffs' case. They agreed that except for the RICO counts in the plaintiffs' complaint, this Court is without subject matter jurisdiction to entertain the plaintiffs' common law fraud and breach of fiduciary relationship claims. Therefore, the Court focuses its analysis and discussion only on the question of whether the plaintiffs' pleadings support a justiciable cause of action against the defendants under RICO.

From the voluminous pleadings by the plaintiffs[2], the Court perceives that this suit originates, in part, from actions or inactions by the defendant, Kelly Cowan, M.D. Although Dr. Cowan was not included in the RICO counts, she allegedly provided care for Ruby S. Peterson, now deceased, for a period of time prior to her death. Part of that care, allegedly, involved issuing prescriptions for medication for Mrs. Peterson that were delivered through mail. These medications, according to the plaintiffs, were prescribed so that Dr. Cowan and certain defendants could take control of Mrs. Peterson's Estate and the Peterson Family Trust II.

The plaintiffs allege that Dr. Cowan and/or "thirty-six individuals and entities", more or less, entered into a conspiracy, *i.e.,* a pattern of racketeering in connection with the "acquisition, establishment, conduct, or control of an enterprise known as Probate Court One for Harris County, Texas." *See* [Verified Amended Complaint, DE 102 at pp. 49 and 67]. The plaintiffs' pleadings also argue that plaintiffs Don and Mackey Peterson, sons of Mrs. Peterson, sought appointment as guardians over Mrs. Peterson's Estate. Before the Court ruled on their motion, it appointed defendant, Jill Young, as attorney, as the guardian *ad litem* for Mrs. Peterson and

---

[2] The plaintiffs Verified Amended Complaint consists of over 400 paragraphs and 768 pages of pleadings with additional pages as attachments.

directed her to investigate and report on Mrs. Peterson's health and need for guardianship.  After considering Young's report, Judge Lloyd Wright, Judge of Probate Court One, also a defendant, denied the sons' request for appointment.  The sons expressed their disagreement with Judge Wright by filing a suit to disqualify him and other judges who handled various aspects of their litigation, and by taking appeals from their rulings.

In October 2014, the Peterson plaintiffs settled their suit(s).  They agreed to release and dismiss with prejudice any claims against each other, the Peterson Estate and Peterson Family Trust.  The settlement was joined by the guardian and attorney *ad litems* for Mrs. Peterson's Estate.  Within a year, however, the Peterson plaintiffs were back in court seeking to set aside their settlement agreements.  Their motions were denied by Judge Wright and a final judgment, based on the settlement(s), was entered.  *See* [DE 190 at pp. 485-6].

Adel Sheshtawy died intestate in 2011.  He had three children, one of which was L.S., a minor, and the child of plaintiff, Valentina Sheshtawy.  Valentina filed for divorce attempting to resolve the common law marriage between Adel and herself.  A Harris County Family Court handled the divorce proceeding and those proceedings ended in a settlement between Valentina and the Adel Sheshtawy Estate in 2013.  That settlement was formalized by court order on July 17, 2013, and the agreement became part of the probate court records concerning her minor child, L.S.'s interest in the Adel Estate.  There, she agreed to the appointment of W. Cameron McCulloch as the permanent guardian of the estate of L.S.  In spite of prior settlement agreements, Valentina opposed a settlement among the three Adel heirs.  This move placed her at odds with McCulloch, the minor's permanent guardian.  Against Valentina's opposition, Probate Court One approved a settlement concerning the minor's interest in the Adel Estate.

However, Valentina continued to litigate the issues in Probate Court One, state trial court(s) and on appeal(s).

Now Valentina, the Petersons and the Rizk plaintiffs[3] have joined together in this suit contending that "the judges, court coordinator, opposing litigants, opposing counsel, and others [approximately 36 defendants] conspired to cheat them out of property due them from the Estate of Adel Sheshtawy and Ruby Peterson Estate, and the Peterson Family Trust II and the Rizk Estate.

## IV. STANDARD OF REVIEW

### A. Standard Under Rule 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.")  Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d

---

[3] Like the Peterson heirs, the Rizk heirs to the Fred E. Rizk Estate have taken opposing sides.  There is an ongoing dispute in Probate Court One concerning the Rizk Estate.

745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

In this case, jurisdiction is  challenged under both Rule 12(b)(1), and the lack of sufficient factual allegations under Rule 12(b)(6).  Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

In light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.    CONTENTIONS OF THE PARTIES

### A.    *The MacIntyre Defendants*

Counsel for the MacIntyre and Cowan defendants, in particular, move to dismiss the plaintiffs' suit, specifically the RICO claim(s), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) on three bases.  First, the defendants assert, the plaintiffs have not shown that they have statutory standing to bring a RICO action against them under 18 U.S.C. § 1964(c).  Under § 1964(c), a plaintiff must show that he was injured and that the injury was proximately caused by a defendant's conduct.  *See Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 676 (5th Cir. 2015).

Second, the defendants assert that the plaintiffs have failed to plead a racketeering activity with particularity.   The defendants contend that while the plaintiffs state that

racketeering activity was accomplished through mail and wire fraud, the allegations are conclusionary and fail to set out the particulars required by Fed. R. Civ. P., Rule 9(b).  To establish a claim for mail or wire fraud, a plaintiff must show that a defendant has engaged in a scheme to defraud the plaintiff by false or fraudulent representations, utilizing mail or wire to transmit or execute the scheme, and that the plaintiff suffered injury as a direct or proximate result of that conduct.  *See In re Burzynski*, 989 F.2d  733, 742 (5th Cir. 1993); *Plambeck*, 802 F.3d at 675 (citations omitted).

Finally, the defendants assert that the plaintiffs have failed to plead sufficient facts to support at least one of the essential elements of proof necessary for a RICO claims under § 1962(a), § 1962(b) or § 1962(d).  Section § 1962(a) prohibits the investment of funds derived from a racketeering scheme into an identified enterprise.  *St. Paul Mercury Ins. Co. v. Williamson*, 224  F.3d 425, 441 (5th Cir. 2000).  Section 1962(b) requires that a plaintiff show that he suffered an injury and that the injury was proximately caused by a RICO violator as the provocateurs gained an interest in, or control over, the enterprise through racketeering activities. *See Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995).  Lastly, a § 1962(d) claim requires a plaintiff to establish that a conspiracy was formed and that the acts of the conspirators violated § 1962, subsections (a), (b) or (c).  *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 183, 203 (5th Cir. 2015).

### B.     *The Plaintiffs' Contentions*

The plaintiffs contend that their pleadings and responses state sufficient grounds in opposition "to the defendants" Rule 12(b)(1) and 12(b)(6) motions to overcome them. Therefore, the plaintiffs assert that the Court should deny the defendants' Rule 12(b)(1) and (6) motions to dismiss because the plaintiffs' pleadings are sufficient and do meet the requirements

of Fed. R. Civ. P., Rules 8 and 9(b).   The plaintiffs point out that, in fact, they plead the "existence of an 'enterprise' and/or an 'association-in-fact'."   "The entity and enterprise [is] known as Probate Court One for Harris County Texas." *See* [DE 102 Verified Amended Complaint, pp. 49 and 67]. Finally, the plaintiffs challenge the defendants' claim that the judges and attorneys, acting in their various capacities, enjoy immunity under the doctrines of judicial, attorney or guardian *ad litem* immunity.

## VI.   DISUCSSION AND ANALYSIS

The Court is of the opinion that the plaintiffs have failed to establish that the Court has subject matter jurisdiction over their RICO claim(s), Fed. R. Civ. Pro. Rule 12(b)(1).   As well, the pleadings fail to state a claim with sufficient particularity such that the legal bases stated for their RICO claim(s) are supported by specific factual allegations.   Fed. R. Civ. Pro., Rule 12(b)(6).

A plaintiff bears the burden to show that he has standing to assert the claim(s) alleged.   In order to establish standing to bring a RICO cause of action, a plaintiff must show that he has suffered an injury that is "concrete, particularized, and actual or imminent, not hypothetical; (b) a causal link exists between the injury alleged and the acts or conduct of the defendant, and (c) the injury, more likely than not, can be redressed by the relief requested.   *See Lujan v. Dept. of Wildlife,* 504 U.S. 555, 560-61 (1992); *In re Taxable Mun. Bond. Sec. Litig. v. Kutak*, 51 F.3d 518, 521 (5th Cir. 1995).   The plaintiffs' pleadings fail on all elements.

Although Dr. Cowan is not included in the plaintiffs' list of defendants as violating RICO, her alleged conduct is referenced in the plaintiff factual pleadings.   Allegedly, she forwarded a prescription by mail that was used by the attorney *ad litem*, Probate Court One, the guardian *ad litem*, attorneys and others seeking to take control over Mrs. Peterson's person and

Estate.  This conduct, asserts the plaintiffs, constitutes the basis for the "fraudulent scheme" alleged.  Additionally, the written communications between the various defendants in support of the "fraudulent scheme" constitute proof that acts of mail fraud occurred.  Hence, the combination of the acts of the individuals, the attorneys and the probate judge, constitute proof that Probate Court One is an "entity and enterprise" as defined by RICO.  This argument is pure zanyism.

It is true that the mail and wire services have been used by the defendants to transact legal business associated with Mrs. Peterson personally, the Peterson Estate, the Sheshtawy Estate and the Peterson Trust II.  But, so have the plaintiffs.  Therefore, something more than the use of the mail and wire services is required to establish fraud, conspiracy or an act under RICO, particularly in light of the fact that the use of mail and wire services by attorneys and judges is a legal and acceptable means to communicate legal business.  The fact that the plaintiffs dispute the outcome of various motions does not mean that routine communications are acts of conspiracy or fraud.  Routine litigation conduct, even conflicts, cannot become a basis for a RICO suit without specificity.  *See Efron v. Embassy Suites (Puerto Rico) Inc.*, 223 F.3d 12, 20 (1st Cir. 2000) cert. denied, 532 U.S. 905 (2001).

The plaintiff must plead with specific particularity acts that constitute fraud.  In other words, while a "short and plain statement of the grounds for the court's jurisdiction . . ." is sufficient in most instances, when fraud is alleged . . . a party must state with particularity the circumstances constituting fraud . . ."  Fed. R. Civ. Pro., Rule 8(a)(1);  Fed. R. Civ. Pro., Rule 9(b).  The time, place and contents concerning the scheme to defraud – any misrepresentations or promises and what was extracted [injury suffered] as a result.  *Id.; see also Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015).  Also, simply filing papers with the Harris County

Clerk or entering into an agreement to resolve disputes all to obtain court approval are not acts of fraud or conspiracy.   An examination of the pleadings shows the following additional deficiencies:

(a)    Jill Young was appointed guardian *ad litem* for Ruby S. Peterson person by Probate Court One under the Texas Estate Code § 1054.051.  The pleadings fail to show how this appointment was fraudulent.  Section 1054.056(a) grants immunity to an *ad litem* when the dispute arises from a recommendation or opinion expressed pursuant to appointment and fails to show a conscience indifference to the truth or other unconscionable conduct.  There are no pleadings by the plaintiff that avoids statutory *ad litem* immunity.

(b)    Also, there are no pleadings showing that any funds were transferred from the Peterson, Sheshtawy or Rizk Estates or the Peterson Trust Fund II to persons other than those legally entitled.   There are no pleadings that unauthorized expenditures of the Estates and Trust by the defendants.  There are no pleadings that the attorneys, individuals or *ad litems* control any entity, bank account or property that belongs to the Estates, the Trust or the plaintiffs.

(c)    There are no pleadings showing when, how and by whose acts or authority Harris County Probate Court One became an "association" as defined by RICO, or by what method the court became an "entity" or "enterprise" as defined by RICO. W. Cameron McCulloch was appointed "permanent" attorney *ad litem* for L.S.'s estate (the minor) pursuant to the Texas Estate Code § 1054.007.  The pleading do not show how or under what statute, Valentina may intercept or avoid McCulloch's court appointed capacity regarding minor, L.S.'s estate.  *See Rideau v. Keller Indep. School Dist.*, 819 F.3d 155, 163-64 (5th Cir. 2016); *see also In re KC Greenhouse Patio Apts. LP,* 445 S.W. 3rd 168, 175-76 (Tex. App. Houston [1st Dist 2012], no. pet.).  Moreover, clearly by the plaintiffs' own pleading, a conflict of interest exists between Valentina and her minor child.

(d)    The pleadings fail to show how Valentina and the Peterson plaintiff may avoid the settlement agreements that they entered into that have become final judgment(s). On the other hand, the pleadings show that the plaintiffs are neither guardians of the several Estates nor trustees of the Peterson Trust.

In conclusion, Valentina and the Peterson plaintiffs settled all of their claims and disputes with the Estates and the Trust prior to this suit.  Therefore, they cannot now plead an injury that meets RICO requirements.  *See Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 606 (5th Cir.

1998).   Therefore, pursuant to FRCP 12(b)(1) and (6), the plaintiffs' suit is DISMISSED with prejudice as to their RICO claims and without prejudice as to the remaining claims.

The defendants' motions for sanctions are best directed against the plaintiffs in the state court proceedings.   Therefore, they are dismissed without prejudice.

It is so Ordered.

SIGNED on this 7th day of October, 2016.

Kenneth M. Hoyt
United States District Judge