United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALENTINA SHESHTAWY, *et al*, § § § Plaintiffs, § VS. § CIVIL ACTION NO. 4:16-CV-733 § CONSERVATIVE CLUB OF HOUSTON, § INC., AKA "CLUB PAC" *et al*, § § Defendants. § § | |

## ORDER GRANTING SANCTIONS

Before the Court is the defendants' reurged joint motion for sanctions in this case. Initially, the Court was of the opinion that any sanctions motions could be handled in state court where the relevant case(s) are pending. It was, therefore, the Court's view that dismissal, without entering sanctions, would leave the "door" open for state review of the plaintiffs and their attorneys' conduct. However, the plaintiffs insist on further burdening the Court and the defendants with a post-dismissal motion; a motion that is without meaningful or substantive facts or arguments. To that end, the Court GRANTS the defendants' joint motion for sanctions based on the following findings of fact and conclusions of law:

<u>Jurisdiction</u>

1. Under United State Supreme Court and Fifth Circuit authority, it is permissible for the Court to award sanctions even though the Court no longer has subject matter jurisdiction on the merits.[1]

---

[1] *Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076, 1080 (117 L.Ed.2d 280 (1992)(award of sanctions under Rule 11 was properly considered following dismissal for lack of subject matter jurisdiction); *DTND Sierra Investments, LLC v. HSBC Bank USA, N.A.*, 627 Fed. Appx. 285 (5th Cir. 2015)(sanctions appropriate despite lack of subject matter jurisdiction); *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132 (2d Cir. 2002)(sanctions appropriate despite lack of subject matter jurisdiction).

Background Facts

2. On November 4, 2016, plaintiffs filed a document styled *Plaintiffs Fed. R. Civ. P. 59(a)(1)(B) and (2), as well as, (e) Motion for a Rehearing (New Trial) and/or to Alter or Amend a Judgment* (Docket Entry # 322). This pleading is referred to hereafter as "plaintiffs' motion for new trial."

3. Prior to filing plaintiffs' motion for new trial, Cain, Caton & James, PC ("CCJ Attorneys") had previously sent plaintiffs' counsel two safe harbor letters urging plaintiffs to dismiss the claims as frivolous. The safe harbor letters from CCJ Attorneys are dated July 7, 2016 (D.E. # 262-2) and another one dated September 21, 2016, which is attached to Defendants' Joint motion for sanctions and in particular the second affidavit of Raul H. Suazo. Other defendants that were named in this case also sent plaintiffs' counsel safe harbor letters. Those safe harbor letters include those sent by the MacIntyre & McCulloch defendants on May 27, 2016 (D.E # 265-2) and July 29, 2016 (DE # 261-1), the Carol Manley defendants on August 11, 2016 (D.E. # 275-3), the Jones defendants on July 5, 2016 (D.E. # 263-1) and September 13, 2016 (D.E. # 311-23), Harris County on June 15, 2016 (D.E. # 313-1) and August 17, 2016 (D.E. # 305-1), and the Silverado defendants on August 12, 2016 (D.E. # 306-1).

4. Plaintiffs did not dismiss their claims against defendants despite receiving at least 10 safe harbor letters from defendants' counsel specifying that the claims were frivolous.

5. Thirteen motions to dismiss were filed against plaintiff's original complaint: Harris County (D.E. # 9), various Jones Firm defendants (D.E. # 17, 51, and 60), Lewis Brisbois Defendants (D.E. # 28), Worley defendants (D.E. # 32), CCJ Attorneys (D.E. # 37), Sheshtawy defendants (D.E. # 62), Fuqua defendants (D.E. # 63), MacIntyre & McCulloch defendants (D.E. # 66), Silverado defendants (D.E. # 67), Gray Reed defendants (D.E. # 74), and Manley defendants (D.E. # 82).

6. In response to the motion to dismiss filed by the defendants, plaintiffs did not dismiss the case but instead filed an amended complaint. The amended complaint, which added Harris County, did not adequately plead a RICO claims against any of the defendants and changed very little by way of the allegations aside from attaching numerous exhibits with little to no explanation as to how these documents purportedly supported a RICO claim.

7. The filing of an amended complaint required the filing of 11 new motions to dismiss. Those motions to dismiss amended complaint include filings by Harris County defendants (D.E. # 126 and 219), Silverado defendants (# 127), Jones Firm defendants (D.E. # 133), Fuqua defendants (D.E. # 140), Gray Reed defendants (D.E. # 141), MacIntyre & McCulloch defendants (D.E. # 143), CCJ Attorneys (D.E. # 152), Manley defendants (D.E. # 153), Sheshtawy defendants (D.E. # 155), and Merkyl defendants (D.E. # 206).

8. In response to the motion to dismiss amended complaint filed by the defendants, plaintiffs did not dismiss the case.

9. Also prior to plaintiffs' filing the motion for new trial (d.e. # 322), multiple defendants filed motions for sanctions detailing their position concerning the frivolous nature of the lawsuit. In fact, there were a total of eight sanctions motions filed by various defendants, which include those filed by CCJ Attorneys (D.E. # 190), Jones Firm defendants (D.E. # 192), MacIntyre & McCulloch defendants (D.E. # 239), Manley defendants (D.E. # 252), Silverado defendants (D.E. # 259), Harris County defendants (D.E. # 273), Jones Firm defendants (D.E. # 293 and D.E. # 311).

10. In response to the motion for sanctions filed by the defendants, plaintiffs did not dismiss the case.

11. On September 12, 2016, the Court held a hearing. Several weeks after the hearing, the Court signed a memorandum and order dismissing plaintiffs' RICO claims with prejudice, dismissing plaintiffs' state law claims without prejudice for want of subject matter jurisdiction, and dismissing the various defendants' motions for sanctions without prejudice (D.E. # 320). In the memorandum and order, the Court specified that plaintiffs' RICO arguments were "pure zanyism." (D.E. # 320 at page 9).

12. After receiving this Court's memorandum and order (D.E. # 320) detailing why plaintiffs' claims were "pure zanyism," plaintiffs elected to continue efforts to prosecute the case after having been given numerous sets of fee invoices and affidavits from attorneys indicating the substantial costs being caused by this lawsuit (See, e.g. D.E. # 190-2, 227, 278, 279, 280, and 281).

13. Plaintiffs have had numerous opportunities to dismiss the RICO claims against the defendants. There have been multiple safe harbor letters, motions to dismiss, sanctions motions, and even a memorandum and order from this Court referencing that the RICO arguments were "pure zanyism." In total, plaintiffs had more than 40 opportunities to dismiss the claims, but elected not to utilize any of those opportunities.

14. Instead, plaintiffs filed a 47-page motion for new trial (D.E. # 322) on November 4, 2016, which will cause CCJ Attorneys, Harris County and other defendants to incur more costs. The motion for new trial is deficient for many reasons.

   a. It attempts to justify the RICO claims that were dismissed as "pure zanyism" with one sentence: This Court correctly assigned the burden on the defendants to demonstrate that plaintiffs had the burden, which plaintiffs believe that defendants failed to satisfy such burden (D.E. # 322 at pages 24-25). This is a frivolous attempt to justify relief from the Court's memorandum and order.

b. In the memorandum and order (D.E. # 320), the Court stated that "[i]n order to establish standing to bring a RICO cause of action, a plaintiff must show that he has suffered an injury that is "(a) concrete, particularized, and actual or imminent, not hypothetical; (b) a causal link exists between the injury alleged and the acts or conduct of the defendant, and (c) the injury, more likely than not, can be addressed by the relief requested…The plaintiffs' pleadings fail on all elements." (D.E. # 320 at page 8). Plaintiffs response is to justify the RICO claim with the following sentence: "This Court correctly assigned the burden on the plaintiffs to demonstrate that they had standing and that thus the Court had subject matter jurisdiction, which plaintiffs believe that they did satisfy such burden." (D.E. # 322 at pages 24-25). This is a groundless attempt to justify relief from the Court's memorandum and order.

c. Plaintiffs did not identify any factually specific allegation in their amended complaint asserting that CCJ Attorneys (or any other legal professional for that matter) engaged in anything other than routine litigation conduct, which this Court specified was required in order to state a RICO cause of action (D.E. # 320 at page 9). In other words, plaintiffs ignored the Court's ruling setting forth requirements.

d. In the memorandum and order, the Court wrote that "when fraud is alleged…a party must state with particularity the circumstances constituting fraud…[t]he time, place and contents concerning the scheme to defraud – any misrepresentations or promises and what was extracted [injury suffered] as a result." (D.E. # 320 at page 9). Plaintiffs ignored this ruling as well as there remains no pleading of the time, place, and contents of the scheme to defraud or any misrepresentations and promises concerning CCJ Attorneys. The failure to address this dispositive portion of the Court's ruling reflects plaintiffs' baseless pleading.

e. In the memorandum and order, the Court wrote that "there are no pleadings showing when, how, and by whose acts or authority Harris County Probate Court One became an "association" as defined by RICO, or by what method the court became an "entity" or "enterprise" as defined by RICO." (D.E. # 320 at page 10). Plaintiffs ignored this ruling and made no effort to identify where this requirement was satisfied in the amended complaint, which results in a groundless pleading.

f. CCJ Attorneys' name only appears in plaintiffs' motion for new trial four times, and none address any of the raised pleading deficiencies identified by the Court. Yet, plaintiffs claim that they are entitled to a new trial against CCJ Attorneys. The arguments presented for a new trial are groundless.

g. Plaintiffs assert that defendants attached exhibits thus requiring that the Court treat the motions as a summary judgment motion instead of a dismissal

motion. This argument is factually incorrect and frivolous. It was plaintiffs' that attached exhibits, and none were attached to defendants' motion to dismiss. The Court did not rely on exhibits to specify the deficient pleading allegations.

15. This litigation has been costly to multiple defendants. The motion for new trial raises no new arguments and does not demonstrate where the pleading deficiencies in the Court's memorandum and opinion were cured. It is costly for defendants to respond to the motion for new trial. Therefore, the Court finds that sanctions are appropriate as follows:

### Rule 11 Sanctions

16. The Court analyzes the evidence presented for the sanctions motion under an objective standard of reasonableness under the circumstances. Additionally, the Court has analyzed whether the attorneys failed to conduct a reasonable inquiry into the law and the facts and comply with an objective standard of reasonableness under the circumstances prior to filing a motion for new trial. The Court has analyzed compliance with Rule 11 as of the time that the offending pleadings and this lawsuit were signed. In the particular instance, the offending pleading is the motion for new trial filed after the many opportunities afforded to plaintiffs to dismiss the case.

17. The Court finds that sanctions are appropriate under Rule 11(b)(1) against Valentina, the Peterson plaintiffs, Donald Cheatham, and Christopher Gabel because improper purposes motivated the filing of the motion for new trial in violation of Rule 11(b)(1). Given the history of multiplied proceedings in this Court and in other proceedings as well as plaintiffs' knowledge of the costs this litigation was causing, it is evident that the purpose of the motion for new trial with as minimal effort to justify the RICO claims could only have been brought for the improper purpose of escalating costs for CCJ Attorneys and Harris County (and all of the multiple defendants that were called upon to file responsive briefing) as a result of the motion for new trial. Moreover, the previous motion for sanctions filed by CCJ Attorneys (D.E. # 190) and Harris County (D.E. # 273) identified additional improper purposes for this entire lawsuit, which the motion for new trial seeks to perpetuate as an improper purpose. Those purposes include that the lawsuit was motivated by (1) dissatisfaction with settlements that Valentina Sheshtawy (Valentina) and the Peterson plaintiffs (Mackey Peterson, Don Peterson, and Lonny Peterson) entered, (2) dissatisfaction with Probate Court rulings, (3) a desire to harass those involved in these underlying proceedings, and (4) an attempt to gain recusals in the underlying *Rizk* proceedings wherein Mr. Donald Cheatham was lead counsel, Mr. Gabel was an associate counsel, and Valentina and the Peterson plaintiffs participated as witnesses. The motion for new trial placed against this backdrop demonstrates that it was filed for the improper purpose of continuing to prolong costly and meritless litigation.

18. The Court finds that sanctions are appropriate against Mr. Cheatham and Mr. Gabel because the arguments presented in the motion for new trial are not warranted under existing law, which violates Rule 11(b)(2). Mr. Cheatham and Mr. Gabel should have known that there was no basis for a motion for new trial based on two sentences attempting to justify the RICO claims. Moreover, Mr. Cheatham and Mr. Gabel should have known that the Court's description of the claims as "pure zanyism," coupled with specific identifiers in the Court's memorandum and order listing what was needed to allege a RICO claim were not to be ignored in a subsequent motion for new trial. This motion for new trial comes on the backdrop of additional claims that were frivolous and that Mr. Cheatham and Mr. Gabel should have known lacked basis. Those include the following: (1) there was no basis for a breach of fiduciary duty claim against opposing attorneys such as CCJ Attorneys, (2) that there is a litigation privilege in Texas for opposing attorneys like CCJ Attorneys with no general fraud exception, (3) that the Honorable Judges and Court Coordinator are entitled to immunity, (4) Harris County, as a governmental entity, cannot be liable under RICO, (5) that the RICO claims were not valid when the conduct complained of against opposing counsel is the provision of legal services, (6) that a lawful campaign contribution or merely making documents available for inspection do not constitute a predicate act for a RICO violation, and (7) that a RICO claim in federal court is not an appropriate vehicle to challenge rulings of a state probate court as that is the role of an appellate court. Mr. Cheatham and Mr. Gabel particularly should have known this after these problems were highlighted in the multiple motions to dismiss that have been filed and after the Court entered a memorandum and order identifying the arguments as "pure zanyism," but Mr. Cheatham and Mr. Gabel nevertheless proceeded with a motion for new trial (D.E. # 322).

19. The Court finds that sanctions are appropriate against Valentina, the Peterson plaintiffs, Mr. Cheatham, and Mr. Gabel because the claims do not have evidentiary support and are factually frivolous and the arguments in the motion for new trial ignored the basic pleading deficiencies outlined by the Court in its memorandum and order.

20. The Court finds that sanctions are appropriate under Rule 11 because the assertion of federal court jurisdiction on the basis of a groundless RICO claim is frivolous, and the motion for new trial has not taken any measure to justify the assertion of subject matter jurisdiction aside from one sentence that lacks sentence.

<u>Sanctions Under 28 U.S.C. § 1927</u>

21. The Court has analyzed the sanctions request under 28 U.S.C. § 1927 and recognizes that sanctions under § 1927 are punitive in nature. Nevertheless, the Court makes the following findings based on clear and convincing evidence found in the motion and the record in this case.

22. The Court found that every facet of the litigation was patently meritless. The Court further finds that every facet of plaintiffs' motion for new trial is meritless.

23. The Court finds evidence of bad faith, improper motive, and reckless disregard of the duty owed to the court by counsel for plaintiffs Donald Cheatham and Christopher Gabel as regards the motion for new trial.

24. The Court finds, focusing on the conduct of the litigation as opposed to the merits, that Donald Cheatham and Christopher Gabel have multiplied the proceedings unreasonably and vexatiously through the motion for new trial among other filings.

25. The Court herein identifies the sanctionable conduct and distinguishes it from the reasons for deciding the case on the merits.

26. The Court herein also differentiates between sanctions awarded under § 1927 and other Rules or statutes.

27. In the award section, the Court links the sanctionable conduct to the amount awarded.

28. Based on clear and convincing evidence, the Court grants sanctions against Mr. Donald Cheatham and Mr. Gabel because both have improperly multiplied the proceedings both unreasonably and vexatiously.

29. The Court identified for Mr. Cheatham and Mr. Gabel that the RICO arguments being made were "pure zanyism." This was after Mr. Cheatham and Mr. Gabel had received numerous safe harbor letters, motions to dismiss, and sanctions motions for filing this lawsuit. Mr. Cheatham and Mr. Gabel were also given affidavits and fee statements indicating the costs that were being incurred with defending this litigation. Nevertheless, Mr. Cheatham and Mr. Gabel have unreasonably multiplied this litigation with a 47-page motion for new trial without permission to exceed the page limit that does not address the pleading deficiencies identified by the Court and instead multiplies the pages of briefing on unrelated issues.

30. The vexatious and unreasonable multiplication on the motion for new trial follows a history of multiplying these proceedings. For example, Mr. Cheatham and Mr. Gabel have sued 36 defendants alleging many conspiracy combinations that lack sense (or are pure zanyism as the Court previously stated), which have multiplied the proceedings as can be seen from the numerous motions that have had to be filed and which counsel for defendants have then been required to review. Specifically, there have been numerous motions to dismiss filed in this case, and there would have been more had defendants each filed separate pleadings instead of consolidated instruments based on groupings of defendants. This large number of motions was necessitated first because of plaintiffs' excessive joinder of parties that has multiplied these proceedings. It was also necessitated because a first amended complaint was filed that offered no cure to the deficiencies of the original complaint

    identified in several of the defendants' motions to dismiss. This multiplication of proceedings is problematic regardless of whether there is a meritorious based claim hidden in somewhere in the pleadings against defendants, which the Court nonetheless finds there is not. The motion for new trial seeks to perpetuate this unreasonable multiplication of proceedings.

31. Mr. Cheatham and Mr. Gabel have sued various associate attorneys, such as Kathleen Tanner Beduze, and then declined to identify the specific factual basis for suing these associate attorneys still in the motion for new trial. At the outset, Mr. Cheatham and Mr. Gabel did not allege any facts or efforts to walk the claims against Kathleen Tanner Beduze through the elements of an asserted cause of action. After CCJ Attorneys identified that there were deficiencies in the pleading allegations against Kathleen Tanner Beduze in a motion to dismiss, there was then subsequently no effort in a 245-page first amended complaint to explain a claim against Kathleen Tanner Beduze on a claim by claim, element by element basis. In a complaint alleging criminal behavior against Kathleen Tanner Beduze where deficiencies in pleading allegations were identified in a motion to dismiss, the Court is highly troubled that in plaintiffs' 39-page response to CCJ Attorneys' motion to dismiss, the only references to Kathleen Tanner Beduze would be (1) in the title identifying the name of the motion to which that response is filed, (2) in the opening paragraph of the response identifying the name of the motion to which the response is filed, and (3) at page 13 merely to state that Ms. Beduze filed a motion to dismiss. This 39-page response is then followed up with a 245-page first amended complaint that still does not identify the specifics of a claim against Kathleen Tanner Beduze but instead claims that writing letters making documents available for inspection constitute predicate acts for mail or wire fraud without any explanation. This type of pleading behavior with excessive joinder and several voluminous conclusory pleadings that are seriously deficient in factual support constitutes an improper, unreasonable, and vexatious multiplication of the proceedings particularly considering the severity of the unsupported allegations being made (i.e. – claims of intentional criminal behavior and conspiracies). And the motion for new trial seeks to perpetuate this unreasonable multiplication of proceedings by continuing to give no information regarding the basis for suing Kathleen Tanner Beduze.

32. Mr. Cheatham and Mr. Gabel have filed a 191-page original complaint, a 39-page response, and a 245-page first amended complaint that still does not explain how the claims against CCJ Attorneys approach meeting the elements of fraud, breach of fiduciary duty, and RICO. The motion for new trial then ignores the Court's ruling setting forth the appropriate standards and makes no effort to explain to the Court how it adequately alleged a RICO claims against CCJ Attorneys.

33. Sanctions are appropriate in cases that involve massive and vexatious over-pleading that multiplies the proceedings.[2] This conduct, in multiplying the proceedings with

---

[2] *Quiroga,* 934 F.2d 497, 503 (3d Cir. 1991); *Hicks v. Arthur*, 891 F. Supp. 213, 215 (E.D. Pa. 1995), aff'd, 91 F.3d 123 (3d Cir. 1996).

excessive joinder and voluminous pages of difficult to understand pleading allegations that are far from meeting the specificity requirements to state a claim are distinguishable from not conducting a reasonable investigation or asserting frivolous claims but still causing opposing attorneys to read all of the same information. Sanctions may be warranted under § 1927 when the arguments are totally without merit and the briefing is not properly prepared because that has the effect of multiplying the proceedings needlessly.[3] To join so many defendants, persist in baseless claims with new pleading allegations, and give no specifics to justify the claims in a 39-page response and subsequent First Amended Complaint spanning 245 pages is unreasonable, vexatious behavior that multiplied the proceedings and warrants sanctions against Mr. Cheatham and Mr. Gabel.

Sanctions Under the Court's Inherent Powers

34. It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct. The finding of "bad faith" may be inferred when it is patent from the record. To exercise its inherent powers, the Court must supply adequate notice and an opportunity to be heard in accordance with due process.

35. Valentina, the Peterson plaintiffs, Donald Cheatham, and Christopher Gabel have been given adequate notice and an opportunity to be heard in accordance with due process. The joint motion for sanctions (D.E. # 322) filed by the defendants details the grounds on which sanctions are being sought, and Valentina, the Peterson plaintiffs, Donald Cheatham, and Christopher Gabel have had more than adequate opportunity to respond and explain their position with any admissible evidence they desired to provide.

36. The Court finds that the conduct by plaintiffs in filing the motion for new trial after having been advised of the non-meritorious nature of the lawsuit in numerous safe harbor letters, motions to dismiss an original complaint, motions to dismiss an amended complaint, previous sanctions motions, and in a memorandum and order from this Court, yet persisting in claims against a Probate Court Judge, an associate judge, a court coordinator, opposing counsel, associates that work at opposing law firms, court appointed ad-litems and guardians, constitutes bad faith. The failure to describe the claims in the motion for new trial, address the pleading deficiencies highlighted by the Court, not heeding the Court's statement that the arguments were pure zanyism, and then attempting to justify the RICO claim with one conclusory sentence constitutes bad faith, particularly when plaintiff was given so many opportunities to address pleading deficiencies. The bad faith conduct has resulted in a large amount of legal fees being incurred by several parties including CCJ Attorneys and Harris County.

---

[3] *Macklin v. City of New Orleans,* 293 F.3d 237, 241–42 (5th Cir.2002); *Carmon v. Lubrizol,* 17 F.3d 791, 795–96 (5th Cir.1994).

37. The Court finds that the motion for new trial was filed with improper purposes, that are not sustainable under the law, and which lack evidentiary support. Therefore, the Court grants sanctions under its inherent authority.

### Monetary Award

38. For responding to the motion for new trial, CCJ Attorneys seek $3,500.00. The Court finds that the attorneys' fees have been established as reasonable and necessary by the second affidavit of Raul H. Suazo. The Court awards CCJ Attorneys' fees as follows:

| Sanctions Award | Amount | Reason |
|---|---|---|
| Lead Counsel Donald Cheatham | $1,500.00 | Violating Rule 11(b)(1-2) and (b)(3). For violating 28 USC § 1927 and per the Court's inherent powers. |
| Second Chair Attorney Christopher Gabel | $1,000.00 | Violating Rule 11(b)(1-2), and 11(b)(3). For violating 28 USC § 1927. Under the Court's inherent powers. |
| Don Peterson, Mackey Peterson, Lonny Peterson | $500.00 | Violating Rule 11(b)(1) and 11(b)(3). Under the Court's inherent powers. Jointly and severally or in the amount |

39. The Court finds that the amount of $3,500.00 is reasonable given the circumstances of filing a groundless motion for new trial that, in its entirety, had no effect but to unreasonably and vexatiously multiply the proceedings and which was filed in bad faith.

40. For responding to the motion for new trial, Underwood, Jones & Scherrer, PLLC seeks $3,000.00. The Court finds that the attorneys' fees have been established as reasonable and necessary by the second affidavit of Russ Jones. The Court awards fees to Underwood, Jones & Scherrer, PLLC as follows:

| Sanctions Award | Amount | Reason |
|---|---|---|
| Lead Counsel Donald Cheatham | $1,000.00 | Violating Rule 11(b)(1-2) and (b)(3). For violating 28 USC § 1927 and per the Court's inherent powers. |
| Second Chair Attorney Christopher Gabel | $500.00 | Violating Rule 11(b)(1-2), and 11(b)(3). For violating 28 USC § 1927. Under the Court's inherent powers. |
| Don Peterson, Mackey Peterson, Lonny Peterson | $500.00 each totaling $1,500.00 | Violating Rule 11(b)(1) and 11(b)(3). Under the Court's inherent powers. Jointly and severally or in the amount of $166.67 each. |

41. The Court finds that the amount of $3,000.00 is reasonable given the circumstances of filing a groundless motion for new trial that, in its entirety, had no effect but to unreasonably and vexatiously multiply the proceedings and which was filed in bad faith.

42. For responding to the motion for new trial, Harris County seeks $1,500.00. The Court finds that the attorneys' fees have been established as reasonable and necessary by the affidavit of Laura Beckman Hedge. The Court awards fees as follows:

| Sanctions Award | Amount | Reason |
|---|---|---|
| Lead Counsel Donald Cheatham | $500.00 | Violating Rule 11(b)(1-2) and (b)(3). For violating 28 USC § 1927 and per the Court's inherent powers. |
| Second Chair Attorney Christopher Gabel | $500.00 | Violating Rule 11(b)(1-2), and 11(b)(3). For violating 28 USC § 1927. Under the Court's inherent powers. |
| Don Peterson, Mackey Peterson, Lonny Peterson | $250.00 | Violating Rule 11(b)(1) and 11(b)(3). Under the Court's inherent power. Jointly and severally or in the amount of $166.67 each |
| Valentina Spassova | $250.00 | Violating Rule 11(b)(1) and 11(b)(3). Under the Court's inherent power. |

43. The Court finds that the amount of $1,500.00 is reasonable given the circumstances of filing a groundless motion for new trial that, in its entirety, had no effect but to unreasonably and vexatiously multiply the proceedings and which was filed in bad faith.

44. For responding to the motion for new trial, Carol Manley seeks $2,500.00. The Court finds that the attorneys' fees have been established as reasonable and necessary by the affidavit of Carol Manley. The Court awards fees as follows:

| Sanctions Award | Amount | Reason |
|---|---|---|
| Lead Counsel Donald Cheatham | $1,250.00 | Violating Rule 11(b)(1-2) and (b)(3). For violating 28 USC § 1927 and per the Court's inherent powers. |
| Second Chair Attorney Christopher Gabel | $500.00 | Violating Rule 11(b)(1-2), and 11(b)(3). For violating 28 USC § 1927. Under the Court's inherent powers. |
| Don Peterson, Mackey Peterson, Lonny Peterson | $250.00 (each) | Violating Rule 11(b)(1) and 11(b)(3). Under the Court's inherent powers. Jointly and severally or in the amount of $166.67 each. |

45. The Court finds that the amount of $2,500.00 is reasonable given the circumstances of filing a groundless motion for new trial that, in its entirety, had no effect but to unreasonably and vexatiously multiply the proceedings and which was filed in bad faith.

## Conditional Award for Appeal

46. Based on the evidence presented, the Court finds that the attorneys' fees that should be awarded to CCJ Attorneys in the event of an appeal by any party to this Order are as follows:

    a. The amount of $15,000.00 for handling an appeal to the Fifth Circuit Court of Appeals.

    b. The amount of $7,500.00 for successfully defending against a Petition for Writ of Certiorari to the United States Supreme Court.

    c. The amount of $12,500.00 in the event of a Petition for Writ of Certiorari is granted by the Court of Appeals judgment is successfully defended.

47. The Court finds that the above conditional appellate fee awards to CCJ Attorneys are reasonable and necessary.

48. Based on the evidence presented, the Court finds that the attorneys' fees that should be awarded to Underwood, Jones & Scherrer, PLLC in the event of an appeal by any party to this Order are as follows:

    d. The amount of $15,000.00 for handling an appeal to the Fifth Circuit Court of Appeals.

    e. The amount of $7,500.00 for successfully defending against a Petition for Writ of Certiorari to the United States Supreme Court.

    f. The amount of $12,500.00 in the event a Petition for Writ of Certiorari is granted by the Court of Appeals judgment is successfully defended.

49. The Court finds that the above conditional appellate fee awards to Underwood, Jones & Scherrer, PLLC are reasonable and necessary.

50. Based on the evidence presented, the Court finds that the attorneys' fees that should be awarded to Harris County in the event of an appeal by any party to this Order are as follows:

    g. The amount of $15,000.00 for handling an appeal to the Fifth Circuit Court of Appeals.

    h. The amount of $7,500.00 for successfully defending against a Petition for Writ of Certiorari to the United States Supreme Court.

    i. The amount of $12,500.00 in the event a Petition for Writ of Certiorari is granted by the Court of Appeals judgment is successfully defended.

51. The Court finds that the above conditional appellate fee awards to Harris County are reasonable and necessary.

52. Based on the evidence presented, the Court finds that the attorneys' fees that should be awarded to Carol Manley in the event of an appeal by any party to this Order are as follows:

    j.  The amount of $15,000.00 for handling an appeal to the Fifth Circuit Court of Appeals.

    k.  The amount of $7,500.00 for successfully defending against a Petition for Writ of Certiorari to the United States Supreme Court.

    l.  The amount of $12,500.00 in the event a Petition for Writ of Certiorari is granted by the Court of Appeals judgment is successfully defended.

53. The Court finds that the above conditional appellate fee awards to Carol Manley are reasonable and necessary.

54. The Court finds that all amounts awarded involve attorneys' fees that are reasonable and necessary under the *Johnson v. Georgia Highway Express* factors as more fully set out in the second affidavit of Raul H. Suazo and the affidavit of Laura Beckman Hedge.

It is so ORDERED.

SIGNED on this 14th day of December, 2016.

_____
Kenneth M. Hoyt
United States District Judge